United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   BELINDA KIRK,                         No. C 10-02507 CRB
12          Petitioner,                    **ORDER DENYING IN PART AND**
                                           **GRANTING IN PART PETITIONER'S**
13   v.                                    **MOTION FOR RECONSIDERATION**
14   YOLANDA BALDOVINOS, et al.,
15          Respondents.
                                    /
16
17          Petitioner Belinda Kirk's Motion for Reconsideration of this Court's denial of her
18   application for a temporary restraining order is DENIED in part and GRANTED in part.
19          **1.     Procedural Background**
20          On June 7, 2010, Petitioner filed (1) a petition for writ of habeas corpus; (2) a petition
21   to review a previous state court child custody determination pursuant to the Indian Child
22   Welfare Act ("ICWA"), *see* 25 U.S.C. § 1914; and (3) a notice of removal of an ongoing
23   State court child custody proceeding.  Dkt. No. 1.  In response to Petitioner's filings, this
24   Court issued an Order to Show Cause requiring Respondents to file a written answer to
25   Petitioner's ICWA petition and her notice of removal by July 25, 2010.[1]
26          On June 15, 2010, Petitioner filed a Motion to Proceed in Forma Pauperis, which the
27   Court granted.  Six days later Petitioner filed a Motion to Appoint Counsel.  Dkt. No. 11.
28   She then filed an Emergency Motion for Temporary Restraining Order.  Dkt. No. 13.  The

---

[1] In its Order to Show Cause, the Court also denied Petitioner's request for habeas relief.

1   Court denied Petitioner's Emergency Motion at a hearing held on July 2, 2010.

2          Petitioner now asks the Court to reconsider three rulings it made at the July 2nd

3   hearing.  First, Petitioner asks the Court to reevaluate its decision not to immediately appoint

4   counsel for Petitioner.  Second, Petitioner requests that the Court reexamine its refusal to

5   issue an order forbidding the State Court from proceeding "in any way."  Finally, Petitioner

6   asks the Court to reconsider its decision setting a hearing date on Petitioner's petition for July

7   30, 2010.

8          As explained below, the Court DENIES Plaintiff's first two requests, but GRANTS

9   her third request.

10          **2.        Motion to Appoint Counsel**

11          At the hearing on Petitioner's Motion for a TRO, the Court explained that it was still

12   considering Petitioner's request for appointment of counsel.  The Court noted that it was

13   awaiting Respondents' answer to its Order to Show Cause and would rule on Petitioner's

14   motion for appointment of counsel after it received that response.

15          In her Motion for Reconsideration, Petitioner argues that the court erred in failing to

16   grant her motion at or before the TRO hearing.  According to Petitioner, 25 U.S.C. § 1912

17   provides her with a statutory right to the immediate appointment of counsel.

18          Petitioner misunderstands the law.  Section 1912 provides the parent of an Indian

19   child with a statutory right to counsel "in any removal, placement, or termination

20   proceeding."  25 U.S.C. § 1912(b).  Section 1903 makes clear that the "removal, placement,

21   or termination proceeding" to which § 1912(b) refers are proceedings involving "any action

22   removing an Indian child from its parent or Indian custodian for temporary placement in a

23   foster home" or "any action resulting in the termination of the parent-child relationship."  25

24   U.S.C. § 1903.  In other words, § 1912 grants the parent of an Indian child a right to

25   appointed counsel in an ongoing child custody proceeding.  It does *not* grant a parent the

26   right to counsel in an action seeking review by a federal court of a previous state court

27   custody determination, though the Indian Child Welfare Act contemplates such actions.  *See*

28   25 U.S.C. § 1914 (providing a parent of an "Indian child" "from whose custody such child

2

**United States District Court**
For the Northern District of California

1    *was* removed" with the right to "petition any court of competent jurisdiction to invalidate

2    such action" upon a showing that the action violated certain provisions of the ICWA)

3    (emphasis added).[2]   The Court therefore finds that, although Petitioner has a statutory right to

4    counsel during ongoing child custody proceedings, she does not have a statutory right to

5    counsel in an action, brought pursuant to § 1914, which seeks review of a state court's

6    previous decision to remove a child from her care.

7         Petitioner has, of course, also filed a notice of removal of the ongoing state custody

8    proceedings to this Court.  The Court has not yet determined, however, whether removal of

9    the state proceedings was proper and has asked Respondents to address the issue.  *See Rains*

10   *v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996) (noting that, in any removal

11   action, a district court has an independent obligation to determine whether federal

12   jurisdiction exists).  Because the Court has not yet decided whether it has jurisdiction over

13   the ongoing custody proceedings, Petitioner's right to counsel under § 1912 has not yet

14   attached.  If the Court decides that removal of the proceedings was proper, then it will

15   appoint counsel immediately.  Until that time, Petitioner lacks a statutory right to counsel.

16        In sum, Petitioner does not have an immediate right to counsel.  As the Court noted at

17   the hearing on Petitioner's request for a TRO, the Court will decide whether to exercise its

18   authority under 28 U.S.C. § 1915(e)(1) to appoint counsel after it receives Respondents'

19   responses to its Order to Show Cause.

