1  RICHARD E. WINNIE [68048]
   County Counsel
2  By: MARY ELLYN GORMLEY [154327]
   Assistant County Counsel
3  Office of County Counsel, County of Alameda
   1221 Oak Street, Suite 450
4  Oakland, California 94612
   Telephone: (510) 272-6700
5
   Attorneys for Respondents County of Alameda,
6  Yolanda Baldovinos, Tracey Fernandez and
   Shirley Lee Andrade
7

8                    UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION)

10

11 | J.H., A Minor, by his next friend BELINDA | Case No.: C 10-2507 LHK
   | KIRK, Mother of J.H., individually and as |
12 | next friend,                              |
                                                 **NOTICE OF MOTION AND MOTION**
13 |              Petitioner,                 | **TO STRIKE JURY DEMAND;**
                                                 **MEMORANDUM OF POINTS AND**
14 |      v.                                  | **AUTHORITIES IN SUPPORT**
                                                 **THEREOF**
15 | YOLANDA BALDOVINOS, et al.,               |
                                                 Date:     January 26, 2011
16 |              Respondents.                | Time:     2:00 p.m.
                                                 Location: Courtroom 4, Fifth Flr.
17 |                                           |           Hon. Lucy H. Koh

18

19
       TO PETITIONER BELINDA KIRK:
20
       PLEASE TAKE NOTICE that on January 26, 2011 at 2:00 p.m. in the United States
21
   District Court, Northern District of California, 280 First Street, Courtroom 4, Fifth Floor,
22
   San Jose, CA., Respondent Alameda County Social Services Agency ("Respondent")
23
   will and hereby does move this Court for an order striking Petitioner's demand for trial
24
   by jury. The motion is based on this Notice of Motion and Motion, the concurrently-filed
25
   Memorandum of Points and Authorities, the complete record on file herein, and on such
26
   other matters as the Court may allow.
27

28

---
NOTICE OF MOTION AND MOTION TO STRIKE JURY DEMAND,
J.H. v. Baldovinos, et al., Case No. C 10-2507 LH                                    1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Federal Rules of Civil Procedure Rule 39 provides in relevant part: "When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless. . . the court upon motion . . . finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States." Pursuant to FRCP 39, Respondent hereby moves this Court to strike Petitioner's demand for jury trial.

Petitioner alleges two remaining causes of action arising under the Indian Child Welfare Act, 25 U.S.C. Section 1901, et seq.: ineffective assistance of counsel in violation of Section 1912(b) and failure on the part of Respondent to make active efforts to prevent the break-up of her Indian family, in violation of Section 1912(d). Pursuant to Section 1914, Petitioner seeks to invalidate the action of the Alameda County Superior Court in taking jurisdiction of Petitioner's son under California Welfare & Institutions Code Section 300(d). Petitioner seeks a court order returning her son to her custody pursuant to Section 1920. Petitioner has demanded a jury trial. Respondent argues that Petitioner has no right to a jury trial on these causes of action.

## II. LEGAL ARGUMENT

The very power of the State to act in loco parentis for the purpose of protecting children is grounded in chancery, and traces its origin to the Elizabethan Poor Laws of 1601. See, e.g., Application of Gault, 87 S. Ct. 1428, 1437, 387 U.S. 1, 16 (1967). Because proceedings regarding the welfare of minors are essentially equitable in nature, trial to a jury is not a matter or right. Particularly in the circumstances alleged here, a public jury trial would be inappropriate and detrimental to the welfare of the minor.

### A. The Right to a Jury Trial

The right to a jury trial in federal courts is determined by federal law. *Simler v. Conner (1963) 372 U.S. 221, 222, 83 S.Ct. 609, 610-611; Adams v. Johns-Manville Corp. (9th Cir. 1989) 876 F.2d 702, 709.* Jury trials in certain civil cases are constitutionally guaranteed: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. . . . " U.S. Const., 7th Amend. In addition, statutes may provide a right to jury trial in some cases where the 7th Amendment does not compel one. *Lorillard v. Pons (1978) 434 U.S. 575, 584, 98 S.Ct. 866, 872.* Therefore, in deciding whether a jury is required, courts look first to the statute before considering whether there is a jury right under the 7th Amendment. *City of Monterey v. Del Monte Dunes at Monterey, Ltd. (1999) 526 U.S. 687, 707, 119 S.Ct. 1624, 1637.*

### B. ICWA Does Not Provide a Right to Jury Trial

A statute does not provide the right to trial by jury where the words "jury trial" do not appear anywhere in the text of the statute. *Schmidt v. Levi Strauss & Co., 621 F.Supp.2d 796, 800 (N.D.Cal. 2008).* The Indian Child Welfare Act, 25 U.S.C. Section 1901 et seq., does not mention the right to a jury trial.

Because the relevant statute does not provide a right to jury trial, the Court must consider whether the instant action is legal or equitable by comparing it to actions brought in the English Courts during the 18th century prior to the merger of law and equity courts. The Court must then determine whether the remedy sought is legal or equitable. *Granfinanceria, S.A. v. Nordberg, 492 U.S. 33, 42, 109 S.Ct. 2782, 2790, 106 L.Ed. 2d 26 (1989).*

### C. The Instant Action is Equitable

The right to jury trial under the Seventh Amendment is limited to "Suits at common law." This is generally interpreted to mean actions analogous to those historically tried in law courts as distinguished from proceedings in equity or chancery.

