RICHARD E. WINNIE [68048]
County Counsel
By:  MARY ELLYN GORMLEY [154327]
Assistant County Counsel
Office of County Counsel, County of Alameda
1221 Oak Street, Suite 450
Oakland, California 94612
Telephone:   (510) 272-6700

Attorneys for Respondent County of Alameda,

Matthew Vafidis [103578]
Aaron Cohn [264756]
HOLLAND & KNIGHT LLP
50 California Street
Suite 2800
San Francisco, CA 94111
Telephone:  415-743-6900
Facsimile:  415-743-6910

Attorney for Petitioner, Belinda Kirk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION)

| | |
|---|---|
| J.H., A Minor, by his next friend BELINDA KIRK, Mother of J.H., individually and as next friend,<br><br>    Petitioner,<br>    v.<br><br>YOLANDA BALDOVINOS, et al.,<br><br>    Respondents. | Case No.: C 10-2507 LHK<br><br>**FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:         January 26, 2011<br>Time:        2:00 p.m.<br>Courtroom:   4<br>Hon.          Lucy H. Koh |

    Pursuant to Civil Local Rules 16-9 and 16-10(d), this Court's Standing Order and the Court's December 1, 2010 Minute Order and Case Management Order, the parties hereto submit their Further Joint Case Management Statement.

    1.    <u>Jurisdiction and Service</u>.  This Court has original subject matter jurisdiction pursuant to 25 U.S.C. §1914.

    2.    <u>Facts</u>.  Petitioner is the mother of minor J.H. She and her son are enrolled

**FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT, Case No. C 10-2507 LHK**          1

members of the federally recognized Cow Creek Band of Umpqua Tribe of Indians.  On January 2, 2007, Respondent Alameda County Social Services Agency sought jurisdiction of J.H.  pursuant to California Welfare & Institutions Code Section 300, et seq.  Petitioner, upon advice of counsel, waived her right to challenge jurisdiction.  Petitioner now alleges that, in violation of the Indian Child Welfare Act, 25 U.S.C. § § 1901, et seq., she received ineffective assistance of counsel and the Agency failed to make active efforts to prevent the breakup of her Indian house.

3.   <u>Legal Issues</u>.  On September 21, 2010 the Court issued its Order denying in part the County's motion to dismiss and remanding the matter in part to the Alameda County Superior Court.  Petitioner's remaining claims are for violation of the Indian Child Welfare Act based on ineffective assistance of counsel and for failure to make active efforts to prevent the break-up of an Indian family, pursuant to 25 U.S.C. §§ 1912 and 1914.

The County maintains that all remaining claims are barred by either the two-year statute of limitations of 42 U.S.C. §1983 or the one-year statute of limitations of Cal. Code of Civ. Proc. §340.6(a) [action against an attorney for wrongful act or omission]. The Court's September 21, 2009 Order declined to dismiss the case based on the statute of limitations. The County further maintains that Petitioner has no right to a jury trial on her 25 U.S.C. §§ 1912 and 1914 claims for ineffective assistance of counsel or for failure to make active efforts to prevent the breakup of her Indian home.

4.   <u>Motions</u>.  The County and Petitioner request clarification of the Court's December 17, 2009 Order and the process for filing documents under seal.  The County's motion to strike demand for jury trial is currently set for hearing on January 26, 2011.  The parties have stipulated to continue the hearing on that motion to March 3, 2011, and request that the Court approve that continuance.  The County anticipates filing a motion for summary judgment.

5.   <u>Amendment of Pleadings</u>.   The pleadings have not been amended.

6. <u>Evidence Preservation</u>.  All parties have taken steps to ensure that evidence is preserved, including interdiction of any document-destruction program, erasures of emails, voice mails and any other electronically-recorded material.

7. <u>Disclosures</u>.  Initial disclosures have been completed.

8. <u>Discovery</u>.  Discovery was stayed pending the appointment of new counsel for Petitioner.  The Court's current order requires that discovery be completed by May 1, 2011.  The parties anticipate standard written discovery (interrogatories, requests for admission, requests for production of documents) and no more than five (5) depositions per party.

9. <u>Class Actions</u>.  Not applicable.

10. <u>Related Cases</u>.  The underlying juvenile dependency proceedings pending in the Alameda County Superior Court, Case No. HJ06005823.  *Kirk v. County of Alameda*, et seq., U.S.D.C., N.D. Cal No. 4:10-CV-05797-IJH, filed December 21, 2010 but not served; *Kirk v. County of Alameda*, et al., Alameda County Superior Court Case No. HG10552418, filed December 21, 2010 but not served. *In re Belinda Kirk on Habeas Corpus*, 1st Dist., Cal. Ct. App. Case No. A130628, filed December 17, 2010.

11. <u>Relief Sought</u>.  Petitioner seeks return of the minor J.H. to her custody pursuant to 25 U.S.C. §1920 and declaratory relief pursuant to 25 U.S.C. §1914.

12. <u>Settlement and ADR</u>.  The parties participated in mediation, and the case did not settle.

13. <u>Consent to Magistrate Judge for all Purposes</u>.  County Respondents do not consent to a magistrate judge for all purposes.

14. <u>Other References</u>.  The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>.  The Court narrowed the issues in its order of September 21, 2010.

1  16. <u>Expedited Schedule</u>. See No. 17, below.

2  17. <u>Scheduling</u>. The Court vacated its previous scheduling order on December 1, 2010. Discovery cutoff is May 1, 2011, but no further dates have been set.

5  18. <u>Trial</u>. No trial date has been set.

6  19. <u>Disclosure of Non-party Interested Entities or Persons</u>. All parties complied with Civil Local Rule 3-16 prior to the case management conference.

8  20. <u>Other Matters</u>. The parties jointly request relief from the requirements of Civil Local Rule 79-5(b) and (c), as application of that local rule in the instant case has proven extremely burdensome. Alternatively, the parties request that they be permitted to omit Petitioner's last name from the caption and elsewhere within the body of documents filed, as doing so will limit the number of documents to be filed under seal.

Respectfully submitted,

DATED: January 19, 2010

RICHARD E. WINNIE, County Counsel in and for the County of Alameda, State of California

By /s/
MARY ELLYN GORMLEY
Assistant County Counsel

Attorneys for Respondent County of Alameda

DATED: January 19, 2010

HOLLAND & KNIGHT LLP

By /s/
Matthew Vafidis

Attorney for Petitioner, Belinda Kirk

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28