**HOLLAND & KNIGHT LLP**
Matthew P. Vafidis (California Bar No.103578)
Aaron M. Cohn (California Bar No. 264756)
50 California Street, 28th Floor
San Francisco, California 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
Email: matthew.vafidis@hklaw.com
Email: aaron.cohn@hklaw.com

*Pro Bono* Attorneys for Petitioner
**BELINDA K.**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| BELINDA K. and J.H., her minor son, | Case No. 5:10-cv-02507-LHK-PSG |
| Petitioners, | **NOTICE OF MOTION AND MOTION TO QUASH SUBPOENAS SERVED ON NON-PARTY MEDICAL PROVIDERS AND FOR A PROTECTIVE ORDER** |
| vs. | |
| YOLANDA BALDOVINOS, et al., | |
| Respondents. | Fed. R. Civ. P. 26(c) and 45(c)(3) |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rules of Civil Procedure 26(c) and 45(c)(3), Petitioner Belinda K. ("Petitioner" or "Belinda K."), by and through her counsel herein, move this Court to quash subpoenas for medical records issued by the County of Alameda ("County") to non-party medical and mental health providers for Belinda K. and her son J.H. Petitioner also moves for a protective order preventing the County from seeking medical records for Belinda K. in the future and preventing the County from seeking medical records for J.H. until such time as J.H. is represented by counsel and can assert his constitutionally protected privacy rights. *See* Cal. Welfare & Institutions Code § 317(f).

The parties met and conferred on January 25 and 27, 2011 in good faith pursuant to the local rules and Federal Rules of Civil Procedure 37 and were unable to resolve the disagreement over the validity of these subpoenas. Petitioner requests that this motion be heard before Magistrate Judge Paul Singh Grewal before February 2, 2011, the date by which some subpoenaed medical and mental health providers must comply with the County's subpoenas. Petitioner will file an ex parte application to shorten time for this hearing as the return date is next Wednesday.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.     INTRODUCTION

This case arises from Alameda County's detention of Petitioner's son, J.H., on December 19, 2006, based on a statement by J.H.'s school principal suggesting that J.H. may have been the victim of sexual abuse. After the initial detention, Alameda County Children and Family Services filed a petition in Alameda County Juvenile Court ("Juvenile Court") asking the Court to declare J.H. a dependent of the court under California Welfare and Institutions Code section 300, subsections (c) and (d). The Juvenile Court then held a series of hearings and made factual determinations that, over a number of years, resulted in J.H.'s placement in foster care and later in various group homes. Those hearings and determinations include the following:

\*   On December 21, 2006, the Juvenile Court held an initial detention hearing and assigned Lezly Crowell as counsel to represent Petitioner Belinda K. in the proceedings. The court also found probable cause to continue the temporary detention of J.H. that began two days earlier. (Cohn Decl. Ex. A).

\*   On January 2, 2007, the Juvenile Court held a jurisdictional hearing based on a jurisdictional/dispositional report filed by Children and Family Services that day (Cohn Decl. Ex. B), at which it determined it had jurisdiction over J.H. based in part on a "waiver of rights" (which is now contested) executed by Belinda K. (Cohn Decl. Ex. C).

\*   On April 5, 2007, the Juvenile Court held a dispositional hearing at which it the Court ordered J.H. to be placed in foster care and for reunification services to be provided to Petitioner. (Cohn Decl. Ex. D).

- 2 -

Petitioner Belinda K's Motion to Quash Subpoenas               USDC, N.D., Cal. Case 5:10-cv-02507-
and for a Protective Order                                     LHK-PSG

\* On January 14, 2008, the Juvenile Court held a hearing at which it approved a permanent plan of placement with Seneca Center and terminated family reunification services. (Cohn Decl. Ex. E).

\* On December 19, 2009, the Juvenile Court held a hearing at which it ordered J.H. to be placed with Families First. (Cohn Decl. Ex. F).

