EXHIBIT   G

| RICHARD E. WINNIE [68048] County Counsel MARY ELLYN GORMLEY [154327] Assistant County Counsel Office of the County Counsel, County of Alameda 1221 Oak Street, Suite 450, Oakland, CA 94612 (510) 272-6700 Mary.ellyn.gormley@acgov.org Attorneys For County of Alameda | |
|---|---|
| UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION) 280 South 1st Street San Jose, CA 95113 | **Case Number:** CV10-02507 LHK |
| Petitioner: Belinda K█ Respondent: County of Alameda | |
| **NOTICE TO CONSUMER** **(45 C.F.R. § 164.512(e))** | |

### NOTICE TO CONSUMER

**TO: K█, BELINDA**

1. PLEASE TAKE NOTICE THAT THE COUNTY OF ALAMEDA SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on: February 2, 2011
The records are described in the subpoena directed to

Pacific Forensic Psychology Associates Inc.
870 Market Street #1277
San Francisco, CA 94102-2918

A copy of the subpoena is attached.

2. IF YOU OBJECT to the production of these records, before the date specified, you may move the Court to modify or quash the Subpoena pursuant to FRCP 45(c)(3)(A), or move the Court to issue a protective order under FRCP 26(c).

3. YOU OR YOUR ATTONEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date: 1/19/11

Mary Ellyn Gormley
Assistant County Counsel
Attorney for County of Alameda

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| J.H., et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  CV10-02507 LHK |
| Baldovinos, et al. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Pacific Forensic Psychology Associates, Inc., 870 Market Street #1277, San Francisco, CA 94102-2918

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

the complete medical record, including any psychiatric or psychological treatment and treatment for substance abuse for Belinda K█ aka Belinda ███████ SSN ███████; DOB ████

| Place: Office of the County Counsel, Alameda County<br>1221 Oak Street, Suite 450<br>Oakland, CA 94612 | Date and Time:<br>02/02/2011 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

CLERK OF COURT

_____          OR          _____
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    County of Alameda
_____, who issues or requests this subpoena, are:

Mary Ellyn Gormley; Mary.ellyn.gormley@acgov.org; (510) 272-6700 x 26717; Office of the County Counsel, Alameda County; 1221 Oak St., Suite 450, Oakland, CA 94612

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. CV10-02507 LHK

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                          *Server's signature*

                                                   _____
                                                          *Printed name and title*

                                                   _____
                                                          *Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1  RE:   IN THE MATTER OF J.H., A MINOR, ET AL. V. YOLANDA BALDOVINOS, ET AL.
         United States District Court – Northern District of California (San Jose Division)
2        Case No. C 10-2507 LHK

3                              PROOF OF SERVICE

4        I am a citizen of the United States, over the age of 18 years and not a party to
   the within entitled action.  I am employed at the Office of the County Counsel, County of
5  Alameda, 1221 Oak Street, Suite 450, Oakland, California 94612-4296.

6        On the below date, I served the attached:

7        NOTICE TO CONSUMDER; and

8        SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
         OR TO PERMIT ISNPECTION FO PREMISES IN A CIVIL ACTION
9

10  in the above-mentioned matter on the parties to this action by placing a true copy
    thereof in a sealed envelope, addressed as follows:
11

12     | Aaron Cohn                          | Plaintiff Belina K⬛ |
13     | Matthew Vafidis                     |                     |
       | HOLLAND & KNIGHT                    |                     |
14     | 50 California Street                |                     |
       | Suite 2800                          |                     |
15     | San Francisco, CA 94111             |                     |
       | Tel:  415-743-6900                  |                     |
16     | Fax:  415-743-6910                  |                     |

17

18  ☒  BY CERTIFIED MAIL:  I am readily familiar with the Office of the County
       Counsel, Alameda County's practice for collecting and processing
19     correspondence for mailing.  On the same day that correspondence is placed for
       collection and mailing, it is deposited in the ordinary course of business with the
20     United States Postal Service in the City of Oakland, California, in a sealed
       envelope with postage fully prepaid.

21

22       I declare under penalty of perjury that the foregoing is true and correct and that
    this declaration was executed at Oakland, California on January 19, 2011.

23

24

25                                                            Lydia E. Smith

3

| | |
|---|---|
| RICHARD E. WINNIE [68048]<br>County Counsel<br>MARY ELLYN GORMLEY [154327]<br>Assistant County Counsel<br>Office of the County Counsel, County of Alameda<br>1221 Oak Street, Suite 450, Oakland, CA 94612<br>(510) 272-6700<br>Mary.ellyn.gormley@acgov.org<br>Attorneys For County of Alameda | |
| UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA<br>(SAN JOSE DIVISION)<br>280 South 1st Street<br>San Jose, CA 95113 | **Case Number:**<br>CV10-02507 LHK |
| Petitioner: Belinda K▆▆<br>Respondent: County of Alameda | |
| **NOTICE TO CONSUMER AND OBJECTION**<br>**(45 C.F.R. § 164.512(e))** | |

**NOTICE TO CONSUMER**

TO: ▆▆▆, J▆▆▆, care of BELINDA K▆▆
1. PLEASE TAKE NOTICE THAT THE COUNTY OF ALAMEDA SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on: February 2, 2011
The records are described in the subpoena directed to

Dr. Judy Moore
Families First, Inc.
2100 Fifth Street
Davis, CA 95616

A copy of the subpoena is attached.

2. IF YOU OBJECT to the production of these records, you may serve the County of Alameda with a written objection. You must serve the objection within two weeks of receiving this notice. Alternatively, you may move the Court to modify or quash the Subpoena.

3. YOU OR YOUR ATTONEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date: 1/19/11

_Mary Ellyn Gormley_
Mary Ellyn Gormley
Assistant County Counsel
Attorney for County of Alameda

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| J.H., et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Baldovinos, et al. | ) |
| *Defendant* | ) |

Civil Action No.   CV10-02507 LHK

(If the action is pending in another district, state where:
                                                                    )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Dr. Judy Moore, Families First, Inc., 2100 Fifth Street, Davis, CA 95616

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

the complete medical record, including any psychiatric or psychological treatment and treatment for substance abuse for Belinda K⬛, aka Belinda ⬛⬛, SSN⬛⬛⬛⬛⬛, DOB ⬛⬛⬛ and J⬛⬛⬛ aka ⬛⬛⬛, SSN⬛⬛⬛⬛, DOB ⬛⬛⬛

| Place:   Office of the County Counsel, Alameda County<br>1221 Oak Street, Suite 450<br>Oakland, CA 94612 | Date and Time:<br><br>02/02/2011 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

*CLERK OF COURT*

OR

_____          _____
Signature of Clerk or Deputy Clerk                                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   County of Alameda
_____ , who issues or requests this subpoena, are:

Mary Ellyn Gormley; Mary.ellyn.gormley@acgov.org; (510) 272-6700 x 26717; Office of the County Counsel, Alameda County; 1221 Oak St., Suite 450, Oakland, CA 94612

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. CV10-02507 LHK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1   RE:   IN THE MATTER OF J.H., A MINOR, ET AL. V. YOLANDA BALDOVINOS, ET AL.
            United States District Court – Northern District of California (San Jose Division)
2           Case No. C 10-2507 LHK

3                                  PROOF OF SERVICE

4           I am a citizen of the United States, over the age of 18 years and not a party to
    the within entitled action. I am employed at the Office of the County Counsel, County of
5   Alameda, 1221 Oak Street, Suite 450, Oakland, California 94612-4296.

