UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BELINDA K. and J.H., her minor son,<br><br>    Plaintiffs,<br><br>  v.<br><br>YOLANDA BALDOVINOS, et. al.,<br><br>    Defendants. | Case No.: C 10-02507 PSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SHORTEN TIME**<br><br>**(Re: Docket No. 85)** |

On Friday, January 28, 2011, Plaintiff Belinda K. ("Belinda K.") filed a motion to quash subpoenas served on non-party medical providers, a motion for a protective order, and an *ex parte* motion to shorten time for hearing those motions. Belinda K. argues that unless the court hears her motions to quash and for a protective order before Wednesday, February 2, 2011, the date on which the subpoenas request production, she will suffer substantial harm and irreparable prejudice by any production or attempt by the non-party medical providers to comply with the subpoenas.

On January 31, 2011, Defendants filed an opposition to the *ex parte* motion to shorten time. (*See* Opp'n to Ex Parte App.) Defendants argue that Belinda K. failed to deliver a copy of the *ex parte* motion to Defendants on the day the motion was filed, as required by Civ. L.R. 6-5(b). Additionally Defendants argue that Belinda K.'s objection to the subpoenas is sufficient to prevent the records from being produced on February 2, 2011, and thus Belinda K. has not demonstrated good cause for hearing the motion to quash and for a protective order on shortened

ORDER, *page 1*

1  time.

2  The Health Insurance Portability and Accountability Act (42 U.S.C. § 1320d "HIPAA") provides that covered health care providers may only use or disclose protected health information under certain circumstances defined by the regulations promulgated under HIPAA. *See* 45 CFR § 164.502(a). The starting point for the HIPAA regulations at issue is 45 CFR § 164.512(e)(1), which governs the disclosure of confidential health information in judicial proceedings. This regulation allows disclosure in response to a subpoena (and without a court order) in two circumstances. *See* 45 CFR § 164.512(e)(1)(ii); *Rosales v. City of Bakersfield*, No. 1:05-CV-0237 REC TAG, 2006 WL 988605, at *3 (E.D. Cal, Apr. 13, 2006).

Disclosure is permitted if the party seeking the information notifies the patient. The requesting party must also inform the covered provider that the patient failed to object to the subpoena or that the court resolved those objections to allow disclosure. *See* 45 CFR § 164.512(e)(1)(ii)(A) and (iii)(C). Alternatively, disclosure is permitted if the requesting party supplies the covered provider with documentation demonstrating either that the parties agreed to a qualified protective order and presented it to the court, or that the requesting party applied for a qualified protective order from the court. *See* 45 CFR § 164.512(e)(1)(ii)(B) and (iv); *Evans v. Tilton*, No. 1:07-CV-01814-DLB PC, WL 3745648, at *2-3 (E.D. Cal Sep. 16, 2010) (finding that HIPAA was violated by disclosure when the patient objected and the requesting party did not apply for a protective order).

Belinda K. has objected to the subpoenas and Defendants have not requested a qualified protective order or filed a stipulated order with the court. Thus, if the non-party medical providers are covered entities under HIPAA, HIPAA prohibits them from disclosing Belinda K.'s protected health information until the court resolves Belinda K.'s objections, and there is no need to accelerate the date of that resolution. It appears that at least some of the subpoenas have been directed to health care providers covered by HIPAA.

An order shortening time on a motion necessarily delays resolution of other matters pending before the court. Because a motion for such an order is effectively a request to jump the line, good cause is required. *See* Fed. R. Civ. P. 6(c)(1)(C). In light of the HIPAA regulations

1  prohibiting disclosure where the patient has objected to a subpoena to a covered provider, the
2  court finds no good cause in this instance. Accordingly,
3     IT IS HEREBY ORDERED that Belinda K.'s motion to shorten time is DENIED without
4  prejudice to her filing another motion on or before February 2, 2011 explaining why HIPAA does
5  not apply to these subpoenas or any other reason why shortening time is nevertheless appropriate.
6     IT IS FURTHER ORDERED that Defendants will serve the healthcare providers that
7  received the subpoenas at issue with a copy of this order, which notes Defendants'
8  acknowledgment that "no records will be produced on February 2, 2011." (*See* Opp'n at 3:7.)

Dated: February 1, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge