ARCHIE OVERTON
1986 Washington Avenue #A
San Leandro, CA. 94577
Phone (510)352-1449
Email archie64ss@yahoo.com
Pro Se

FILED

2011 FEB -7 P 1: 34

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ARCHIE OVERTON,<br>Pro Se,<br><br>By Special Appearance<br><br>vs.<br><br>YOLANDA BALDOVINOS, et al.,<br><br>Respondents. | Case No. 5:10-cv-02507-LHK-PSG<br><br>**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER AND REQUEST FOR SANCTIONS**<br><br>Fed. R. Civ. P. 26(c) and 45(c)(3) and 45(d)(2) and Federal Rules of Evidence 501 and Sanctions pursuant to Fed. R. Civ. P.37<br><br>Date: March 15, 2011<br>Time: 10:00a.m.<br>Dept.: Ctrm 5, 4th Fl.<br>Judge: Hon. Paul Singh Grewal |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rules of Civil Procedure 26(c) and 37, 45(c)(3), and Federal Rules of Evidence 501, Archie Overton[1] ("Overton") moves this Court, at its scheduled hearing on March 15th, 2011, to quash subpoenas for "medical records, including any

---

[1] Archie Overton, hereafter Archie or Overton.

MOTION TO QUASH – OVERTON - 5:10-cv-02507-LHK-PSG - 1

psychiatric or psychological treatment and treatment for substance abuse" issued by the County of Alameda ("County") for constitutionally protected confidential records of non-party Overton and sent to third non-party medical, and mental health providers of Overton.

Overton also moves for a protective order preventing the County from seeking medical records of Overton in the future. Overton also moves for sanctions against the County for reimbursement of expenses, abuse of process and to restore the dignity of this Court.

Overton requests, in this special appearance, without granting jurisdiction of his person for this motion that this motion be heard simultaneously before Magistrate Judge Paul Singh Grewal on March 15th, 2011, the date set by this Court to hear the other outstanding motions to quash, and in compliance with Magistrate's Grewal's order, dated February 2nd, 2011. To be heard at the same date and time as the underlying attorneys who will be discussing the same subject for their clients in order to conserve judicial and litigant resources.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The County recently issued a number of subpoenas dated December 1, 2010 and January 19, 2011 to third-party medical, and mental health providers of Overton. Overton is not a party to this action. The County seeks these records to, *ex-post facto*, somehow bolster proof of their actions in the State Court juvenile proceedings, the medical records sought are irrelevant to any of the juvenile proceedings, or to the proceedings before this Court.

The records and documents the County seeks are constitutionally protected, confidential medical records, under doctor-patient privilege and/or psychotherapist-patient privilege under the Fourth Amendment of the United State Constitution, and Federal Rules of Evidence, rule 501. The privilege belongs to Overton and Overton objects to this fishing expedition and does not grant consent to his confidential records. County Counsel knew or should have known that these

records cannot be compelled under the circumstances of this case. County Counsel never even made a courtesy call to Mr. Overton seeking his consent.

Rather, in a continuing pattern of abuse of citizen rights, County Counsel overburdened Mr. Overton by their overreaching with the subpoena power of the Court seeking medical records that could not, and do not, have ANY possible bearing in the case at bar, that are protected confidential records that cannot be compelled by this Court or any other, as explained by the United States Supreme Court, cited below.

Overton has incurred lost wages and has had noted on his employment record an unscheduled occurrence of missing work, requirements of his union contract, because he must respond and appear to defend against this completely unnecessary subpoena action instigated by Alameda County through County Counsel.

Overton requests that this Court quash the subpoena's, issue a protective order to prevent future invasions of his privacy, and issue sanctions against County Counsel and/or the County of Alameda for the expenses he has incurred, and for abuse of process. Overton, who is Pro Se, will leave it to the discretion of this Court as to whom this Court determines is responsible for the reimbursing Mr. Overton's expenses. Finally, Overton pleads for this Court to do something to reign in the conduct of County Counsel, whose continued habits of harassment and abuse of law abiding citizens seems to know no bounds.

