**HOLLAND & KNIGHT LLP**
Matthew P. Vafidis (California Bar No.103578)
Aaron M. Cohn (California Bar No. 264756)
Shannon K. Little (California Bar No. 260342)
50 California Street, 28th Floor
San Francisco, California 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
Email: matthew.vafidis@hklaw.com
       aaron.cohn@hklaw.com
       shannon.little@hklaw.com

Attorneys for Petitioner **BELINDA K.**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| BELINDA K. and J.H. her minor son,<br><br>Petitioner,<br><br>vs.<br><br>YOLANDA BALDOVINOS, et al.,<br><br>Respondents. | Case No. 5:10-cv-02507-LHK<br><br>**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION FOR LEAVE TO FILE AN AMENDED PETITION**<br><br>**Rule 15(a)**<br><br>Date:   March 31, 2011<br>Time:  1:30 p.m.<br>Before: Hon. Lucy H. Koh |

## NOTICE OF MOTION

NOTICE IS HEREBY GIVEN that on March 31, 2011 at 1:30 p.m., or as soon thereafter as counsel may heard, Petitioner Belinda K. ("Petitioner") will move this Court for an Order granting leave to file an amended petition in the form attached hereto as Exhibit A, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

The motion shall be made on the grounds, as more particularly set forth in the points and authorities below, that granting leave to amend will result in an amended petition that comports

1  to prior orders of this Court, contains re-stated and clarified claims under the Indian Child
2  Welfare Act, 25 U.S.C. §§1901 *et seq*. (ICWA), establishes a foundation for summary
3  adjudication of this litigation, and avoids inadvertent disclosure of confidential or otherwise
4  sensitive information.  Granting leave to amend the Petition will promote justice, fairness and
5  judicial economy, and will avoid the risk of imposing undue expense and inconvenience on the
6  Court and the Parties.

7  The motion is supported by the Declaration of Shannon Little, ("Little Declaration"), and
8  the Declaration of Aaron Cohn, ("Cohn Declaration") and is accompanied by a proposed
9  Amended Petition and a proposed Order, all of which are filed herewith.

## STATEMENT OF RELIEF REQUESTED

11  By this motion, Petitioner seeks an order granting Petitioner leave to file an Amended
12  Petition, in the form attached to this motion as Exhibit A, and ordering that this litigation
13  proceed, as scheduled, under the Amended Petition.

## POINTS AND AUTHORITIES IN SUPPORT OF MOTION

### I.   SUMMARY

16  Under Federal Rules of Civil Procedure, Rule 15(a), a district court should liberally grant
17  leave to file amended pleadings when justice requires.  This is particularly true when applied to a
18  *pro se* plaintiff's pleadings.  In this case, where the original Petition was filed by Petitioner acting
19  *in pro per*, and Petitioner's current *pro bono* counsel was appointed only seven weeks before the
20  filing of this motion, justice and judicial economy will be best served through an order granting
21  leave to file an amended petition.  An amended petition will save time and expense for all Parties
22  and will support summary adjudication of the ICWA claims that remain in this case.

### II.   ARGUMENT

#### A.   Legal Standards

25  Federal Rules of Civil Procedure, Rule 15(a)(2) provides that courts should "freely give
26  leave when justice so requires." *See also, Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048,
27  1051 (9th Cir. 2003) (per curiam) (stating that Rule 15 "is to be applied with extreme liberality")
28  (internal quotation marks omitted); *Verizon Del. Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081,

- 2 -

Petitioner Belinda K.'s Motion for Leave to Amend the Petition         USDC, N.D., Cal. Case 5:10-cv-02507-LHK

1091 (9th Cir. 2004) (holding that granting a defendant's motion to strike a plaintiff's complaint without granting the plaintiff leave to amend would directly contradict Fed.R.Civ.P. 15(a)'s policy favoring liberal amendment).  A court exercising its discretion to allow an amended pleading "acts in conformance with the underlying purpose of Rule 15--to facilitate decision on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

When applied to a *pro se* plaintiff's complaint, the policy favoring leave to amend is applied even more liberally. *See Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987).  With this policy in mind, whether leave to amend should be granted is generally determined by considering the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party.  *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991).  However, these factors are not of equal weight, and the fact that an amendment is offered late in a case is, alone, not enough to bar it.  *See Webb, supra*, 655 F.2d at 979, citing *Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973). These four factors are discussed below.

### B.     Discussion

#### 1.     The Amended Petition Will Not Cause Undue Delay.

This Court appointed Holland & Knight LLP as *pro bono* counsel for Petitioner through its Order Appointing Plaintiff Pro Bono Counsel, on January 3, 2011. (Dkt. No. 73).  Because of the complexity of the history of this case and the State dependency matters that underlie the Petition, and the complexity of ICWA, it took approximately six weeks to meet with Petitioner and gain an understanding of the history of the case and remaining legal issues so that a proper and accurate Amended Petition could be drafted.

Counsel provided our draft, with a request to Respondent Alameda County Social Services Agency ("Agency" or "Respondent") to stipulate for filing of the Amended Petition, on February 16, 2011, approximately six weeks after being appointed to represent Petitioner. (Little Declaration, submitted herewith, ¶ 2).  Six weeks is not an unreasonable time.

