UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| BELINDA K. and J.H., her minor son, | ) | Case No.: 10-CV-02507-LHK |
| | ) | |
| Petitioners, | ) | |
| v. | ) | ORDER GRANTING LEAVE TO |
| | ) | AMEND COMPLAINT |
| YOLANDA BALDOVINOS, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner moves to file a First Amended Petition. Respondent the County of Alameda opposes the motion. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for decision without oral argument. Accordingly, the motion hearing set for March 31, 2011 is vacated. However, the Court will hold a Case Management Conference on March 31, 2011 at 1:30 p.m. as scheduled.

For the reasons discussed below, Petitioner's request is GRANTED.

I. Introduction and Background

Petitioner filed her initial petition in this matter on her own behalf, without representation. The petition is 73 pages long, not including attachments. The petition asserted three separate grounds for relief. First, Petitioner attempted to remove ongoing child custody review hearings from the Alameda County Superior Court. Second, she sought review of those proceedings under

1

the Indian Child Welfare Act (ICWA), 25 U.S.C. § 1901 et seq.  Third, Petitioner sought a writ of habeas corpus under 28 U.S.C. § 2254.  The first and third grounds for relief were denied by previous Orders of the court.  *See* Dkt. No. 12 (dismissing request for habeas corpus relief); Dkt. No. 55 (denying request to remove state court dependency hearings).  Private counsel appeared on behalf of Petitioner on July 27, 2010, but withdrew on December 1, 2010.  In the Order approving the withdrawal, the Court referred Petitioner to the Federal Pro Bono Project.  *See* Dkt. No. 64.  Pro bono counsel appeared on behalf of Petitioner on January 3, 2011.  Dkt. No. 73.  On February 24, 2011, Petitioner (through counsel) filed a Motion for Leave to File an Amended Petition (FAP).  *See* Dkt. No. 103 (Motion).

The proposed FAP separately asserts the following alleged ICWA violations: (1) inadequate notice to the tribe, pursuant to 25 U.S.C. § 1912(a); (2) ineffective assistance of counsel, pursuant to 25 U.S.C. § 1912(b); (3) denial of access to reports and other documents, pursuant to 25 U.S.C. § 1912(c); (4) insufficient efforts to prevent breakup of the Indian family, pursuant to 25 U.S.C. § 1912(d); (5) insufficient evidence to support foster care placement order, pursuant to 25 U.S. C. § 1912(e); (6) invalid waiver, pursuant to 25 U.S.C. § 1913(a); and (7) withdrawal of consent to foster care placement, pursuant to 25 U.S.C. § 1913(b).

I.      Legal Standard

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days of serving it.  Fed. R. Civ. Pro. 15(a)(1).  After that initial period has passed, amendment is permitted only with the opposing party's written consent or leave of the court.  *Id.* 15(a)(2).  Rule 15 instructs that "[t]he court should freely give leave when justice so requires."  *Id.*  Although this rule "should be interpreted with extreme liberality, leave to amend is not to be granted automatically."  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (internal citation and quotation marks omitted).  Courts commonly consider four factors when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980,

2

Case No.: 10-CV-02507-LHK
ORDER GRANTING LEAVE TO AMEND

986 (9th Cir. 1999). Of these factors, prejudice to the opposing party is the most important. *Jackson*, 902 F.2d at 1387.

II. Analysis

In this case, Respondent argues that granting leave to amend would unduly delay the case and prejudice Respondent. Dkt. No. 155 (Opp'n) at 5-7. Respondent argues that Petitioner seeks to add "four entirely new claims" and to expand the claims previously made, and that it will not be possible to complete discovery on these claims in light of the current discovery cut-off of May 1, 2011. *Id*. Petitioner argues that in light of the fact that the Petition was drafted without the assistance of counsel, and that pro bono counsel submitted the Motion to Amend within six weeks of appearing on Petitioner's behalf, fairness requires that leave to amend be granted. Mot. at 3-4. In addition, Petitioner urges that the causes of action in the proposed FAP were all stated in the original Petition, and that therefore there can be no prejudice to Respondent. *Id*. at 4.

The Court finds that granting leave to amend is in the interests of justice. Pro bono counsel acted reasonably quickly by submitting the proposed FAP within six weeks of appearing on behalf of Petitioner. Although the FAP enumerates Petitioner's ICWA claims more clearly than the original Petition, the Court finds that Petitioner's grounds for seeking relief were all reasonably identified in the original Petition. Respondent complains that Petitioner's proposed claims for ineffective assistance of counsel during the ongoing state custody status reviews, inadequate notice to the tribe, denial of access to reports and other documents, insufficient evidence to support foster care placement order, invalid waiver, and withdrawal of consent to foster care placement were not raised in the original Petition, but a close review of the Petition reveals otherwise. For example, the original Petition recited a number of complaints regarding the ongoing representation Petitioner has received during the state court custody proceedings. *See* Petition, Counts I and VI, and at 56-59. Petitioner also stated that she believed she had been denied access to records and documents in pursuing her claims. *See* Petition, Count III. The insufficient evidence, invalid waiver, and withdrawal of consent claims were raised in the original Petition as well. *See* Petition, Count V and VIII, and at 21, 24, 45, 50, 55-57. Therefore, Respondent has been on notice regarding the

3

Case No.: 10-CV-02507-LHK
ORDER GRANTING LEAVE TO AMEND

nature of Petitioner's complaints since the filing of the initial Petition. However, given that the FAP more clearly articulates the nature of Petitioner's claims, the Court is willing to extend the discovery period somewhat in order to accommodate any additional discovery Respondent believes it cannot complete before the existing discovery deadline of May 1, 2011. Any modifications of the case schedule will be addressed at the March 31, 2011 Case Management Conference.

Respondent also argues that it is unfair to allow Ms. Baldovinos to be added as a party to the case after she was dismissed over six months ago. However, Ms. Baldovinos is being added in her official capacity only. The interests in resolving the issues raised here outweigh any personal inconvenience to Ms. Baldovinos.

Respondents do not argue that any of the proposed amendments should be denied based on futility, or that the Motion was made in bad faith. The Court finds that in light of the particular circumstances of this case, including the facts that pro bono counsel appeared on Petitioner's behalf at the request of the Court and only six weeks before seeking leave to amend, amendment serves the interests of justice. In addition, the Court finds that the FAP is significantly clearer than the original Petition, and therefore will assist all parties to the case as well as the Court. Therefore, such leave is GRANTED.

III.    Conclusion

For the reasons discussed above, the Court GRANTS Petitioner's motion for leave to file the proposed FAP. The parties should meet and confer regarding any proposed discovery extension and file a Joint Case Management Statement with any proposed schedule changes by March 30, 2011.

**IT IS SO ORDERED.**

Dated: March 28, 2011

_____
LUCY H. KOH
United States District Judge

4

Case No.: 10-CV-02507-LHK
ORDER GRANTING LEAVE TO AMEND