UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BELINDA KIRK and J.H., her minor son, ) | Case No.: 10-CV-02507-LHK |
| Petitioners, ) | |
| v. ) | |
| ) | ORDER APPOINTING GUARDIAN AD |
| YOLANDA BALDOVINOS, et al., ) | LITEM FOR THE MINOR J.H. |
| Respondents. ) | |

### I. BACKGROUND

The Plaintiff in this case brings claims relating to a child dependency matter. Specifically, Plaintiff claims violations of the Indian Child Welfare Act ("ICWA," 25 U.S.C. § 1901) in connection with the removal of her minor son J.H. from her custody. Although none of Plaintiff's claims are brought directly on behalf of her son, the issues in the case implicate J.H.'s interests. As a result, the Court determined that it would be in the best interests of justice if a guardian ad litem appeared to ensure that J.H.'s interests are vigorously defended in this case. In response to a request from the Federal Pro Bono Project, attorneys Andrew T. Oliver, Catherine F. Munson and Michael Alexander Pearl of Kilpatrick, Townsend & Stockton LLP move for joint appointment as pro bono guardian ad litem for J.H. The County of Alameda filed an opposition to the motion. The County states that it has no objection to the appointment, but asks that the Court order certain protections for J.H.'s benefit. For the reasons set forth below, the Court GRANTS the motion for

1

appointment of guardian ad litem and jointly appoints Mr. Oliver, Ms. Munson and Mr. Pearl as guardian ad litem for J.H., with additional provisions as set forth below.

## II.     LEGAL STANDARD

An individual's capacity to sue is determined by the law of the individual's domicile. Under California law, minors may not file suit unless a guardian conducts the proceedings. *See Castillo-Ramirez v. County of Sonoma,* No. C-09-5938 EMC, 2010 U.S. Dist. LEXIS 35076, at *2 (N.D. Cal. Apr. 9, 2010) ("When minors are involved, California Family Code §§ 6502 and 6601 provide that a minor, or an individual under the age of eighteen, may file a civil suit as long as the action is conducted by a guardian.") (citing Cal. Fam. Code §§ 6502, 6601).

"A minor or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.  The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).  Under California law, "[a] guardian ad litem may be appointed in any case when it is deemed by the court in which the action or proceeding is prosecuted, or by a judge thereof, expedient to appoint a guardian ad litem to represent the minor." Cal. Code of Civ. Proc. § 372.  "'When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action,' the court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 54 Cal. Rptr. 3d 13, 23 (Ct. App. 2007) (internal citation omitted).

## III.     DISCUSSION

Although no claims are being asserted on behalf of J.H. in this matter, the Court finds that the issues to be decided relate to J.H.'s interests such that appointment of a guardian ad litem is warranted.  J.H. has been removed from Plaintiff's custody.  In addition, the Court finds that based on the allegations in the original complaint (summarized in the Court's order of September 21, 2010), Plaintiff has at least a potential conflict of interest with J.H.  For these reasons, Plaintiff cannot serve as J.H.'s guardian ad litem. *See Williams*, 54 Cal. Rptr. at 23.  The Court hereby exercises its discretion to jointly appoint attorneys Andrew T. Oliver, Catherine F. Munson and

1  Michael Alexander Pearl of Kilpatrick, Townsend & Stockton LLP as guardian ad litem for J.H. in
2  this matter.  This appointment shall last until this action is finally terminated without right of
3  further appeal (absent further order of this Court).
4      In addition, the Court orders the following:
5    1) The parties to this matter shall serve all notices and pleadings on the appointed
6        attorneys as though they were representing a party in this case.  The guardian ad litem
7        shall be entitled to participate in all hearings, trials, depositions, investigations, and
8        settlement negotiations in this matter.
9    2) In light of the fact that these attorneys are serving in a *pro bono* capacity and at the
10       request of the Court, the Clerk shall waive all fees required for admission *pro hac vice*
11       of Ms. Munson and Mr. Pearl.  The *pro bono* nature of this representation shall have no
12       effect on any request for attorney's fees or costs.
13   3) Within two days of the date of this Order, the County of Alameda shall provide contact
14       information (including telephone number(s), facsimile number(s), mailing address(es),
15       and any e-mail address(es) for the minor to the guardian ad litem.
16   4) The guardian ad litem shall be permitted to meet privately with J.H. for purposes of
17       their representation of him in this matter.  Access to the minor shall not be unreasonably
18       denied.  The guardian ad litem shall work cooperatively with and in consultation with
19       the minor's current caregivers and therapists to ensure minimal disruption to and
20       confusion of J.H.
21   5) Within 15 days of the date of this Order, the County of Alameda shall serve the
22       guardian ad litem with records of Alameda County Children and Family Services
23       relating to J.H., and with a copy of all filings submitted under seal in the present case.
24       If possible, these documents will be produced in PDF format and in chronological
25       order.  The guardian ad litem shall comply with California Welfare & Institutions Code
26       § 827 regarding obtaining other records relating to J.H.  In addition, the guardian ad
27       litem shall protect any confidential information relating to J.H. from being publicly filed
28       in compliance with the Court's Order of April 6, 2011 (Dkt. No. 173).

Case No.: 10-CV-002507-LHK
ORDER APPOINTING GUARDIANS AD LITEM

6) Because this Order appoints the listed attorneys as guardian ad litem for J.H., they may seek review of other records relating to J.H. including school, hospital, doctor or other mental health provider, or other agency records without seeking separate written consent from J.H.'s parents or this Court, provided that these requests are relevant to their representation of J.H. in this matter.

7) The guardian ad litem shall have the right to investigate this case and to seek discovery from parties and non-parties believed to possess relevant information. If such parties refuse to cooperate or produce information, the guardians may move this Court to compel production.

IT IS SO ORDERED.

Dated: June 29, 2011

_____
LUCY H. KOH
United States District Judge