UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BELINDA K. AND J.H., HER MINOR SON, <br><br> Plaintiffs, <br> v. <br><br> YOLANDA BALDOVINOS, ET AL., <br><br> Defendants. | Case No.: C 10-02507 LHK (PSG) <br><br> **ORDER GRANTING MOTION FOR A PROTECTIVE ORDER AND MOTION TO QUASH** <br><br> **(Re: Docket No. 82)** |

Pending before the court is Plaintiff Belinda K.'s ("Belinda K.") motion for protective order and to quash subpoenas issued to third-party medical and mental health providers. For the reasons discussed below, the motion to quash and motion for a protective order is GRANTED.

## I. BACKGROUND

Belinda K. is the mother of J.H., a minor. J.H. is an Indian child as defined by the federal Indian Child Welfare Act ("ICWA"). On December 21, 2006, J.H. was removed from his mother's custody and a petition was filed in Alameda County Superior Court ("Superior Court") under Cal. Welf. & Inst. Code § 300 seeking to declare J.H. a dependent child of the court. The petition alleged that J.H. was suffering serious emotional damage due to the conduct or neglect of Belinda K., and that he had been sexually abused by Belinda K.'s long-term boyfriend with her knowledge. Belinda K. disputes that J.H. was abused by her boyfriend. A detention hearing was held on

1

December 22, 2006, and the Superior Court determined that J.H. should remain in custody of the Court because leaving J.H. in the custody of Belinda K. would be "contrary to [his] welfare."[1]

On January 2, 2007, at the jurisdictional hearing on the petition, Belinda K. signed a "Waiver of Rights" wherein she pleaded no contest to the allegations in the petition. At this hearing, Belinda K. was represented by Lezley Crowell ("Crowell"), a court-appointed attorney. Belinda K. claims she did not meet her counsel until minutes before the hearing began.[2] Belinda K. claims that Crowell handed her the custody petition just before she walked into the hearing, leaving her no time to read it.[3] Belinda K. further claims that she signed the waiver form at a break in the hearing, during which her counsel pressured her to sign the form without explaining the consequences of doing so.[4] As Belinda K. points out, Crowell did not sign the statement indicating that she had explained the import of the waiver to her client.[5] At the January 2, 2007 hearing, the Superior Court found that J.H. was a dependent child and that he should remain in foster care.

On April 5, 2007, the Superior Court held a dispositional hearing. At this hearing, a Tribal Representative from Petitioner's Tribe appeared and served as an expert witness pursuant to the ICWA section 1912(e).[6] The Superior Court concluded that J.H. should remain a dependent child in the custody of the state. His placement has been reviewed by the Superior Court approximately every six months since his initial placement. J.H. is still living in foster care.

Belinda K. has brought this action alleging that Defendants failed to comply with ICWA during the course of these events. Belinda K. asserts that she received ineffective assistance of

---

[1] *See* Respondents Request for Judicial Notice ("RJN") (Docket No. 31) Ex. 2 at 1.

[2] Docket No. 1 at 38.

[3] *Id*.

[4] *Id*.

[5] *See* RJN Ex. 5.

[6] *See* RJN Ex. 8 at 1.

2
Case No.: 10-2507 LHK (PSG)
ORDER

counsel and seeks, in part, to invalidate the outcome of the January 2, 2007 hearing. On January 19 and 21, 2011, Defendant County of Alameda (the "County") issued subpoenas for medical records pertaining to Belinda K. and J.H. Two subpoenas seek "the complete medical record, including any psychiatric or psychological treatment and treatment for substance abuse for [J.H.]." Five subpoenas seek the same for Belinda K. Six subpoenas (directed to only three unique recipients) seek the records for both Belinda K. and J.H. Belinda K. moves to quash the subpoenas and for a protective order prohibiting any further discovery of her medical records.