20        The Court is quite mindful of the challenges that Petitioner faces in proceeding pro se.

21   Petitioner should rest assured that the Court will carefully evaluate all issues raised by

22   Petitioner and Respondents and will take all steps necessary to ensure that Petitioner receives

23

24        [2] In the appointed counsel context, a parent's rights under the ICWA are similar to those
     of a non-capital state criminal defendant.  Though a non-capital defendant has a constitutional
25   right to counsel during state criminal proceedings, the defendant has neither a constitutional nor
     a statutory right to counsel in a subsequent federal habeas proceeding in which the defendant
26   petitions a federal court to review the state court criminal proceeding.  *See Tomita v. Runnels,*
     185 Fed. Appx. 600, 601 (9th Cir. 2006) (unpublished) (noting that a defendant "does not have
27   the right to counsel for habeas corpus proceedings).  Similarly, while an Indian parent has a right
     to counsel in a state child custody proceeding, the parent does not have a statutory right to
28   counsel when petitioning a federal court to review that proceeding.  *See Doe v. Mann*, 415 F.3d
     1038, 1043 (9th Cir. 2005) (noting other similarities between the law governing habeas petitions
     and that governing ICWA petitions).

1    a fair hearing on her claims.

2         **2.     The Denial of Petitioner's Request for a TRO**

3         Petitioner next argues that the Court's finding that she would not suffer irreparable

4    injury if it denied her request for a TRO was "completely confusing" and "manifestly

5    unjust."  Mtn. for Reconsideration at 3.  The Court disagrees.

6         A party seeking a TRO must demonstrate (1) a likelihood of success on the merits; (2)

7    that it is likely to suffer irreparable harm if preliminary relief is not granted; (3) that the

8    balance of equities tips in favor of the moving party; and (4) that an injunction is in the

9    public's interest.  *See Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008).

10        In her application for a TRO, Petitioner asked this Court to issue an order prohibiting

11   the Alameda Superior Court "from proceeding or acting in any way regarding the minor or

12   the Petitioner unless and until [this Court] remands the case back to the State Court."

13   Application for Temporary Restraining Order at 14.

14        As the Court explained at the TRO hearing, Petitioner cannot establish that she will be

15   irreparably harmed if the Court does not grant the requested preliminary relief.  Petitioner

16   properly filed a Notice of Removal of the ongoing child custody proceeding with the state

17   court.  Under federal law, this notice "effect[s] the removal [of those proceedings] and the

18   State shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446.

19   Thus, the State court is precluded from taking any actions that alter the status quo regarding

20   Petitioner's parental rights or her son's custody status.  Absent compelling evidence, and

21   Petitioner has presented none, the Court will not assume that the State court intends to violate

22   federal law by taking an action that alters or otherwise adversely affects Petitioner's parental

23   rights before the case is remanded.  As a result, Petitioner has not demonstrated that she will

24   suffer irreparable harm if the Court does not issue an Order expressly precluding the State

25   Court from doing so.

26        The Court is aware that, at the hearing on Petitioner's Request for a TRO, the County

27   stated that it needed the State Court's approval of a procedural matter in order to continue to

28   receive funding for Petitioner's son's ongoing medical care.  If, as the County maintains,

     such approval is necessary to maintain the status quo, such an action by the State Court

**United States District Court**
For the Northern District of California

1   would not violate § 1446's mandate that the State "proceed no further" until the case is

2   remanded.

3         In her Motion for Reconsideration, Petitioner argues that she will suffer irreparable

4   harm because she has been ordered by the State court to appear at a hearing related to the

5   procedural matter just described.  The Court, however, fails to see how appearing in State

6   court will cause Petitioner irreparable harm.  As noted, the State court cannot take any

7   actions that alter Petitioner's parental rights until the case is remanded.  The mere fact that

8   Petitioner has been ordered to appear does not indicate to the Court that the State Court is

9   prepared to violate federal law absent an order from this Court.

10        In sum, Petitioner has not demonstrated that irreparable harm will result if the Court

11  does not issue an Order barring the State Court from proceeding any further.

12        **3.        The Scheduled July 30, 2010 Hearing**

13        The Court has set July 30, 2010 as the hearing date for argument on Petitioner's

14  Petition to Invalidate the state court's previous custody determination and on the validity of

15  Petitioner's removal of the ongoing state custody proceedings.  That date is five (5) days

16  after Respondents' answer to the Court's Order to Show Cause is due.  After reviewing its

17  Order to Show Cause, however, the Court now realizes that it informed Petitioner that she

18  would have thirty (30) days to file a written response to Respondents' answer and that the

19  Court would not schedule a hearing until after it received Petitioner's traverse.  Order to

20  Show Cause at 5.

21        In light of the conflict between the Court's statement in its Order to Show Cause and

22  its decision to schedule a hearing on Petitioner's petition for July 30, 2010, the Court

23  GRANTS Petitioner's request to reconsider its scheduling decision.  The Court presents

24  Petitioner with the following choice: If Petitioner would like this matter to be heard on July

25  30, 2010, the Court will conduct the hearing as scheduled.  If, on the other hand, Petitioner

26  would like additional time, up to 30 days after her receipt of Respondents' answer, to prepare

27  a written response, Petitioner should file a request to postpone the hearing with the Court.

28  The request should indicate how much time Petitioner would like to file a traverse (up to 30

days).  The Court will then vacate the July 30, 2010 hearing and reschedule the hearing for

1   approximately one week after Petitioner's traverse is due.

2         **IT IS SO ORDERED.**

3

4

5   Dated: July 13, 2010                              _____
                                                      CHARLES  R. BREYER
6                                                     UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28