1  *Tull v. United States (1987) 481 U.S. 412, 417, 107 S.Ct. 1831, 1835; in re United*
2  *States Fin'l Sec. Litig. (9th Cir. 1979) 609 F.2d 411, 421.* To determine whether a claim
3  is jury triable, a court must consider (1) whether the claim was historically tried to juries;
4  and (2) whether the relief sought is legal or equitable in nature. *Tull, supra, 481 U.S. at*
5  *417-418, 107 S.Ct. at 1835.* Whether the relief sought is legal or equitable in nature "is
6  the more important of our analysis." *Wooddell v. International Brotherhood of Electrical*
7  *Workers (1991) 502 U.S. 93, 97, 112 S.Ct. 494, 498; Granfinanceria, 492 U.S. at 42,*
8  *109 S.Ct. 2782.*

        1. <u>There Was No Right to Jury Trial for Ineffective Assistance of Counsel or Lack of Active Effort Claims in 1791.</u> The Court must determine whether the Petitioner's claims were jury triable at the time the 7th Amendment was adopted (1791). *Pernall v. Southall Realty (1974) 416 US 363, 375, 94 S.Ct. 1723, 1729-1730.* Courts look to English practice as the source of U.S. common law. *Id. at 375.* If the specific type of action was in existence and triable by a jury in 1791, a jury trial right clearly exists. If no such action existed, courts look to analogous proceedings at that time to determine whether a jury would have been required. *Tull v. United States, supra, 481 U.S. at 417, 107 S.Ct. at 1835; Pernell v. Southall Realty, supra, 416 U.S. at 365, 94 S.Ct. at 1724.*

        a. <u>The Right to Effective Assistance of Counsel Did Not Exist in 1791.</u> A right to a jury trial on a claim of ineffective assistance of counsel could not have existed in 1791, as the right to effective counsel did not exist until 1932.

The Sixth Amendment to the United States Constitution provides in relevant part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." Originally, this clause was not interpreted as requiring the state to appoint counsel where the defendant could not afford to do so, nor was the effective assistance of counsel required. Only in 1932 did the Supreme Court begin to expand the interpretation of the right to counsel clause, and find that "in a

capital case, where the defendant is unable to employ counsel, and is incapable adequately of making his own defense because of ignorance, feeble mindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law; and that duty is not discharged by an assignment at such a time or under such circumstances as to preclude the giving of *effective* aid in the preparation and trial of the case." *Powell v. Alabama*, 287 U.S. 45 (1932), 53 S.Ct. 55, 77 L.Ed 158 (emphasis added).

Thus, the claim for ineffective assistance of counsel was not jury triable in 1791. That right would not be recognized until 140 years later.

      b.    <u>The Right of an Indian Parent to Active Efforts Did Not Exist in 1791</u>. Similarly, a right to a jury trial on a claim of lack of active efforts to prevent the break-up of an Indian family could not have existed in 1791 as the Indian Child Welfare Act, which created the right, was not enacted until 1978.

Because neither of Petitioner's claims was historically tried to a jury, the Court must analyze the more important question of whether the relief Petitioner seeks is legal or equitable.

      2.    <u>Petitioner Seeks Equitable Relief</u>. It is abundantly clear that Petitioner seeks equitable relief. Petitioner seeks the return of her child to her custody. She makes no claim for money damages.

### III. CONCLUSION

Because the Indian Child Welfare Act does not provide for trial by jury, and because claims for ineffective assistance of counsel and lack of active efforts were not triable to a jury in 1791, and because she seeks only equitable relief, Petitioner has no right to a jury trial on her surviving claims.

///

///

///

1 Respondent therefore respectfully requests that the court grant its motion to strike
2 Petitioner's demand for a jury trial.
3 .

DATED: December 15, 2010

RICHARD E. WINNIE, County Counsel in and for the County of Alameda, State of California

By /s/ Mary Ellyn Gormley
MARY ELLYN GORMLEY

Attorneys for Respondents County of Alameda, Yolanda Baldovinos, Tracey Fernandez and Shirley Lee Andrade

NOTICE OF MOTION AND MOTION TO STRIKE JURY DEMAND,
J.H. v. Baldovinos, et al., Case No. C 10-2507 LH                                     6

RE: IN THE MATTER OF J.H., A MINOR, ET AL. V. YOLANDA BALDOVINOS, ET AL.
United States District Court – Northern District of California (San Jose Division)
Case No. C 10-2507 LHK

## PROOF OF SERVICE

I am a citizen of the United States, over the age of 18 years and not a party to the within entitled action. I am employed at the Office of the County Counsel, County of Alameda, 1221 Oak Street, Suite 450, Oakland, California 94612-4296.

On the below date, I served the attached:

**NOTICE OF MOTION AND MOTION TO STRIKE JURY DEMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

in the above-mentioned matter on the parties to this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| | |
|---|---|
| Belinda Kirk<br>1986 Washington Avenue, Apt. #A<br>San Leandro, CA 94577 | Next Friend of J.H. |

☒ BY MAIL: I am readily familiar with the Office of the County Counsel, Alameda County's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in the City of Oakland, California, in a sealed envelope with postage fully prepaid.

☐ BY FACSIMILE: I caused a copy (or copies) of such document(s) to be sent via facsimile transmission to the office(s) of the addressee(s).

☐ BY ELECTRONIC MAIL: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused such documents described herein to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Oakland, California on December 15, 2010.

/s/ *Lydia Smith*
Lydia Smith

PROOF OF SERVICE, *J.H., a Minor v. Baldovinos, et al.*, Case No. C 10-02507 LHK