Belinda and her son J.H. are Indians, and, consequently, the juvenile court proceedings (including Belinda K.'s representation) and determinations are governed by the Indian Child Welfare Act ("ICWA"). *See* 25 U.S.C. § 1901 et seq. Congress passed ICWA to protect Indian families after learning of the "alarmingly high percentage of Indian families [that] are broken up by the removal, *often unwarranted*, of their children from them by nontribal public and private agencies . . ." *See* 25 U.S.C. § 1901(4) (emphasis added). There is strong evidence in this case that the Juvenile Court, Alameda County and Petitioner's Juvenile Court attorneys failed to comply with ICWA during the course of events summarized above. Petitioner seeks through this case, in part, to invalidate the Juvenile Court's jurisdiction over J.H. pursuant to 25 U.S.C. § 1914.

The County recently issued a number of subpoenas dated January 19 and 21, 2011 to third-party medical and mental health providers for Belinda K. and J.H. (Cohn Decl. Ex. G). J.H. does not have counsel at this time. The County seeks these records to provide evidence related to a hearing that never occurred (called a "contested jurisdictional hearing") and to, *ex-post facto*, bolster proof the County provided to the Court justifying termination of reunification services. As will be explained further below, the medical records sought are irrelevant to any of the juvenile proceedings and constitutionally protected.

/ / /
/ / /
/ / /
/ / /
/ / /

Petitioner Belinda K's Motion to Quash Subpoenas and for a Protective Order

USDC, N.D., Cal. Case 5:10-cv-02507-LHK-PSG

### III. THE SUBPOENAS RELATED TO BELINDA K. SHOULD BE QUASHED BECAUSE THE MEDICAL RECORDS ARE IRRELEVANT, ARE NOT LIKELY TO LEAD TO ADMISSIBLE EVIDENCE, AND ARE PROTECTED.

There are two issues in this case and neither is related to medical records of Belinda K.[1] The first issue is whether Belinda K.'s "waiver of rights" on January 2, 2007 was due to ineffective assistance of counsel, whether court's acceptance of that waiver comported with all of the requirements under ICWA, and whether she was entitled to retract her waiver at a later date. *See* 25 U.S.C. §§ 1912(b) and 1913. Medical records will shed no light on this issue.

The second issue is whether the County and Juvenile Court complied with ICWA by making active efforts to prevent the breakup of an Indian family. *See, e.g.,* 25 U.S.C. § 1912(d). This claim is concerned with what the County did between December 19, 2006 (when detention of J.H. began) and January 14, 2008 (when reunification services ended) and what the County proved to the Court at the end of that period. The burden was always on the County to comply with this requirement. Again, medical records of Belinda K. (that were not in the County's possession during the Juvenile Court proceedings discussed above and were never presented to the Juvenile Ccourt) will shed no light on this issue.

In short, the medical record subpoenas related to Belinda K. seek documents that are irrelevant, not likely to lead to admissible evidence, and privileged. It is appropriate to quash "[o]verbroad subpoenas seeking irrelevant information." *Gonzalez v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (internal citation omitted). Moreover, upon a timely motion, the court issuing such a subpoena shall quash it if it determines that the subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). While relevance for purposes of discovery is defined broadly, the right to discovery is not unlimited and does have "ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). "Further limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege." *Id.* at 508.

---

[1] Petitioner is currently in the process of amending her complaint to clarify her ICWA claims. None of of the claims alleged under ICWA relate the medical history of Belinda K, but Petitioner is willing to reopen this issue if that is not the case.

- 4 -

The importance of this issue is heightened by the fact that these medical records are constitutionally protected and protected by the California Code of Evidence. *See People v. Gonzales*, --- Cal.Rptr.3d ----, 2011 WL 242751, at * (6th Dist. Cal. App., Jan. 27, 2011) (discussing the broad scope of courts recognizing medical records privacy rights, and quashing the County's medical record subpoenas); *Rangel v. American Medical Response West*, Case No. 09-CV-01467, slip copy 2010 WL 5477675, at *4 (E.D. Cal. 2010) ("The burden is on the party seeking discovery of constitutionally protected information to establish direct relevance."); *In re Lifschutz* (1970) 2 Cal.3d 415 (California Supreme Court recognizing the constitutionally protected psychotherapeutic privacy right); *Fitzgerald v. Cassil*, 216 F.R.D. 632 (N.D. Cal. 2003) (quashing subpoenas after concluding plaintiff had not waived the psychotherapist-patient privilege); *Gardia v. San Jose State University*, Case No. C04-04086, 2007 WL 2428031 (N.D. Cal. 2007) (unpublished) (quashing subpoenas of medical records where health was not at issue in the case);  Cal. Evidence Code § 990 et seq. (creating statutory medical-patient privilege and defining exceptions, which do not include juvenile dependency proceedings).  Considering that medical records are highly sensitive and fall within the constitutionally protected zone of privacy, and would not be discoverable in state court proceedings subject to California's evidence code, the Court should quash the subpoenas related to Belinda K's medical records.