6           On the below date, I served the attached:

7           NOTICE TO CONSUMDER; and

8           SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
            OR TO PERMIT ISNPECTION FO PREMISES IN A CIVIL ACTION
9

10  in the above-mentioned matter on the parties to this action by placing a true copy
    thereof in a sealed envelope, addressed as follows:
11

12  | Aaron Cohn                        | Plaintiff Belina K███ |
    | Matthew Vafidis                   |                       |
13  | HOLLAND & KNIGHT                  |                       |
    | 50 California Street              |                       |
14  | Suite 2800                        |                       |
    | San Francisco, CA 94111           |                       |
15  | Tel:  415-743-6900                |                       |
    | Fax:  415-743-6910                |                       |
16

17

18  ☒   BY CERTIFIED MAIL:  I am readily familiar with the Office of the County
        Counsel, Alameda County's practice for collecting and processing
19      correspondence for mailing.  On the same day that correspondence is placed for
        collection and mailing, it is deposited in the ordinary course of business with the
20      United States Postal Service in the City of Oakland, California, in a sealed
        envelope with postage fully prepaid.
21

22          I declare under penalty of perjury that the foregoing is true and correct and that
    this declaration was executed at Oakland, California on January 19, 2011.
23

24

25                                              Lydia E. Smith

26

27

28
─────────────────────────────────────────────────────────────
PROOF OF SERVICE, *J.H., a Minor v. Baldovinos, et al.*, Case No. C 10-02507 LHK

| RICHARD E. WINNIE [68048] County Counsel MARY ELLYN GORMLEY [154327] Assistant County Counsel Office of the County Counsel, County of Alameda 1221 Oak Street, Suite 450, Oakland, CA 94612 (510) 272-6700 Mary.ellyn.gormley@acgov.org Attorneys For County of Alameda | |
|---|---|
| UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION) 280 South 1st Street San Jose, CA 95113 | **Case Number:** CV10-02507 LHK |
| Petitioner: Belinda K███ Respondent: County of Alameda | |
| **NOTICE TO CONSUMER** (45 C.F.R. § 164.512(e)) | |

**NOTICE TO CONSUMER**

**TO: K███, BELINDA**

1. PLEASE TAKE NOTICE THAT THE COUNTY OF ALAMEDA SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on: February 2, 2011
The records are described in the subpoena directed to

A Better Way, Inc.
3200 Adeline Street
Berkeley, CA 94703-2407.

A copy of the subpoena is attached.

2. IF YOU OBJECT to the production of these records, before the date specified, you may move the Court to modify or quash the Subpoena pursuant to FRCP 45(c)(3)(A), or move the Court to issue a protective order under FRCP 26(c).

3. YOU OR YOUR ATTONEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date: 1/19/11

_____
Mary Ellyn Gormley
Assistant County Counsel
Attorney for County of Alameda

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Northern District of California

| | | |
|---|---|---|
| J.H., et al. | ) | |
| *Plaintiff* | ) | Civil Action No.   CV10-02507 LHK |
| v. | ) | |
| Baldovinos, et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  A Better Way, Inc., 3200 Adeline Street, Berkeley, CA 94703-2407

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

the complete medical record, including any psychiatric or psychological treatment and treatment for substance abuse for Belinda K■■ aka Belinda■■■■■, SSN■■■■■■■■, DOB■■■■■

| Place: Office of the County Counsel, Alameda County<br>1221 Oak Street, Suite 450<br>Oakland, CA 94612 | Date and Time:<br><br>02/02/2011 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| _____ | OR | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     County of Alameda
_____ , who issues or requests this subpoena, are:

Mary Ellyn Gormley; Mary.ellyn.gormley@acgov.org; (510) 272-6700 x 26717; Office of the County Counsel, Alameda County; 1221 Oak St., Suite 450, Oakland, CA 94612

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  CV10-02507 LHK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

    ❏  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                    *Server's signature*

                                    _____
                                    *Printed name and title*

                                    _____
                                    *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1   RE:   IN THE MATTER OF J.H., A MINOR, ET AL. v. YOLANDA BALDOVINOS, ET AL.
             United States District Court – Northern District of California (San Jose Division)
2            Case No. C 10-2507 LHK

3                              **PROOF OF SERVICE**

4            I am a citizen of the United States, over the age of 18 years and not a party to
     the within entitled action.  I am employed at the Office of the County Counsel, County of
5    Alameda, 1221 Oak Street, Suite 450, Oakland, California 94612-4296.

6            On the below date, I served the attached:

7            **NOTICE TO CONSUMDER; and**

8            **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
             OR TO PERMIT ISNPECTION FO PREMISES IN A CIVIL ACTION**
9

10   in the above-mentioned matter on the parties to this action by placing a true copy
     thereof in a sealed envelope, addressed as follows:
11

12   | Aaron Cohn | *Plaintiff Belina K* |
     | Matthew Vafidis | |
13   | HOLLAND & KNIGHT | |
     | 50 California Street | |
14   | Suite 2800 | |
     | San Francisco, CA 94111 | |
15   | Tel:  415-743-6900 | |
     | Fax:  415-743-6910 | |
16

17
     ☒     BY CERTIFIED MAIL:  I am readily familiar with the Office of the County
18         Counsel, Alameda County's practice for collecting and processing
           correspondence for mailing.  On the same day that correspondence is placed for
19         collection and mailing, it is deposited in the ordinary course of business with the
           United States Postal Service in the City of Oakland, California, in a sealed
20         envelope with postage fully prepaid.
21

22           I declare under penalty of perjury that the foregoing is true and correct and that
     this declaration was executed at Oakland, California on January 19, 2011.
23

24

25                                                    Lydia E. Smith
26

27

28

PROOF OF SERVICE, *J.H., a Minor v. Baldovinos, et al.*, Case No. C 10-02507 LHK

| RICHARD E. WINNIE [68048]<br>County Counsel<br>MARY ELLYN GORMLEY [154327]<br>Assistant County Counsel<br>Office of the County Counsel, County of Alameda<br>1221 Oak Street, Suite 450, Oakland, CA 94612<br>(510) 272-6700<br>Mary.ellyn.gormley@acgov.org<br>Attorneys For County of Alameda | |
|---|---|
| UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA<br>(SAN JOSE DIVISION)<br>280 South 1st Street<br>San Jose, CA 95113 | **Case Number:**<br>CV10-02507 LHK |
| Petitioner: Belinda K███<br>Respondent: County of Alameda | |
| **NOTICE TO CONSUMER**<br>**(45 C.F.R. § 164.512(e))** | |

### NOTICE TO CONSUMER

**TO: K████, BELINDA**

1. PLEASE TAKE NOTICE THAT THE COUNTY OF ALAMEDA SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on: February 2, 2011
The records are described in the subpoena directed to

Dr. Adrienne Candell
Kaiser Permanente Psychiatry
3553 Whipple Rd Bldg B
Union City, CA 94587

A copy of the subpoena is attached.