Overton, who could have been asked by County Counsel for consent to these records, was not asked. It is well settled and established by the common law that such records are protected, confidential and may not be subject to compelled disclosure against Overton's refusal to grant consent. *Jaffee v Redmond*, 518 U.S. 1 (1996) (quoting the holding…..below, in relevant part…)

"(b) Significant private interests support recognition of a psychotherapist privilege. Effective psychotherapy depends upon an atmosphere of confidence and

MOTION TO QUASH – OVERTON - 5:10-cv-02507-LHK-PSG - 3

trust, and therefore the mere possibility of disclosure of confidential communications may impede development of the relationship necessary for successful treatment. The privilege also serves the public interest, since the mental health of the Nation's citizenry, no less than its physical health, is a public good of transcendent importance. In contrast, the likely evidentiary benefit that would result from the denial of the privilege is modest. That it is appropriate for the federal courts to recognize a psychotherapist privilege is confirmed by the fact that all 50 States and the District of Columbia have enacted into law some form of the privilege, see Trammel v. United States, 445 U.S., at 48 -50, and reinforced by the fact that the privilege was among the specific privileges recommended in the proposed privilege rules that were rejected in favor of the more open-ended language of the present Rule 501. Pp. 7-13.

... <u>The balancing component implemented by the Court of Appeals and a few States is rejected, for it would eviscerate the effectiveness of the privilege by making it impossible for participants to predict whether their confidential conversations will be protected.</u> Because this is the first case in which this Court has recognized a psychotherapist privilege, it is neither necessary nor feasible to delineate its full contours in a way that would govern all future questions. Pp. 13-16. 51 F. 3d 1346, affirmed." [Emphasis added]

**II. THE SUBPOENAS RELATED TO OVERTON, WHO IS NOT A PARTY TO THIS CASE SHOULD BE QUASHED BECAUSE THE MEDICAL RECORDS ARE IRRELEVANT AND ARE PROTECTED.**

The medical record subpoenas related to Archie seek documents that are irrelevant, will not lead to admissible evidence, and are privileged. It is appropriate to quash "[o]verbroad subpoenas seeking irrelevant information." *Gonzalez v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (internal citation omitted). Moreover, upon a timely motion, the court issuing such a subpoena shall quash it if it determines that the

subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).

While relevance for purposes of discovery is defined broadly, the right to discovery is not unlimited and does have "ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). "Further limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege." *Id.* at 508. See also: *Jaffee v Redmond*, 518 U.S. 1 (1996).

The importance of this issue is heightened by the fact that these medical records are constitutionally protected and protected by the California Code of Evidence. *See People v. Gonzales*, --- Cal.Rptr.3d ----, 2011 WL 242751, at * (6th Dist. Cal. App., Jan. 27, 2011) (discussing the broad scope of courts recognizing medical records privacy rights, and quashing the County's medical record subpoenas); *Rangel v. American Medical Response West*, Case No. 09-CV-01467, slip copy 2010 WL 5477675, at *4 (E.D. Cal. 2010) ("The burden is on the party seeking discovery of constitutionally protected information to establish direct relevance."); *In re Lifschutz* (1970) 2 Cal.3d 415 (California Supreme Court recognizing the constitutionally protected psychotherapeutic privacy right); *Fitzgerald v. Cassil*, 216 F.R.D. 632 (N.D. Cal. 2003) (quashing subpoenas after concluding plaintiff had not waived the psychotherapist-patient privilege); *Gardia v. San Jose State University*, Case No. C04-04086, 2007 WL 2428031 (N.D. Cal. 2007) (unpublished) (quashing subpoenas of medical records where health was not at issue in the case); Cal. Evidence Code § 990 et seq. (creating statutory medical-patient privilege and defining exceptions, which do not include juvenile dependency proceedings). Considering that medical records are highly sensitive and fall within the constitutionally protected zone of privacy, and would not be discoverable in state court proceedings subject to California's evidence code, the Court should quash the subpoenas related to Overton's medical records.