//
//

- 3 -

Petitioner Belinda K.'s Motion for Leave to Amend the Petition

USDC, N.D., Cal. Case 5:10-cv-02507-LHK

As established in this Court's Minute Order and Further Case Management Order, dated January 26, 2011, the Court has established a Discovery Cutoff of May 1, 2011, a Last Day to File Dispositive Motions of May 19, 2011, a Hearing on Dispositive Motions on June 23, 2011, and a trial commencing August 29, 2011. (Dkt. No. 81 at 1).

As described herein, we anticipate that this case may well be resolved through a motion for summary judgment. The factual issues, as set forth in the proposed Amended Petition, are based on transcripts, reports and other documents that are already in the possession of Petitioner and Respondent. Very few factual issues of this case will be in dispute; rather, the issues of the case will focus on whether Respondent adequately complied with the procedural requirements of ICWA in the underlying State court dependency proceedings.

This proposed Amended Petition will not delay or derail the discovery cutoff and litigation schedule set forth in the Court's most recent Minute Order, and will not result in undue delay in the case. *See Texaco, Inc. v. Ponsoldt*, supra, 939 F.2d at 798 ("Undue delay is a valid reason for denying leave to amend… Some courts have stressed prejudice to the opposing party as the key factor.")

### 2. Respondent Has Been Informed of the Proposed Amended Petition, Which Is Clearly Submitted in Good Faith.

The Amended Petition does not raise facts or issues of non-compliance with ICWA that were not referenced in the original Petition.  Moreover, at the January 26, 2011 Case Management Conference, Petitioner's counsel conferred with counsel to Respondent, and informed her that we would likely seek leave to amend the original Petition.  (Cohn Declaration, submitted herewith, ¶2).  Counsel for Respondent has also been on notice of the gravamen of the claims in this Amended Petition since the filing of the original Petition, and has been on notice of the likelihood of an Amended Petition since early in our appointment as Petitioner's counsel. Petitioner's request for leave to amend is made in good faith.  Petitioner's counsel has communicated openly with counsel for Respondent regarding the planned amendment.

There is no reasonable basis to conclude that this amendment is sought in anything other than good faith.  Petitioner has been completely open about the need for the amendment.

- 4 -

| Petitioner Belinda K.'s Motion for Leave to Amend the Petition | USDC, N.D., Cal. Case 5:10-cv-02507-LHK |

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900

1  Respondent's counsel is not faced with any new issues. *Compare Texaco, Inc. v. Ponsoldt*,
2  supra, 939 F.2d at 798 (denying a motion for leave where amendment was filed nearly two years
3  after the initial complaint, requested money damages that were not sought previously).

4      The procedural ICWA claims outlined in the Amended Petition rest on what we believe
5  will be undisputed facts, and we anticipate that the case will be resolved through summary
6  adjudication. To that end, the proposed Amended Petition merely provides a means to give clear
7  notice to Respondents and the Court as to the legal provisions and factual allegations that would
8  support Petitioner's motion for summary judgment.

9      The proposed Amended Petition will promote justice, fairness and judicial economy, and
10 will avoid the risk of imposing undue expense and inconvenience on the Parties and the Court.
11 Although the proposed Amended Petition more clearly describes the requirements of ICWA and
12 will require a more careful evaluation of the Agency's application of the law, because the
13 proposed Amended Petition seeks to streamline the case, it will allow Respondent to target its
14 own litigation strategy, resulting in no prejudice.

15     **3.  Amending the Petition Is Not Futile and Will Instead Clarify the
16     Issues in the Case for the Parties and the Court.**

17     This Court has issued two Orders eliminating multiple factual and legal issues raised in
18 the original Petition. Specifically, in an Order to Show Cause dated June 22, 2010, Judge Breyer
19 dismissed the Petitioner's claims for federal habeas corpus relief under 28 U.S.C. §2254. (Dkt.
20 No. 12 at 3). In that same Order to Show Cause, Judge Breyer also denied Petitioner's request to
21 remove that the State court dependency proceedings be removed to this Court, pursuant to 28
22 U.S.C. §1443, because of violations of her constitutional rights and an inability to enforce them
23 in State court. (Dkt. No. 12 at 4).

24     Subsequently, this Court issued its Order Denying Motion to Dismiss in Part and
25 Remanding in Part, and Dismissing Certain Respondents, on September 21, 2010. (Dkt No. 55).
26 In this Order, the Court:

27     (1) Denied Petitioner's request to remove the State dependency proceedings to this
28 Court, pursuant to 28 U.S.C. section 1443 and the ICWA violations, and remanded the

- 5 -

| Petitioner Belinda K.'s Motion for Leave to Amend the Petition | USDC, N.D., Cal. Case 5:10-cv-02507-LHK |
|---|---|

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900

1  dependency proceedings to the Superior Court (Dkt. No. 55 at 10);

2      (2)   Dismissed several Respondents with prejudice (Dkt. No. 55 at 12-13); and

3      (3)   Denied Petitioner's request for appointed counsel in the District Court (Dkt. No. 55

4  at 13).