## II. LEGAL STANDARDS

### A. Motion To Quash

Pursuant to Fed. R. Civ. P. 45, any party may serve a subpoena commanding a non-party to attend and give testimony or to produce and permit inspection and copying of documents. Upon a timely motion, the court must quash or modify the subpoena for any one of the reasons set forth in Rule 45(c)(3)(A), such as the subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies" or it "subjects a person to undue burden." A Rule 45 subpoena is subject to the relevance requirements set forth in Rule 26(b).[7] "Although the party who moves to quash has the burden of persuasion under Rule 45(c)(3), the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings."[8]

### B. Motion For a Protective Order

Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden, or expense . . . [by]

---

[7] *See Compaq Computer Corp. v. Packark Bell Elecs.,* 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) ("Obviously, if the sought after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then *any burden whatsoever* imposed . . . would be by definition undue.").

[8] *Monge v. Maya Magazines, Inc*., No. 2:10-CV-00230-RCJ-PA, 2010 WL 2776328, at *4 (D. Nev. Jul. 14, 2010) (internal quotations and citations omitted).

3

Case No.: 10-2507 LHK (PSG)
ORDER

forbidding the disclosure or discovery."[9]  "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."[10]

### III. DISCUSSION

Belinda K. argues that the subpoenas seek irrelevant and privileged information.  As described below, the court concludes that the targeted medical records were not discoverable in state court and therefore are not relevant here. The court further concludes that at least those portions of her medical records reflecting communications between Belinda K. and her psychotherapist are privileged, further protecting those records from discovery by the County.

To begin, the County argues that Belinda K.'s medical records are relevant to its defense to Belinda K.'s claim for ineffective assistance of counsel.  Under California law, "[w]here the ineffective assistance concept is applied in dependency proceedings the appellant must meet the standards set forth in . . . *Strickland v. Washington*, 466 U.S. 668 (1984).  First, there must be a showing that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms. Second, there must be a showing of prejudice, that is, reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[11]

---

[9] Fed. R. Civ. P. 26(c)(1)(A); *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) ("After a showing of good cause, the district court may issue any protective order . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' including any order prohibiting the requested discovery altogether, limiting the scope of discovery, or fixing the terms of disclosure.").

[10] *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Rivera*, 364 F.3d at 1063.

[11] *In re Emilye A.*, 9 Cal. App. 4th 1695, 1711 (1992) (internal citations and quotations omitted).

4

Case No.: 10-2507 LHK (PSG)
ORDER

### A. Performance Under *Strickland*

According to the County, the requested records are relevant to both prongs of *Strickland*: the performance prong and the prejudice prong. The County contends that, under the performance prong, the records are relevant to show that Belinda K.'s counsel acted in an objectively reasonable manner. Specifically, the County must be allowed to discover information such as Belinda K.'s alleged history with substance abuse because that information is directly relevant to the strategic considerations that a reasonable attorney would have contemplated in advising Belinda K. to plead no contest at the jurisdiction hearing.

Belinda K argues that it is irrelevant what her counsel could have hypothetically obtained; what is at issue is what counsel actually did and whether he acted in an objectively reasonable manner at the time.[12] Thus, if a reasonable attorney would have gathered information about Belinda K.'s alleged substance abuse and her counsel did not gather that information, then whether his decision not to investigate is reasonable is at issue and it does not matter what an attorney who had investigated would have learned.

The County bears the burden of showing relevance, but it has not cited to any case supporting its contentions about what should be considered under the performance prong of *Strickland* and it did not directly respond to Belinda K.'s argument at the hearing. Thus, the County has not demonstrated the records' relevance under the first prong of *Strickland*.