### III. THE COUNTY INCORRECTLY BELIEVES THAT BELINDA K.'S MEDICAL RECORDS ARE RELEVANT TO THE OUTCOME OF A CONTESTED JURISDICTIONAL HEARING THAT WAS NEVER TRIED BY THE JUVENILE COURT.

As Petitioner understands, the County believes Belinda K.'s medical records may reveal information that will prove that the outcome of the juvenile proceedings would have been the same - finding jurisdiction over J.H. - even if Belinda K. had not executed a "waiver of rights." The County believes this is important because Petitioner has raised an ICWA argument for ineffective assistance of counsel, and to prove her case, she will need to prove she was prejudiced by her counsel's action under the *Strickland* test.  As the Court explained in its Order dated September 21, 2010 (Dkt. No. 55), to make a case under *Strickland* "[f]irst, there must be a

- 5 -

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: (415) 743-6900

showing that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms. Second, there must be a showing of prejudice, that is, reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (Dkt. No. 55 at 10, citing *In re Emilye A.*, 9 Cal.App.4th 1695, 1711).

Assuming the first prong is met and that counsel's representation fell below an objective reasonableness standard, there is no need to try a contested jurisdictional hearing to prove Petitioner Belinda K. was prejudiced by her "waiver of rights." Belinda K. was prejudiced by never having a contested jurisdictional hearing in the first place. Indeed, California appellate courts have consistently held that, where a parent misses out on a contested jurisdictional hearing due to inadequate or bad advice of counsel, there is no need to try the contested dependency hearing to conclude a violation of due process (and by inference prejudice to the parent). *See, e.g., In re Stacy T.* (1997) 52 Cal.App.4th 1415, 1421 (reversing jurisdictional finding after parent's counsel failed to warn of consequences of not showing up to jurisdictional hearing, without speculating about the outcome of a contested jurisdictional hearing). *See also, In re Dolly D.* (1995) 41 Cal.App.4th 440 (holding that father was deprived due process when juvenile court found jurisdiction over son based solely on father's failure to appear at the jurisdictional hearing; the error was not harmless).

Moreover, even if *Strickland* applies and this Court must hold a contested jurisdictional hearing for Belinda K. to establish ineffective assistance of counsel, under no circumstances could the County have sought her medical records as they are entirely irrelevant to the allegations made in the complaint submitted by Children and Family Services to the Juvenile Court. (*See* Ex. B to Cohn Decl., at pages 5-6 (factual allegations brought under Welfare & Institutions Code 300, subsections (c) and (d), relate only to sexual incidents of J.H., not his mother)). If Children and Family Services had brought a petition under California Welfare & Institutions Code § 300(b), which relates to the ability of the parent to adequately supervise or protect the child, then it is possible Belinda K.'s medical records may be relevant. But the

allegations contain no such charge - and Belinda K.'s records remain irrelevant to J.H.'s sexual incidents discussed in the Children and Family Services' petition. (*See* Ex. B to Cohn Decl., at pages 5-6).