2. IF YOU OBJECT to the production of these records, before the date specified, you may move the Court to modify or quash the Subpoena pursuant to FRCP 45(c)(3)(A), or move the Court to issue a protective order under FRCP 26(c).

3. YOU OR YOUR ATTONEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date: 1/19/11

Mary Ellyn Gormley
Assistant County Counsel
Attorney for County of Alameda

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | | |
|---|---|---|
| J.H., et al. | ) | |
| *Plaintiff* | ) | Civil Action No.   CV10-02507 LHK |
| v. | ) | |
| Baldovinos, et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Dr. Adrienne Candell, Kaiser Permanente Psychiatry, 3553 Whipple Rd Bldg B, Union City, CA 94587

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

the complete medical record, including any psychiatric or psychological treatment and treatment for substance abuse for Belinda Kirk aka Belinda Schnetzer, SSN ▬▬▬, DOB ▬▬▬ and J▬▬ aka ▬▬▬, SSN ▬▬▬, DOB ▬▬▬

| Place: Office of the County Counsel, Alameda County<br>1221 Oak Street, Suite 450<br>Oakland, CA 94612 | Date and Time:<br>02/02/2011 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

| CLERK OF COURT | | |
|---|---|---|
| | OR | *M.E. Gormley* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   County of Alameda
_____, who issues or requests this subpoena, are:

Mary Ellyn Gormley; Mary.ellyn.gormley@acgov.org; (510) 272-6700 x 26717; Office of the County Counsel, Alameda County; 1221 Oak St., Suite 450, Oakland, CA 94612

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  CV10-02507 LHK

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____              _____
                                         *Server's signature*

                                         _____
                                         *Printed name and title*

                                         _____
                                         *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1   RE:   IN THE MATTER OF J.H., A MINOR, ET AL. V. YOLANDA BALDOVINOS, ET AL.
          United States District Court – Northern District of California (San Jose Division)
2         Case No. C 10-2507 LHK

3                              PROOF OF SERVICE

4          I am a citizen of the United States, over the age of 18 years and not a party to
     the within entitled action.  I am employed at the Office of the County Counsel, County of
5    Alameda, 1221 Oak Street, Suite 450, Oakland, California 94612-4296.

6          On the below date, I served the attached:

7          NOTICE TO CONSUMDER; and

8          SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
           OR TO PERMIT ISNPECTION FO PREMISES IN A CIVIL ACTION
9

10   in the above-mentioned matter on the parties to this action by placing a true copy
     thereof in a sealed envelope, addressed as follows:

11

12   | Aaron Cohn                        | *Plaintiff Belina K*            |
13   | Matthew Vafidis                   |                                 |
     | HOLLAND & KNIGHT                  |                                 |
14   | 50 California Street              |                                 |
     | Suite 2800                        |                                 |
15   | San Francisco, CA 94111           |                                 |
     | Tel:  415-743-6900                |                                 |
16   | Fax:  415-743-6910                |                                 |

17

18   ☒      BY CERTIFIED MAIL:  I am readily familiar with the Office of the County
            Counsel, Alameda County's practice for collecting and processing
19          correspondence for mailing.  On the same day that correspondence is placed for
            collection and mailing, it is deposited in the ordinary course of business with the
20          United States Postal Service in the City of Oakland, California, in a sealed
            envelope with postage fully prepaid.

21

22          I declare under penalty of perjury that the foregoing is true and correct and that
     this declaration was executed at Oakland, California on January 19, 2011.
23

24

25                                                       Lydia E. Smith

26

27

28

PROOF OF SERVICE, *J.H., a Minor v. Baldovinos, et al.*, Case No. C 10-02507 LHK

| | |
|---|---|
| RICHARD E. WINNIE [68048]<br>County Counsel<br>MARY ELLYN GORMLEY [154327]<br>Assistant County Counsel<br>Office of the County Counsel, County of Alameda<br>1221 Oak Street, Suite 450, Oakland, CA 94612<br>(510) 272-6700<br>Mary.ellyn.gormley@acgov.org<br>Attorneys For County of Alameda | |
| UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA<br>(SAN JOSE DIVISION)<br>280 South 1st Street<br>San Jose, CA 95113 | Case Number:<br>CV10-02507 LHK |
| Petitioner: Belinda K▇<br>Respondent: County of Alameda | |
| NOTICE TO CONSUMER AND OBJECTION<br>(45 C.F.R. § 164.512(e)) | |

## NOTICE TO CONSUMER

TO: ▇▇▇ J▇▇, care of BELINDA K▇

1.  PLEASE TAKE NOTICE THAT THE COUNTY OF ALAMEDA SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on: February 2, 2011
The records are described in the subpoena directed to

Kari Bailey
Seneca Center Administrative Offices
2275 Arlington Drive
San Leandro, CA 94578

A copy of the subpoena is attached.

2.  IF YOU OBJECT to the production of these records, you may serve the County of Alameda with a written objection.  You must serve the objection within two weeks of receiving this notice.  Alternatively, you may move the Court to modify or quash the Subpoena.

3.  YOU OR YOUR ATTONEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena.  If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date: 1/19/11

Mary Ellyn Gormley
Assistant County Counsel
Attorney for County of Alameda

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | | |
|---|---|---|
| J.H., et al. | ) | |
| *Plaintiff* | ) | Civil Action No.   CV10-02507 LHK |
| v. | ) | |
| Baldovinos, et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Kari Bailey, Seneca Center Administrative Offices, 2275 Arlington Drive, San Leandro, CA 94578

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

the complete medical record, including any psychiatric or psychological treatment and treatment for substance abuse for Belinda K█ aka Belinda █████████, SSN ███████████, DOB █████ and J██ █ aka ████████, SSN ██████████, DOB █ ███

| Place: Office of the County Counsel, Alameda County<br>1221 Oak Street, Suite 450<br>Oakland, CA 94612 | Date and Time:<br><br>02/02/2011 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

| CLERK OF COURT | OR | *M.E. Gormley* |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   County of Alameda
, who issues or requests this subpoena, are:

Mary Ellyn Gormley; Mary.ellyn.gormley@acgov.org; (510) 272-6700 x 26717; Office of the County Counsel, Alameda County; 1221 Oak St., Suite 450, Oakland, CA 94612

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1  RE:  IN THE MATTER OF J.H., A MINOR, ET AL. V. YOLANDA BALDOVINOS, ET AL.
2       United States District Court – Northern District of California (San Jose Division)
        Case No. C 10-2507 LHK

3                              PROOF OF SERVICE

4          I am a citizen of the United States, over the age of 18 years and not a party to
   the within entitled action.  I am employed at the Office of the County Counsel, County of
5  Alameda, 1221 Oak Street, Suite 450, Oakland, California 94612-4296.