MOTION TO QUASH – OVERTON - 5:10-cv-02507-LHK-PSG - 5

### III. THE COUNTY INCORRECTLY BELIEVES THAT OVERTON'S MEDICAL RECORDS ARE RELEVANT TO THE OUTCOME OF A CONTESTED JURISDICTIONAL HEARING THAT WAS NEVER TRIED BY THE JUVENILE COURT AND THAT HE IS NOT A PARTY TO.

As Overton understands it, the County believes Archie's medical records may reveal information that will prove that the outcome of the juvenile proceedings would have been the same.

Even if Archie's medical records were relevant to that hearing, which they are not, Overton is still is not a party to the case at hand and still holds a protected privacy interest to his medical records that should not be discoverable in this case without his consent. *See* Cal. Evid. Code § 990 et seq. (the medical privilege belongs to the patient and none of the exceptions in the evidence code apply to juvenile proceedings); Cal. Rule of Court, Rule 5.546, subsection (g) ("on a showing of privilege or other good cause, the court may make orders restricting disclosures" in juvenile court proceedings); *In re Dolly A.* (1986) 177 Cal.App.3d 195, 203-04 (affirming denial of discovery of medical and other records in a juvenile dependency proceedings that may be privileged); *Rudnick v. Superior Court* (1974) 11 Cal.3d 924, 932-933 (court has discretion to protect privilege of absent third party on its own motion). AND see Federal Rules of Evidence, Rule 501, *Jaffee v Redmond*, 518 U.S. 1 (1996), holding that psychotherapist patient privilege records and communications are protected from compelled disclosure under Rule 501.

### IV. ALAMEDA COUNTY KNOWS AND PARTICULARLY COUNTY COUNSEL KNOWS THAT THERE WAS NO ABUSE AND THAT THEY HAVE HAD IN THEIR POSSESSION INDISPUTABLE PROOF THAT NO ABUSE OCCURRED TO THE MINOR AT THE CENTER OF THIS CASE.

SEE DOCUMENTS FILED UNDER SEAL WITH THIS MOTION

1. [SEE First Document School Principal's Declaration filed under seal with this Motion, AC 0003] The County has a copy, which they provided in discovery in this case, of the "declaration" of the school principal who claimed that the minor admitted to her that he was sodomized by his "step-dad" (and it was assumed it was Mr. Overton, the minor has two fathers, neither was specifically named) while his mother watched. This declaration full of hearsay is inadmissible evidence under the authority of the United States Supreme Court, as held in <u>Crawford v Washington,</u> 541 U.S. 36 (2004). [Overruling the "indicia of reliability" of Ohio v Roberts.]
    a. California, however, usurps the authority of the United States Supreme Court, and in this case, The Indian Child Welfare Act, requiring "clear and convincing evidence; violating the civil rights of the minor and his Mother, by allowing for admission of hearsay in juvenile dependency proceedings, under its Welfare and Institutions Code section 355, which provides that anything written by the Social Workers in their reports and submitted to the States Juvenile Courts **is competent evidence**, and must be accepted by the Juvenile Courts.
2. [See Second Document filed under Seal with this Motion, AUTHORIZATION FOR NON-ACUTE SEXUAL ASSUALT EXAM, signed by Linda Fuchs, on December 26, 2006, AC000103] This consent form was initiated by Linda Fuchs, a Social Worker with the Alameda County Department of Social Services, which should have lead to the examination of the minor on January 2nd, 2007. However, Children's Hospital refused to conduct the exam, because Ms. Fuchs was not the legal guardian or parent of the minor.

MOTION TO QUASH – OVERTON - 5:10-cv-02507-LHK-PSG - 7

3. [See Third Document filed under Seal with this Motion, AUTHORIZATION FOR NON-ACUTE SEXUAL ASSUALT EXAM, signed by Belinda Kirk, Mother, on January 2nd, 2007, AC000104] This consent form was secured by Linda Fuchs from the Mother immediately after she lost custody to the Juvenile Court who took jurisdiction of the minor at the jurisdictional hearing of January 2nd, 2007. Ms. Fuchs knew that Mother was represented by Counsel, yet still violated Mothers right to counsel by approaching her directly.