5      The Court also denied Respondent's motion to dismiss based on statute of limitations

6  (Dkt. No. 55 at 5), failure to state a claim regarding ineffective assistance of counsel (Dkt. No.

7  55 at 11), and abstention grounds (Dkt. No. 55 at 5).

8      The Court's rulings have thus significantly narrowed the bases for relief in this case.

9      The factual allegations in the original Petition were broad-ranging and used to support

10  myriad Federal and State claims, many of which are no longer relevant because of the Court's

11  Orders. The proposed Amended Petition targets the factual allegations to those facts relevant to

12  the ICWA claims and allows the Parties and the Court to focus narrowly on the remaining claims

13  and outstanding issues, including the applicable statute of limitations.

14      This simplified and more directed Amended Petition will thus allow the Parties to address

15  the issues of the case in a straightforward manner on summary judgment. Therefore, rather than

16  causing undue delay, the filing of the proposed Amended Petition will likely clarify, simplify and

17  shorten the course of this case. The original Petition raised various issues under ICWA sections

18  1912 and 1913. The proposed Amended Petition clarifies these claims. Since none of the

19  Court's Orders has addressed the substantive ICWA claims in this case, Petitioner's claims under

20  sections 1912 and 1913 of the statute remain at issue in this case.

21      In addition, we anticipate this case will be decided by summary judgment. Our proposed

22  Amended Petition provides a clearer picture of Petitioner's claims and focuses squarely on the

23  issues that remain in question. In addition, the proposed Amended Petition responds to the

24  Court's dismissal of Respondent Yolanda Baldovinos, which the Court issued with leave to

25  amend to allege claims against the Agency. (Dkt. No. 55 at 12). Finally, the proposed Amended

26  Petition eliminates extraneous Respondents who have been dismissed by the Court, and

27  extraneous claims against these Parties. As a result, myriad factual allegations that were made in

28  the original Petition have also been culled, providing a more focused and concise Amended

Petitioner Belinda K.'s Motion for Leave to Amend the Petition      USDC, N.D., Cal. Case 5:10-cv-02507-LHK

1 Petition.

### 4. **There is No Prejudice to Respondents in Amending the Petition.**

The Court established a Discovery Cutoff of May 1, 2011, a Last Day to File Dispositive Motions of May 19, 2011, a Hearing on Dispositive Motions on June 23, 2011, and a trial commencing August 29, 2011. (Dkt. No. 81 at 1). To date, no discovery has been conducted by either party except for initial disclosures, which were completed prior to our assignment as counsel in this case. Moreover, the Amended Petition has not raised facts or issues of non-compliance with ICWA that were not referenced in the original Petition. Indeed, the proposed Amended Petition simply re-states and clarifies Petitioner's claims against the Agency, under sections 1912, 1913 and 1914 of ICWA.

There can be no reasonable allegation that Respondent is prejudiced by an amendment at this stage. Leave to amend was requested, after due notice, only six weeks after Petitioner's counsel were instructed in the case and this motion was brought at the earliest opportunity after Respondent's counsel refused to stipulate to the filing of an Amended Petition. (Little Declaration, submitted herewith, ¶5-6).

### 5. **The Amended Petition Avoids Disclosure of Confidential or Other Sensitive Information.**

In its Order Granting Motion to Seal and Ordering County to Submit Redacted Versions of Sealed Documents (Dkt. No. 72 at 1), and subsequent Minute Order allowing the Parties to refer to Petitioner as Belinda K. in the case caption and any pleadings (Dkt. No. 81 at 1), the Court recognized that documents that have been filed in this case contain sealable information relating to Petitioner, her minor son, and the circumstances of the State dependency proceedings. As a result, many documents that the Parties must reference and/or attach in the upcoming proceedings will likely contain confidential or sealable information, requiring the filing of Administrative Motions to Seal under Civil Local Rule 79-5. (See Dkt. No. 72 at 2).

Through the Amended Petition, Petitioner has narrowed the universe of relevant facts to those that specifically pertain to the Agency's and Alameda County Superior Court's compliance with the provisions of ICWA, avoiding most, if not all, allegations pertaining to confidential or

- 7 -

Petitioner Belinda K.'s Motion for Leave to Amend the Petition

USDC, N.D., Cal. Case 5:10-cv-02507-LHK

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900

sealable information.  By focusing on the procedural requirements of ICWA, adjudication of the Amended Petition will no longer risk public disclosure of confidential information and will no longer necessitate the processes of Civil Local Rule 79-5, thereby conserving the time and resources of the Parties and the Court.

## III.   CONCLUSION

For all of the foregoing reasons, Petitioner respectfully requests that the Court issue an order granting leave to file an amended petition, in the form submitted herewith as Exhibit A, and ordering that this litigation proceed, as scheduled, under the Amended Petition.

Respectfully submitted,

Dated:  February 24, 2011             HOLLAND & KNIGHT LLP


/s/ Shannon K. Little
Shannon K. Little
Attorneys for Petitioner BELINDA K.