### B. Prejudice Under *Strickland*

Regarding the second prong of the *Strickland* test, the County argues that Belinda K.'s medical records are relevant to its defense to Belinda K.'s claim that there was a reasonable probability that, but for her counsel's errors, the results of the juvenile court proceeding would

---

[12] *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and *to evaluate the conduct from counsel's perspective at the time*.") (emphasis added).

have been different.  Specifically, the County argues that the subpoenaed information will show that Belinda K. was a regular user of illegal drugs such as methamphetamine and that her history of sexual abuse contributed to her inability to keep her child safe.  The County further argues that this information would have been discoverable to determine whether J.H. was "at substantial risk of suffering serious emotional damage" or whether there was "a substantial risk that the child will be sexually abused" if he continued to live with Belinda K.[13]

Belinda K. argues that the court need not evaluate whether the result of the proceeding would have been different.  She contends that her counsel "entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing" at the jurisdictional hearing, and, thus, the court is entitled to and should presume prejudice and need not consider the probable result of the hearing had it been conducted.[14]

Whether the counsel's alleged conduct, however, amounts to a complete failure to subject the allegations in the petition to meaning adversarial testing, such that the court will presume Belinda K. was prejudiced by that conduct, has not yet been addressed by either Judge Koh or the undersigned.[15]  To the contrary, Judge Koh's September 21, 2011 Order on the motion to dismiss explicitly discusses both prongs of *Strickland*.[16]  It would be premature to prohibit discovery regarding prejudice on the basis that Judge Koh might later determine that Belinda K. has shown

---

[13] Cal. Welfare and Institution Code § 300 (c) and (d).

[14] *United States v. Chronic*, 466 U.S. 648, 659-60 (1984).

[15] Belinda K. has not cited a single case in which a waiver of rights or pleading no contest was deemed sufficient to meet the standard for presuming prejudice.  Indeed, not all pleas entered after ineffective assistance of counsel are presumed prejudicial.  In the context of guilty plea, the court must evaluate whether "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Smith v. Mahoney*, 611 F.3d 978, 986 (9th Cir. 2010) (citing *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)) (evaluating prejudice resulting from a guilty plea and possible defenses that could have been raised at trial).

[16] 9/21/11 Order Denying In Part Motion To Dismiss, Remanding In Part, and Dismissing Certain Respondents (Docket No. 55).

her counsel's behavior created a situation that justifies a presumption of prejudice. Thus, Belinda K.'s argument that any discovery addressing prejudice is irrelevant fails.

### C. Allegations Against Belinda K. in Superior Court

Belinda K. further argues that information about her medical records is irrelevant to the specific allegations of the jurisdictional petition, which Belinda K. argues only pertain to the behavior of third parties. The petition filed in December 2006, however, clearly puts at issue Belinda K.'s ability to provide appropriate care.[17] The witness statements included in the petition alleged facts about Belinda K.'s actions—every morning she would "snuggle up" with J.H. for about fifteen minutes while both were naked—and inactions that put J.H. at risk—although J.H. claimed he told his mother that his step-father was sexually abusing him and although Belinda K. was present during the molestation, Belinda K. did not believe any sexual abuse was going on. The petition also includes facts about Belinda K.'s personal history that might contribute to her behavior—Belinda K. was sexually abused by her family members, and her grandmother was present in the home when this happened and aware of the situation—and notes that she was undergoing therapy. From the face of the petition, it is plain that Belinda K.'s behavior and ability to provide care and protection for J.H. would have been at issue at the jurisdictional hearing.[18]

Belinda K. also alleges ineffective assistance of counsel based on her counsel's conduct at the April 5, 2007 disposition hearing. By this hearing date, it appears the Superior Court was well-informed of Belinda K.'s mental health issues and her prior use of methamphetamine.[19] Thus, at

---

[17] *See* 1/28/11 (Docket No. 83-2) at 6-7 (emphasis added).

[18] In addition to the specific allegations about Belinda K.'s behavior in the petition, "[i]mplementation of [the purpose of dependency law] requires the trial court to consider a broad class of relevant evidence in deciding whether a child is at substantial risk from a parent's failure or inability to adequately protect or supervise the child." *In re Y.G.*, 175 Cal. App. 4th 109, 116 (Ct. App. 2009). This further bolsters the County's argument that the juvenile court would have considered information about Belinda K.'s mental health and substance abuse.