Lastly, even if this Court must hold a contested jurisdictional hearing for Petitioner to make her ineffective assistance of counsel claim, and even if Belinda K.'s medical records were relevant to that hearing, which they are not, Belinda K. still holds a protected privacy interest to her medical records and those records cannot be disclosed without her consent. *See* Cal. Evid. Code § 990 et seq. (the medical privilege belongs to the patient and none of the exceptions in the evidence code apply to juvenile proceedings); Cal. Rule of Court, Rule 5.546, subsection (g) ("on a showing of privilege or other good cause, the court may make orders restricting disclosures" in juvenile court proceedings); *In re Dolly A.* (1986) 177 Cal.App.3d 195, 203-04 (affirming denial of discovery of medical and other records in a juvenile dependency proceedings that may be privileged); *Rudnick v. Superior Court* (1974) 11 Cal.3d 924, 932-933 (court has discretion to protect privilege of absent third party on its own motion).

### IV. THE COUNTY INCORRECTLY BELIEVES IT NEEDS FURTHER EVIDENCE TO PROVE IT MADE ACTIVE EFFORTS TO REUNIFY MOTHER AND SON, EVEN THOUGH THE COUNTY ALREADY HAS ALL EVIDENCE RELATED TO THIS CLAIM.

Petitioner also understands that County is seeking medical records to prove the County took steps prevent the break-up of an Indian family under 25 U.S.C. § 1912(d). Again this claim does not concern Belinda K.'s medical history. It is only concerned with steps the County took and the proof the County provided to the Juvenile Court when that court ordered foster care placement on April 5, 2007 and to terminate reunification services on January 14, 2008. As one California Court of Appeals explained, the Agency has the burden to prove by the standard of clear and convincing evidence that active efforts were made to prevent the breakup of the Indian family. *See In re Michael G.* (1998) 63 Cal.App.4th 700, 712. Indeed, in evaluating whether the state has met its active efforts burden [under ICWA], the court looks "to the state's involvement in its entirety." *Jon S. v. State, Dept. of Health and Social Services, Office of Children's Services* (Ala. 2009) 212 P.3d 756, 763 -764 (internal citations omitted).

- 7 -

Because the burden to make active efforts under 25 U.S.C. § 1912(d) is squarely on the County, there can be no evidence in Petitioners' medical records relevant or potentially relevant to this claim. In short, the only question is whether the County met its burden between December 19, 2006 and January 18, 2008 - medical records not in County's possession are irrelevant.

## II. J.H. CANNOT ASSERT HIS PRIVACY RIGHTS WITHOUT COUNSEL AND THEREFORE THE SUBPOENAS FOR J.H.'S MEDICAL RECORDS SHOULD BE QUASHED

Under California Welfare & Institutions Code section 317, subsection (f), only the child or counsel for the child may invoke the psychotherapist-client privilege or the physician-patient privilege. J.H. is currently unrepresented and only eleven years old. There is no evidence that he has been served any papers in this case and no indication that he will have an opportunity to object to the subpoenas at this time. Given J.H.'s current circumstances, the subpoenas related to J.H.'s medical records should be quashed. At a future date, when J.H. is represented by counsel in this case, the issue of whether his medical records are relevant or may lead to admissible evidence can be addressed by the parties.

## IV. THE COURT SHOULD ISSUE A PROTECTIVE ORDER PROHIBITING ANY FURTHER DISCOVERY OF BELINDA K.'S MEDICAL RECORDS.

For the reasons stated above, the medical records of Belinda K. are irrelevant to the issues of this case. Belinda K. has not waived her constitutional privacy right to these records. Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), this Court should issue a protective order prohibiting the County from seeking her medical records to prevent undue burden of challenging (possible) future subpoenas and to prevent annoyance and potential invasion of her privacy rights. *See* Fed. R. Civ. Pro. 26(c).

## V. CONCLUSION

For the foregoing reasons, Petitioner Belinda K. respectfully requests that her Motion be granted, that the subpoenas on non-party medical providers be quashed, and that the Court issue

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900

a protective order limiting the scope of discovery by preventing the County from seeking medical records for Belinda K. in the future.

Dated: January 28, 2011

Respectfully submitted,

HOLLAND & KNIGHT, LLP

___/s/_____
Aaron M. Cohn
Attorney for Petitioner BELINDA KIRK

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900

- 9 -
Petitioner Belinda K's Motion to Quash Subpoenas
and for a Protective Order
USDC, N.D., Cal. Case 5:10-cv-02507-LHK-PSG