6          On the below date, I served the attached:

7          **NOTICE TO CONSUMDER; and**

8          **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
           OR TO PERMIT ISNPECTION FO PREMISES IN A CIVIL ACTION**
9

10 in the above-mentioned matter on the parties to this action by placing a true copy
   thereof in a sealed envelope, addressed as follows:
11

12     Aaron Cohn                          *Plaintiff Belina K*
       Matthew Vafidis
13     HOLLAND & KNIGHT
       50 California Street
14     Suite 2800
       San Francisco, CA 94111
15     Tel:  415-743-6900
       Fax:  415-743-6910
16

17
   ☒   BY CERTIFIED MAIL:  I am readily familiar with the Office of the County
18     Counsel, Alameda County's practice for collecting and processing
       correspondence for mailing.  On the same day that correspondence is placed for
19     collection and mailing, it is deposited in the ordinary course of business with the
       United States Postal Service in the City of Oakland, California, in a sealed
20     envelope with postage fully prepaid.
21

22         I declare under penalty of perjury that the foregoing is true and correct and that
   this declaration was executed at Oakland, California on January 19, 2011.
23

24

25                                          Lydia E. Smith
26
27
28

PROOF OF SERVICE, *J.H., a Minor v. Baldovinos, et al.,* Case No. C 10-02507 LHK

| | |
|---|---|
| RICHARD E. WINNIE [68048]<br>County Counsel<br>MARY ELLYN GORMLEY [154327]<br>Assistant County Counsel<br>Office of the County Counsel, County of Alameda<br>1221 Oak Street, Suite 450, Oakland, CA 94612<br>(510) 272-6700<br>Mary.ellyn.gormley@acgov.org<br>Attorneys For County of Alameda | |
| UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA<br>(SAN JOSE DIVISION)<br>280 South 1st Street<br>San Jose, CA 95113 | **Case Number:**<br>CV10-02507 LHK |
| Petitioner: Belinda Kirk<br>Respondent: County of Alameda | |
| **NOTICE TO CONSUMER AND OBJECTION**<br>**(45 C.F.R. § 164.512(e))** | |

**NOTICE TO CONSUMER**

**TO:** ███, JACK, care of BELINDA K███
1. PLEASE TAKE NOTICE THAT THE COUNTY OF ALAMEDA SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on: February 2, 2011
The records are described in the subpoena directed to

Kaiser Permanente
1814 Franklin St., 5th Floor
Oakland, CA 94612.

A copy of the subpoena is attached.

2. IF YOU OBJECT to the production of these records, you may serve the County of Alameda with a written objection. You must serve the objection within two weeks of receiving this Notice. Alternatively, you may move the Court to modify or quash the Subpoena.

3. YOU OR YOUR ATTONEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date: 1/19/11

Mary Ellyn Gormley
Assistant County Counsel
Attorney for County of Alameda

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | | |
|---|---|---|
| J.H., et al. | ) | |
| *Plaintiff* | ) | Civil Action No.   CV10-02507 LHK |
| v. | ) | |
| Baldovinos, et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Kaiser Permanente, 1814 Franklin St., 5th Floor, Oakland, CA 94612

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

the complete medical record, including any psychiatric or psychological treatment and treatment for substance abuse for J█████ aka ████████, SSN ████████, DOB ████

| Place: | Office of the County Counsel, Alameda County 1221 Oak Street, Suite 450 Oakland, CA 94612 | Date and Time: 02/02/2011 9:00 am |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

*CLERK OF COURT*

OR   _Signature_

_____   _____
*Signature of Clerk or Deputy Clerk*        *Attorney's Signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   County of Alameda
_____, who issues or requests this subpoena, are:

Mary Ellyn Gormley; Mary.ellyn.gormley@acgov.org; (510) 272-6700 x 26717; Office of the County Counsel, Alameda County; 1221 Oak St., Suite 450, Oakland, CA 94612

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   CV10-02507 LHK

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

RE: IN THE MATTER OF J.H., A MINOR, ET AL. V. YOLANDA BALDOVINOS, ET AL.
United States District Court – Northern District of California (San Jose Division)
Case No. C 10-2507 LHK

## PROOF OF SERVICE

I am a citizen of the United States, over the age of 18 years and not a party to the within entitled action. I am employed at the Office of the County Counsel, County of Alameda, 1221 Oak Street, Suite 450, Oakland, California 94612-4296.

On the below date, I served the attached:

**NOTICE TO CONSUMDER; and**

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT ISNPECTION FO PREMISES IN A CIVIL ACTION**

in the above-mentioned matter on the parties to this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| | |
|---|---|
| Aaron Cohn<br>Matthew Vafidis<br>HOLLAND & KNIGHT<br>50 California Street<br>Suite 2800<br>San Francisco, CA 94111<br>Tel: 415-743-6900<br>Fax: 415-743-6910 | *Plaintiff Belina Kirk* |

☒ BY CERTIFIED MAIL: I am readily familiar with the Office of the County Counsel, Alameda County's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in the City of Oakland, California, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Oakland, California on January 19, 2011.

Lydia E. Smith

| RICHARD E. WINNIE [68048] County Counsel MARY ELLYN GORMLEY [154327] Assistant County Counsel Office of the County Counsel, County of Alameda 1221 Oak Street, Suite 450, Oakland, CA 94612 (510) 272-6700 Mary.ellyn.gormley@acgov.org Attorneys For County of Alameda | |
|---|---|
| UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION) 280 South 1st Street San Jose, CA 95113 | **Case Number:** CV10-02507 LHK |
| Petitioner: Belinda K█ Respondent: County of Alameda | |
| **NOTICE TO CONSUMER** **(45 C.F.R. § 164.512(e))** | |

**NOTICE TO CONSUMER**

**TO: K█, BELINDA**

1. PLEASE TAKE NOTICE THAT THE COUNTY OF ALAMEDA SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on: February 2, 2011
The records are described in the subpoena directed to

Kaiser Permanente
1814 Franklin St., 5th Floor
Oakland, CA 94612

A copy of the subpoena is attached.

2. IF YOU OBJECT to the production of these records, before the date specified, you may move the Court to modify or quash the Subpoena pursuant to FRCP 45(c)(3)(A), or move the Court to issue a protective order under FRCP 26(c).

3. YOU OR YOUR ATTONEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date: 1/19/11

Mary Ellyn Gormley
Assistant County Counsel
Attorney for County of Alameda

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | | |
|---|---|---|
| J.H., et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   CV10-02507 LHK |
| Baldovinos, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Kaiser Permanente, 1814 Franklin St., 5th Floor, Oakland, CA 94612

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

> the complete medical record, including any psychiatric or psychological treatment and treatment for substance abuse for Belinda K█ aka Belinda ████████, SSN ████████, DOB████

| Place: Office of the County Counsel, Alameda County | Date and Time: |
|---|---|
| 1221 Oak Street, Suite 450 | 02/02/2011 9:00 am |
| Oakland, CA 94612 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

|  *CLERK OF COURT*  | OR | *M E Gormley* |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   County of Alameda
, who issues or requests this subpoena, are:

Mary Ellyn Gormley; Mary.ellyn.gormley@acgov.org; (510) 272-6700 x 26717; Office of the County Counsel, Alameda County; 1221 Oak St., Suite 450, Oakland, CA 94612

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   CV10-02507 LHK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date: _____      _____
                                         *Server's signature*

                                         _____
                                         *Printed name and title*

                                         _____
                                         *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1   RE:   IN THE MATTER OF J.H., A MINOR, ET AL. V. YOLANDA BALDOVINOS, ET AL.
            United States District Court – Northern District of California (San Jose Division)
2           Case No. C 10-2507 LHK

3                                    PROOF OF SERVICE

4           I am a citizen of the United States, over the age of 18 years and not a party to
     the within entitled action. I am employed at the Office of the County Counsel, County of
5    Alameda, 1221 Oak Street, Suite 450, Oakland, California 94612-4296.