4. [See Third Document filed under Seal with this Motion, REPORT OF NON-ACUTE SEXUAL ASSUALT EXAM, signed by Dr. James Crawford, on January 16th, 2007, AC000162 and AC000163] This report is indisputable evidence that the minor was not sexually abused by anyone, there is more to this report, but County Counsel has so far refused to produce either the pictures that were taken or any other related notes, yet has ordered the hospital not to release any of this exam to the Mother. Is this Brady v Maryland violations, or is County Counsel exempt from these rules as well?

Mr. Overton is left to believe that County Counsel's conduct is an effort to "protect" their client, the Social Workers of the Alameda County Department of Social Services. County Counsel also has an ethical obligation not to pursue false allegations or to make misrepresentations to either the State Courts or this Court.

At what point, and after how many parades before the Courts will any judicial officer reign in this terror of conduct by County Counsel.

The above documents have been produced for this Court so that the truth might prevail. Mr. Overton is a law abiding citizen, who has served his County

MOTION TO QUASH – OVERTON - 5:10-cv-02507-LHK-PSG - 8

honorably. Mr. Overton has never been arrested, indicted, or charged with anything in his entire life. (See Overton Declaration attached.)

In Fact, Mr. Overton was never even listed as is "mandatory" under California Penal Code section 11165.9, if he was an alleged perpetrator of child abuse, and the allegation was either substantiated or unsubstantiated. Only those allegations determined as UNFOUNDED are not to be listed. Neither the San Leandro City Police nor Alameda County Department of Social Services has ever reported Mr. Overton to the California Department of Justice to be listed on the CACI. (California Child Abuse Central Index) See CACI Letter attached to Mr. Overton Declaration as indisputable proof.

**V. THE COURT SHOULD ISSUE A PROTECTIVE ORDER PROHIBITING ANY FURTHER DISCOVERY OF ARCHIE'S MEDICAL RECORDS.**

For the reasons stated above, the medical records of Overton are irrelevant to the issues of this case. Overton has not waived his constitutional privacy right to these records. Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), this Court should quash the subpoenas at issue here, and issue a protective order prohibiting the County from seeking his medical records to prevent undue burden of challenging (possible) future subpoenas and to prevent annoyance and potential invasion of his privacy rights. *See* Fed. R. Civ. Pro. 26(c).

**VI. THE COURT SHOULD ISSUE SANCTIONS AGAINST ALAMEDA COUNTY AND OR COUNTY COUNSEL FOR OVERBURDENING OVERTON AND ABUSE OF PROCESS AND TO REIMBURSE OVERTON FOR HIS LOST WAGES AND EXPENSES OF DEFENDING THIS UNNECESSARY ACTION.**

Overton has, so far, lost one day's pay, (8 hours) at an hourly rate of 41.45, a total of lost wages, of 331.60. Overton may lose an additional day of pay for his appearance on March 15th, 2011. Additionally, Overton has incurred expenses of $40.00 for a process server, and has incurred other incidental expenses to travel about for the process server and to appear before this

Court to defend his privacy rights. Mr. Overton should be reimbursed for these expenses. (See Overton Declaration, generally.)

### VII. CONCLUSION

For the foregoing reasons, Overton respectfully requests that his Motion be granted, that the subpoenas served on non-party medical providers be quashed, and that the Court issue a protective order limiting the scope of discovery by preventing the County from seeking any medical records for Overton in the future, and that the Court issue sanctions against Alameda County and or County Counsel who have unfairly burdened Overton, and abused this Court's subpoena power. The failure of this Court to reign in the conduct complained of here will only invite further abuse, or condone the incompetence that lead to it. Please, Overton pleads, having struggled to comply with the rules and always striving to do right because it is right, Overton has a right to expect that this Court will require the same of its "officers" as well.

Respectfully submitted,

Dated: February 7th, 2011       Archie Overton

*Archie W. Ovt* (signature)

Archie Overton
Pro Se