[19] Dr. Aliyeh Kohbod prepared a report based on psychological evaluations of Belinda K. that she conducted on January 25, 2007 and February 6, 2007, which the County asserts was to be used by

7
Case No.: 10-2507 LHK (PSG)
ORDER

the April 5th hearing, it appears the court would have considered evidence of Belinda K.'s mental health and substance abuse issues in order to make a determination about J.H. disposition. The County therefore has demonstrated that information about Belinda K.'s substance abuse and mental health is relevant to its defense that the outcome of the Superior Court proceedings would have remained the same even if Belinda K's counsel had acted reasonably.

### D. Effect of State Court Privilege on Relevance

Belinda K. also argues that her medical records are not relevant because they would not have been discoverable in the Superior Court proceedings. In particular, Belinda argues that the records are privileged under California law and therefore are not relevant to determining the likely outcome of those proceedings. Although the County responds that the subpoenaed records would have been discoverable in the dependency proceeding because of the dependency court's broad relevance standard and confidentiality protections, Belinda K. has demonstrated that physician-patient privilege and psychotherapist-patient privilege are recognized in dependency court[20] and are applicable to these subpoenaed documents. The County does not dispute that the privilege is applicable, but argues only that Belinda K. waived that privilege.

In particular, the County argues that by voluntarily participating in psychological and medical evaluations, Belinda K. put her medical records at issue and waived privilege. The County has only identified one such evaluation, however, and Belinda K.'s voluntary participation in that evaluation only can be interpreted as reflecting her consent that that evaluation be communicated

---

the Superior Court to determine whether Belinda K. was able to care for J.H.  *See* 2/22/11 Decl. of Mary Ellyn Gormley Supp. Respondent's Opp'n Ex. 1 (Docket No. 101-2)

[20] *See In re R.R.*, 187 Cal. App. 4th 1264, 1278 (Ct. App. 2010) ("Evidence Code section 994 makes privileged a confidential communication between a doctor and a patient," which the patient-parent waived); *In re S. W.,* 722, 145 Cal. Rptr. 143, 145 (Ct. App. 1978) (holding parent-patient's records were protected by psychotherapist-patient privilege under Cal. Evid. Code § 1012). Furthermore, these rules of evidence comport with the Cal. Rules of Court Rule 5.546(g) providing that in prehearing discovery in juvenile court proceedings, "[on] a showing of privilege or other good cause, the court may make orders restricting disclosures."

both to the County and to the court for that purpose.[21] The County has failed to demonstrate that that evaluation compromised the privilege in all other communications with psychotherapists. The County cites many cases in which the Superior Court considered a therapist's testimony, but none of those opinions address whether the patient objected to that testimony on the basis of privilege. Additionally, the case upon which the County relies, *In re R.R.*, 187 Cal. App. 4th 1264, to show waiver of physician-patient privilege involves a parent who raised his drug-free status and volunteered to submit to drug testing even though no allegations had been made about his drug use. Here, Belinda K.'s mental health and substance abuse are at issue because of the allegations against her, not because she put them at issue. Thus, *In re R.R.* is inapposite.

Whether the records would have been discoverable in state court, however, is not dispositive of whether they are discoverable in federal court. The court notes that neither party has cited a single case in which a federal court addressed the limits of discovery in the context of federal question jurisdiction and an ineffective assistance of counsel claim pertaining to a state court proceeding. Although relevance for the purposes of *admissibility* of evidence about the likely outcome of the Superior Court proceeding may hinge on whether that evidence would have been available to the Superior Court, relevance for the purposes of *discovery* under the federal rules provides a broader scope. "Relevant information need not be admissible at the trial" so long as the discovery appears "reasonably calculated to lead to the discovery of admissible evidence."[22]

Thus, the court must determine whether the requested records are reasonably calculated to lead to the discovery of evidence that the Superior Court could have considered. The County has not suggested what evidence would have been admissible in the Superior Court proceeding that can be revealed by obtaining these psychiatric and medical records, or even whether the records are

---

[21] *See In re Edward D.*, 61 Cal. App. 3d 10, 15 (Ct. App. 1976).