6           On the below date, I served the attached:

7           NOTICE TO CONSUMDER; and

8           SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
            OR TO PERMIT ISNPECTION FO PREMISES IN A CIVIL ACTION
9

10   in the above-mentioned matter on the parties to this action by placing a true copy
     thereof in a sealed envelope, addressed as follows:
11

12   | Aaron Cohn | *Plaintiff Belina K* |
     | Matthew Vafidis | |
13   | HOLLAND & KNIGHT | |
     | 50 California Street | |
14   | Suite 2800 | |
     | San Francisco, CA 94111 | |
15   | Tel: 415-743-6900 | |
     | Fax: 415-743-6910 | |
16

17
     ☒    BY CERTIFIED MAIL:  I am readily familiar with the Office of the County
18         Counsel, Alameda County's practice for collecting and processing
           correspondence for mailing.  On the same day that correspondence is placed for
19         collection and mailing, it is deposited in the ordinary course of business with the
           United States Postal Service in the City of Oakland, California, in a sealed
20         envelope with postage fully prepaid.

21

22          I declare under penalty of perjury that the foregoing is true and correct and that
     this declaration was executed at Oakland, California on January 19, 2011.
23

24

25                                                        Lydia E. Smith
26

27

28

PROOF OF SERVICE, J.H., a Minor v. Baldovinos, et al., Case No. C 10-02507 LHK

| RICHARD E. WINNIE [68048]<br>County Counsel<br>MARY ELLYN GORMLEY [154327]<br>Assistant County Counsel<br>Office of the County Counsel, County of Alameda<br>1221 Oak Street, Suite 450, Oakland, CA 94612<br>(510) 272-6700<br>Mary.ellyn.gormley@acgov.org<br>Attorneys For County of Alameda | |
|---|---|
| UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA<br>(SAN JOSE DIVISION)<br>280 South 1st Street<br>San Jose, CA 95113 | **Case Number:**<br>CV10-02507 LHK |
| Petitioner: Belinda K█<br>Respondent: County of Alameda | |
| **NOTICE TO CONSUMER**<br>**(45 C.F.R. § 164.512(e))** | |

### NOTICE TO CONSUMER

**TO: K█, BELINDA**

1. PLEASE TAKE NOTICE THAT THE COUNTY OF ALAMEDA SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on: February 2, 2011
The records are described in the subpoena directed to

Dr. Aliyeh Kohbod
1904 Franklin Street #509
Oakland, CA 94612.

A copy of the subpoena is attached.

2. IF YOU OBJECT to the production of these records, before the date specified, you may move the Court to modify or quash the Subpoena pursuant to FRCP 45(c)(3)(A), or move the Court to issue a protective order under FRCP 26(c).

3. YOU OR YOUR ATTONEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date: 1/19/11

_Mary Ellyn Gormley_

Mary Ellyn Gormley
Assistant County Counsel
Attorney for County of Alameda

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | | |
|---|---|---|
| J.H., et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   CV10-02507 LHK |
| Baldovinos, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Dr. Aliyeh Kohbod, 1904 Franklin Street #509, Oakland, CA 94612

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

the complete medical record, including any psychiatric or psychological treatment and treatment for substance abuse for Belinda K▬ aka Belinda ▬▬▬, SSN ▬▬▬▬, DOB ▬▬

| Place: Office of the County Counsel, Alameda County | Date and Time: |
|---|---|
| 1221 Oak Street, Suite 450 Oakland, CA 94612 | 02/02/2011 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

| CLERK OF COURT | | |
|---|---|---|
| | OR | *M E Gorley* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   County of Alameda , who issues or requests this subpoena, are:

Mary Ellyn Gormley; Mary.ellyn.gormley@acgov.org; (510) 272-6700 x 26717; Office of the County Counsel, Alameda County; 1221 Oak St., Suite 450, Oakland, CA 94612

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  CV10-02507 LHK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                       *Server's signature*

                                                       _____
                                                       *Printed name and title*

                                                       _____
                                                       *Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1  RE:   IN THE MATTER OF J.H., A MINOR, ET AL. V. YOLANDA BALDOVINOS, ET AL.
         United States District Court – Northern District of California (San Jose Division)
2        Case No. C 10-2507 LHK

3                            PROOF OF SERVICE

4        I am a citizen of the United States, over the age of 18 years and not a party to
   the within entitled action.  I am employed at the Office of the County Counsel, County of
5  Alameda, 1221 Oak Street, Suite 450, Oakland, California 94612-4296.

6        On the below date, I served the attached:

7        **NOTICE TO CONSUMDER; and**

8        **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
         OR TO PERMIT ISNPECTION FO PREMISES IN A CIVIL ACTION**

9

10 in the above-mentioned matter on the parties to this action by placing a true copy
   thereof in a sealed envelope, addressed as follows:

11

12 | Aaron Cohn | *Plaintiff Belina K* |
   | Matthew Vafidis | |
13 | HOLLAND & KNIGHT | |
   | 50 California Street | |
14 | Suite 2800 | |
   | San Francisco, CA 94111 | |
15 | Tel:  415-743-6900 | |
   | Fax:  415-743-6910 | |
16

17 ⊠   BY CERTIFIED MAIL:  I am readily familiar with the Office of the County
18      Counsel, Alameda County's practice for collecting and processing
        correspondence for mailing.  On the same day that correspondence is placed for
19      collection and mailing, it is deposited in the ordinary course of business with the
        United States Postal Service in the City of Oakland, California, in a sealed
20      envelope with postage fully prepaid.

21

22      I declare under penalty of perjury that the foregoing is true and correct and that
   this declaration was executed at Oakland, California on January 19, 2011.
23

24

25                                              Lydia E. Smith

26

27

28

PROOF OF SERVICE, *J.H., a Minor v. Baldovinos, et al.*, Case No. C 10-02507 LHK

| | |
|---|---|
| RICHARD E. WINNIE [68048]<br>County Counsel<br>MARY ELLYN GORMLEY [154327]<br>Assistant County Counsel<br>Office of the County Counsel, County of Alameda<br>1221 Oak Street, Suite 450, Oakland, CA 94612<br>(510) 272-6700<br>Mary.ellyn.gormley@acgov.org<br>Attorneys For County of Alameda | |
| UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA<br>(SAN JOSE DIVISION)<br>280 South 1st Street<br>San Jose, CA 95113 | **Case Number:**<br>CV10-02507 LHK |
| Petitioner: Belinda K███<br>Respondent: County of Alameda | |
| **NOTICE TO CONSUMER**<br>**(45 C.F.R. § 164.512(e))** | |

### NOTICE TO CONSUMER

**TO: K███, BELINDA**
1. PLEASE TAKE NOTICE THAT THE COUNTY OF ALAMEDA SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on: February 2, 2011
The records are described in the subpoena directed to

Dr. Judy Moore
Families First, Inc.
2100 Fifth Street
Davis, CA 95616

A copy of the subpoena is attached.