[22] Fed. R. Civ. P. 26(b)(1).

likely to contain information about Belinda K. during the time period of the Superior Court proceedings. The County has failed to show that the subpoenaed records are reasonably calculated to lead to evidence of Belinda K.'s substance abuse or mental health issues that would have been available to the Superior Court and might have affected the outcome of the proceeding.

This failure is compounded by the breadth of the subpoenas. The County's subpoenas seek Belinda K.'s "complete medical record," not limited to a particular time period or to the medical information at issue in the petition. Although the County claims that it invited Belinda K.'s counsel to propose a more limited scope to avoid the need for motion practice,[23] neither party has proposed a manner in which to remedy the overly broad subpoenas. "Overbroad subpoenas seeking irrelevant information may be quashed or modified."[24]

### E.  Federal Privilege

Federal law does recognize a privilege for confidential communications between a licensed psychotherapist and a patient in the course of diagnoses or treatment.[25] Although Belinda K.'s argument for protection of these communications relies almost entirely on cases applying California privilege law, the County does not argue that there is a meaningful difference between these two standards for this privilege or that Belinda K. has failed to establish these communications fall under the federally-recognized privilege. Rather, the County argues that Belinda K. waived this federally-recognized privilege by her affirmative act of filing her claims of ineffective assistance of counsel which put this protected material at issue and that this information is vital to the County's defense.[26]

---

[23] Opp'n 5:10-11.

[24] *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. March 17, 2006) (citing *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005)).

[25] *See Jaffee v. Redmond*, 518 U.S. 1, 15 (1996).

[26] *See Pall Corp. v. Cuno Inc.*, 268 F.R.D. 167, 168-69 (E.D.N.Y. 2010)

The burden of demonstrating that there has been no waiver falls on Belinda K.[27] Belinda K. argues that this action does not put her mental health at issue. What Belinda K. has done is to put the outcome of the Superior Court proceeding at issue, which would have turned, in part, on the evidence about her mental health could have been presented at that hearing. As discussed above, however, the County has not successfully shown that the psychotherapist records would have been discoverable in Superior Court. Thus, on the record before the court, they have not been put at issue. Additionally, the County has not cited a single case in which a court held that an ineffective assistance of counsel claim waived the psychotherapist privilege. Rather, courts have more commonly found such waiver where a plaintiff seeks to recover for emotional distress, thereby putting the cause of the emotional distress directly at issue[28] in a manner not present in this case. Belinda K. therefore has shown that there has been no waiver.

## IV. CONCLUSION

The court finds that the subpoenas are overly broad and the County has failed to show that all the documents sought are relevant. Additionally, Belinda K. has established that at least the communications between her and her therapists are privileged, and the County's argument that she waived that privilege is unpersuasive. Accordingly,

IT IS HEREBY ORDERED that Belinda K.'s motion for protective order and to quash the subpoenas as to Belinda K.'s information is GRANTED.

IT IS FURTHER ORDERED that, as the County did not oppose the motion to quash the subpoenas directed to J.H.'s records and stated at the oral argument that they intend to wait until

---

[27] *Fitzgerald v. Cassil*, 216 F.R.D. 632, 636 (N.D. Cal. 2003).

[28] *See, e.g., Enwere v. Terman Associates, L.P.,* C 07-1239 JF PVT, 2008 WL 5146617, at *4 (N.D. Cal. Dec. 4, 2008).

J.H. has been appointed counsel before proceeding with those subpoenas,[29] the motion to quash the subpoenas as to J.H.'s information is GRANTED.

Dated: August 22, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[29] *See* FTR audio recording March 15, 2011 at 11:52:42-53:05 a.m.

Case No.: 10-2507 LHK (PSG)
ORDER
12