2. IF YOU OBJECT to the production of these records, before the date specified, you may move the Court to modify or quash the Subpoena pursuant to FRCP 45(c)(3)(A), or move the Court to issue a protective order under FRCP 26(c).

3. YOU OR YOUR ATTONEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date: 1/19/11

Mary Ellyn Gormley
Assistant County Counsel
Attorney for County of Alameda

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | |
|---|---|
| J.H., et al, | ) |
| *Plaintiff* | ) |
| v. | ) |
| Baldovinos, et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   CV10-02507 LHK

(If the action is pending in another district, state where:

)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Dr. Judy Moore, Families First, Inc., 2100 Fifth Street, Davis, CA 95616

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

the complete medical record, including any psychiatric or psychological treatment and treatment for substance abuse for Belinda ▮▮ aka Belinda ▮▮▮▮▮, SSN ▮▮▮▮▮▮▮, DOB ▮▮▮▮ and J▮▮▮▮ aka ▮▮▮▮▮, SSN ▮▮▮▮▮▮, DOB ▮▮▮▮▮

| Place: Office of the County Counsel, Alameda County<br>1221 Oak Street, Suite 450<br>Oakland, CA 94612 | Date and Time:<br><br>02/02/2011 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

CLERK OF COURT

OR  _____

_____
*Signature of Clerk or Deputy Clerk*

*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   County of Alameda
, who issues or requests this subpoena, are:

Mary Ellyn Gormley; Mary.ellyn.gormley@acgov.org; (510) 272-6700 x 26717; Office of the County Counsel, Alameda County; 1221 Oak St., Suite 450, Oakland, CA 94612

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   CV10-02507 LHK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date: _____

                          _____
                                       *Server's signature*

                          _____
                                       *Printed name and title*

                          _____
                                       *Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(I)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(II)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(I)** fails to allow a reasonable time to comply;

**(II)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(III)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(I)** disclosing a trade secret or other confidential research, development, or commercial information;

**(II)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(III)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(I)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(II)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(I)** expressly make the claim; and

**(II)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1   RE:   IN THE MATTER OF J.H., A MINOR, ET AL. V. YOLANDA BALDOVINOS, ET AL.
          United States District Court – Northern District of California (San Jose Division)
2         Case No. C 10-2507 LHK

3                               PROOF OF SERVICE

4          I am a citizen of the United States, over the age of 18 years and not a party to
    the within entitled action. I am employed at the Office of the County Counsel, County of
5   Alameda, 1221 Oak Street, Suite 450, Oakland, California 94612-4296.

6          On the below date, I served the attached:

7          NOTICE TO CONSUMDER; and

8          SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
           OR TO PERMIT ISNPECTION FO PREMISES IN A CIVIL ACTION
9
10  in the above-mentioned matter on the parties to this action by placing a true copy
    thereof in a sealed envelope, addressed as follows:
11

12    | Aaron Cohn                          | Plaintiff Belina K▮ |
      | Matthew Vafidis                     |                     |
13    | HOLLAND & KNIGHT                    |                     |
      | 50 California Street                |                     |
14    | Suite 2800                          |                     |
      | San Francisco, CA 94111             |                     |
15    | Tel: 415-743-6900                   |                     |
      | Fax: 415-743-6910                   |                     |
16

17       ☒   BY CERTIFIED MAIL: I am readily familiar with the Office of the County
18           Counsel, Alameda County's practice for collecting and processing
             correspondence for mailing. On the same day that correspondence is placed for
19           collection and mailing, it is deposited in the ordinary course of business with the
             United States Postal Service in the City of Oakland, California, in a sealed
20           envelope with postage fully prepaid.
21

22         I declare under penalty of perjury that the foregoing is true and correct and that
    this declaration was executed at Oakland, California on January 19, 2011.
23

24

25                                                        Lydia E. Smith
26

27

28

PROOF OF SERVICE, J.H., a Minor v. Baldovinos, et al., Case No. C 10-02507 LHK

| RICHARD E. WINNIE [68048]<br>County Counsel<br>MARY ELLYN GORMLEY [154327]<br>Assistant County Counsel<br>Office of the County Counsel, County of Alameda<br>1221 Oak Street, Suite 450, Oakland, CA 94612<br>(510) 272-6700<br>Mary.ellyn.gormley@acgov.org<br>Attorneys For County of Alameda | |
|---|---|
| UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA<br>(SAN JOSE DIVISION)<br>280 South 1st Street<br>San Jose, CA 95113 | **Case Number:**<br>CV10-02507 LHK |
| Petitioner: Belinda K████<br>Respondent: County of Alameda | |
| **NOTICE TO CONSUMER**<br>**(45 C.F.R. § 164.512(e))** | |

## NOTICE TO CONSUMER

**TO:** K████, BELINDA

1. PLEASE TAKE NOTICE THAT THE COUNTY OF ALAMEDA SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on: February 2, 2011
The records are described in the subpoena directed to

Karl Bailey
Seneca Center Administrative Offices
2275 Arlington Drive
San Leandro, CA 94578

A copy of the subpoena is attached.

2. IF YOU OBJECT to the production of these records, before the date specified, you may move the Court to modify or quash the Subpoena pursuant to FRCP 45(c)(3)(A), or move the Court to issue a protective order under FRCP 26(c).

3. YOU OR YOUR ATTONEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date: 1/19/11

Mary Ellyn Gormley
Assistant County Counsel
Attorney for County of Alameda

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| J.H., et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Baldovinos, et al. | ) |
| *Defendant* | ) |

Civil Action No.   CV10-02507 LHK

(If the action is pending in another district, state where:
                                    )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Kari Bailey, Seneca Center Administrative Offices, 2275 Arlington Drive, San Leandro, CA 94578

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

the complete medical record, including any psychiatric or psychological treatment and treatment for substance abuse for Belinda Kirk aka Belinda Schnetzer, SSN ████████, DOB ████ and J███ ███ aka ███ ███,
SSN ████████, DOB ████████

| Place: Office of the County Counsel, Alameda County 1221 Oak Street, Suite 450 Oakland, CA 94612 | Date and Time: 02/02/2011 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

| CLERK OF COURT | OR | *W.E. Gormley* |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   County of Alameda
                                                              , who issues or requests this subpoena, are:

Mary Ellyn Gormley; Mary.ellyn.gormley@acgov.org; (510) 272-6700 x 26717; Office of the County Counsel, Alameda County; 1221 Oak St., Suite 450, Oakland, CA 94612

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   CV10-02507 LHK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

**(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

**(A) *When Required.*** On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.

**(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

**(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1   RE:  IN THE MATTER OF J.H., A MINOR, ET AL. v. YOLANDA BALDOVINOS, ET AL.
          United States District Court – Northern District of California (San Jose Division)
2           Case No. C 10-2507 LHK

3                          **PROOF OF SERVICE**

4         I am a citizen of the United States, over the age of 18 years and not a party to
the within entitled action. I am employed at the Office of the County Counsel, County of
5 Alameda, 1221 Oak Street, Suite 450, Oakland, California 94612-4296.

6         On the below date, I served the attached:

7         **NOTICE TO CONSUMDER; and**

8         **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT ISNPECTION FO PREMISES IN A CIVIL ACTION**
9

10 in the above-mentioned matter on the parties to this action by placing a true copy
thereof in a sealed envelope, addressed as follows:
11

| | |
|---|---|
| Aaron Cohn<br>Matthew Vafidis<br>HOLLAND & KNIGHT<br>50 California Street<br>Suite 2800<br>San Francisco, CA 94111<br>Tel: 415-743-6900<br>Fax: 415-743-6910 | *Plaintiff Belina K▓* |

12
13
14
15
16

17

18 ☒     BY CERTIFIED MAIL: I am readily familiar with the Office of the County
Counsel, Alameda County's practice for collecting and processing
19 correspondence for mailing. On the same day that correspondence is placed for
collection and mailing, it is deposited in the ordinary course of business with the
20 United States Postal Service in the City of Oakland, California, in a sealed
envelope with postage fully prepaid.
21

22         I declare under penalty of perjury that the foregoing is true and correct and that
this declaration was executed at Oakland, California on January 19, 2011.
23

24

25                            Lydia E. Smith

26

27

28

| RICHARD E. WINNIE [68048] | |
| County Counsel | |
| MARY ELLYN GORMLEY [154327] | |
| Assistant County Counsel | |
| Office of the County Counsel, County of Alameda | |
| 1221 Oak Street, Suite 450, Oakland, CA 94612 | |
| (510) 272-6700 | |
| Mary.ellyn.gormley@acgov.org | |
| Attorneys For County of Alameda | |
| UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION) 280 South 1st Street San Jose, CA 95113 | **Case Number:** CV10-02507 LHK |
| Petitioner: Belinda K█ | |
| Respondent: County of Alameda | |
| **NOTICE TO CONSUMER** (45 C.F.R. § 164.512(e)) | |

### NOTICE TO CONSUMER

**TO: K█ BELINDA**

1. PLEASE TAKE NOTICE THAT THE COUNTY OF ALAMEDA SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on: February 2, 2011
The records are described in the subpoena directed to

Carmel Ross, MFT
20200 Redwood Road Suite 6
Castro Valley, CA 94546

A copy of the subpoena is attached.

2. IF YOU OBJECT to the production of these records, before the date specified, you may move the Court to modify or quash the Subpoena pursuant to FRCP 45(c)(3)(A), or move the Court to issue a protective order under FRCP 26(c).

3. YOU OR YOUR ATTONEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena.  If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date: 1/19/11

Mary Ellyn Gormley
Assistant County Counsel
Attorney for County of Alameda

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of California

| | | |
|---|---|---|
| J.H., et al. | ) | |
| *Plaintiff* | ) | Civil Action No.   CV10-02507 LHK |
| v. | ) | |
| Baldovinos, et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Carmel Ross, MFT, 20200 Redwood Road Suite 6, Castro Valley, CA 94546

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

the complete medical record, including any psychiatric or psychological treatment and treatment for substance abuse for Belinda K▇ aka Belinda ▇▇▇▇▇ SSN ▇▇▇▇▇▇▇ DOB ▇▇▇▇▇

| Place: Office of the County Counsel, Alameda County<br>1221 Oak Street, Suite 450<br>Oakland, CA 94612 | Date and Time:<br><br>02/02/2011 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | *Attorney's signature* |
| _____ | | |
| *Signature of Clerk or Deputy Clerk* | | |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   County of Alameda
, who issues or requests this subpoena, are:

Mary Ellyn Gormley; Mary.ellyn.gormley@acgov.org; (510) 272-6700 x 26717; Office of the County Counsel, Alameda County; 1221 Oak St., Suite 450, Oakland, CA 94612

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   CV10-02507 LHK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

RE:  **IN THE MATTER OF J.H., A MINOR, ET AL. v. YOLANDA BALDOVINOS, ET AL.**
United States District Court – Northern District of California (San Jose Division)
Case No. C 10-2507 LHK

## PROOF OF SERVICE

I am a citizen of the United States, over the age of 18 years and not a party to the within entitled action. I am employed at the Office of the County Counsel, County of Alameda, 1221 Oak Street, Suite 450, Oakland, California 94612-4296.

On the below date, I served the attached:

**NOTICE TO CONSUMDER; and**

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT ISNPECTION FO PREMISES IN A CIVIL ACTION**

in the above-mentioned matter on the parties to this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| | |
|---|---|
| Aaron Cohn<br>Matthew Vafidis<br>HOLLAND & KNIGHT<br>50 California Street<br>Suite 2800<br>San Francisco, CA 94111<br>Tel:  415-743-6900<br>Fax:  415-743-6910 | *Plaintiff Belina K* |

☒   BY CERTIFIED MAIL: I am readily familiar with the Office of the County Counsel, Alameda County's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in the City of Oakland, California, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Oakland, California on January 19, 2011.

Lydia E. Smith

PROOF OF SERVICE, *J.H., a Minor v. Baldovinos, et al.*, Case No. C 10-02507 LHK

| RICHARD E. WINNIE [68048]<br>County Counsel<br>MARY ELLYN GORMLEY [154327]<br>Assistant County Counsel<br>Office of the County Counsel, County of Alameda<br>1221 Oak Street, Suite 450, Oakland, CA 94612<br>(510) 272-6700<br>Mary.ellyn.gormley@acgov.org<br>Attorneys For County of Alameda | |
|---|---|
| UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA<br>(SAN JOSE DIVISION)<br>280 South 1st Street<br>San Jose, CA 95113 | **Case Number:**<br>CV10-02507 LHK |
| Petitioner: Belinda Kirk<br>Respondent: County of Alameda | |
| **NOTICE TO CONSUMER AND OBJECTION**<br>**(45 C.F.R. § 164.512(e))** | |

**NOTICE TO CONSUMER**

TO: ███████, care of BELINDA K███

1. PLEASE TAKE NOTICE THAT THE COUNTY OF ALAMEDA SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on: February 2, 2011
The records are described in the subpoena directed to

Dr. Adrienne Candell
Kaiser Permanente Psychiatry
3553 Whipple Rd Bldg B
Union City, CA 94587

A copy of the subpoena is attached.

2. IF YOU OBJECT to the production of these records, you may serve the County of Alameda with a written objection. You must serve the objection within two weeks of receiving this notice. Alternatively, you may move the Court to modify or quash the Subpoena.

3. YOU OR YOUR ATTONEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date: 1/19/11

Mary Ellyn Gormley
Assistant County Counsel
Attorney for County of Alameda

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| J.H., et al. | ) |
| --- | --- |
| *Plaintiff* | ) |
| v. | ) |
| Baldovinos, et al. | ) |
| *Defendant* | ) |

Civil Action No.  CV10-02507 LHK

(If the action is pending in another district, state where:
)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Dr. Adrienne Candell, Kaiser Permanente Psychiatry, 3553 Whipple Rd Bldg B, Union City, CA 94587

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

the complete medical record, including any psychiatric or psychological treatment and treatment for substance abuse for Belinda K█ aka ████████████, SSN████████ DOB ███████ and ████ ██ aka██ ████, SSN █████████ DOB ██████

| Place: Office of the County Counsel, Alameda County<br>1221 Oak Street, Suite 450<br>Oakland, CA 94612 | Date and Time:<br><br>02/02/2011 9:00 am |
| --- | --- |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
| --- | --- |
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

_M E Gormley_
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    County of Alameda
_____ , who issues or requests this subpoena, are:

Mary Ellyn Gormley; Mary.ellyn.gormley@acgov.org; (510) 272-6700 x 26717; Office of the County Counsel, Alameda County; 1221 Oak St., Suite 450, Oakland, CA 94612

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  CV10-02507 LHK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1    RE:   IN THE MATTER OF J.H., A MINOR, ET AL. V. YOLANDA BALDOVINOS, ET AL.
           United States District Court – Northern District of California (San Jose Division)
2          Case No. C 10-2507 LHK

3                                   **PROOF OF SERVICE**

4          I am a citizen of the United States, over the age of 18 years and not a party to
     the within entitled action.  I am employed at the Office of the County Counsel, County of
5    Alameda, 1221 Oak Street, Suite 450, Oakland, California 94612-4296.

6          On the below date, I served the attached:

7          **NOTICE TO CONSUMDER; and**

8          **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
           OR TO PERMIT ISNPECTION FO PREMISES IN A CIVIL ACTION**

9

10   in the above-mentioned matter on the parties to this action by placing a true copy
     thereof in a sealed envelope, addressed as follows:

11

12   | Aaron Cohn | *Plaintiff Belina K* |
     | Matthew Vafidis | |
13   | HOLLAND & KNIGHT | |
     | 50 California Street | |
14   | Suite 2800 | |
     | San Francisco, CA 94111 | |
15   | Tel:  415-743-6900 | |
     | Fax:  415-743-6910 | |
16

17   ☒     BY CERTIFIED MAIL:  I am readily familiar with the Office of the County
18         Counsel, Alameda County's practice for collecting and processing
           correspondence for mailing.  On the same day that correspondence is placed for
19         collection and mailing, it is deposited in the ordinary course of business with the
           United States Postal Service in the City of Oakland, California, in a sealed
20         envelope with postage fully prepaid.

21

22         I declare under penalty of perjury that the foregoing is true and correct and that
     this declaration was executed at Oakland, California on January 19, 2011.

23

24

25                                                         Lydia E. Smith

26

27

28
     PROOF OF SERVICE, J.H., a Minor v. Baldovinos, et al., Case No. C 10-02507 LHK

| RICHARD E. WINNIE [68048]<br>County Counsel<br>MARY ELLYN GORMLEY [154327]<br>Assistant County Counsel<br>Office of the County Counsel, County of Alameda<br>1221 Oak Street, Suite 450, Oakland, CA 94612<br>(510) 272-6700<br>Mary.ellyn.gormley@acgov.org<br>Attorneys For County of Alameda | |
|---|---|
| UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA<br>(SAN JOSE DIVISION)<br>280 South 1st Street<br>San Jose, CA 95113 | **Case Number:**<br>CV10-02507 LHK |
| Petitioner: Belinda Kirk<br>Respondent: County of Alameda | |
| **NOTICE TO CONSUMER**<br>**(45 C.F.R. § 164.512(e))** | |

**NOTICE TO CONSUMER**

TO: ████, ████
1. PLEASE TAKE NOTICE THAT THE COUNTY OF ALAMEDA SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on: February 7, 2011
The records are described in the subpoena directed to

A Better Way, Inc.
3200 Adeline Street
Berkeley, CA 94703-2407.

A copy of the subpoena is attached.

2. IF YOU OBJECT to the production of these records, before the date specified, you may move the Court to modify or quash the Subpoena pursuant to FRCP 45(c)(3)(A), or move the Court to issue a protective order under FRCP 26(c).

3. YOU OR YOUR ATTONEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date: 1/21/11

Mary Ellyn Gormley
Assistant County Counsel
Attorney for County of Alameda

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| J.H., et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Baldovinos, et al. | ) |
| *Defendant* | ) |

Civil Action No.   CV10-02507 LHK

(If the action is pending in another district, state where:
                                                    )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   A Better Way, Inc., 3200 Adeline Street, Berkeley, CA 94703-2407

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

the complete medical record, including any psychiatric or psychological treatment and treatment for substance abuse for ▓▓▓▓ aka ▓▓▓▓, SSN ▓▓▓▓ DOB ▓▓▓▓

| Place: Office of the County Counsel, Alameda County<br>1221 Oak Street, Suite 450<br>Oakland, CA 94612 | Date and Time:<br>02/07/2011 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  1/21/11

CLERK OF COURT

OR  *[signature]*

_____            _____
Signature of Clerk or Deputy Clerk                        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   County of Alameda
_____ , who issues or requests this subpoena, are:

Mary Ellyn Gormley; Mary.ellyn.gormley@acgov.org; (510) 272-6700 x 26717; Office of the County Counsel, Alameda County; 1221 Oak St., Suite 450, Oakland, CA 94612

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   CV10-02507 LHK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                          *Server's signature*

                               _____
                                          *Printed name and title*

                               _____
                                          *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1     RE:    IN THE MATTER OF J.H., A MINOR, ET AL. V. YOLANDA BALDOVINOS, ET AL.
               United States District Court – Northern District of California (San Jose Division)
2                Case No. C 10-2507 LHK

3                               **PROOF OF SERVICE**

4         I am a citizen of the United States, over the age of 18 years and not a party to
the within entitled action.  I am employed at the Office of the County Counsel, County of
5 Alameda, 1221 Oak Street, Suite 450, Oakland, California 94612-4296.

6         On the below date, I served the attached:

7         **Notice to Consumer and**

8         **Subpoena to Produce Documents, Information, or Objects or to Permit
Inspection of Premises in a Civil Action**
9
    in the above-mentioned matter on the parties to this action by placing a true copy
10 thereof in a sealed envelope, addressed as follows:

11

| Aaron Cohn<br>Matthew Vafidis<br>HOLLAND & KNIGHT<br>50 California Street<br>Suite 2800<br>San Francisco, CA 94111<br>Tel: 415-743-6900<br>Fax: 415-743-6910 | *Plaintiff Belinda K⬛* |
|---|---|

12

13

14

15

16

17   ☒    BY CERTIFIED MAIL: I am readily familiar with the Office of the County
18         Counsel, Alameda County's practice for collecting and processing
correspondence for mailing.  On the same day that correspondence is placed for
19         collection and mailing, it is deposited in the ordinary course of business with the
United States Postal Service in the City of Oakland, California, in a sealed
20         envelope with postage fully prepaid.

21   ☐    BY FACSIMILE: I caused a copy (or copies) of such document(s) to be sent via
22         facsimile transmission to the office(s) of the addressee(s).

23         I declare under penalty of perjury that the foregoing is true and correct and that
this declaration was executed at Oakland, California on January 21, 2011.
24

25

26                                 Lydia E. Smith

27

28