UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BELINDA K. AND J.H., HER MINOR SON,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>YOLANDA BALDOVINOS, ET AL.,<br><br>　　　　　Defendants. | Case No.: C 10-02507 LHK (PSG)<br><br>**ORDER GRANTING MOTION FOR A PROTECTIVE ORDER AND DENYING MOTION FOR SANCTIONS**<br><br>**(Re: Docket No. 94)** |

　　　　Pending before the court is Third-Party Archie Overton's ("Overton") motion for a protective order and motion for sanctions. For the reasons discussed below, the motion for a protective order is GRANTED and the motion for sanctions is DENIED.

　　　　On December 1, 2010 and January 19, 2011, Defendant County of Alameda (the "County") issued a number of subpoenas to Overton's medical and mental health providers. On February 7, 2011, Overton moved to quash the subpoenas and for a protective order prohibiting the County from seeking his medical records. Overton also moved for sanctions for the cost of bringing motion. On February 22, 2011, the County filed a notice of non-opposition and withdrawal of the subpoenas. On March 11, 2011, the court granted Overton's motion to quash. On March 15, 2011, the court held oral argument on Overton's motion for protective order and motion for sanctions.

In response to Overton's argument that his medical and mental health records are irrelevant to this action, the County has made no argument that Overton's records are relevant to this action. As the County has not established the relevance of these records and did not oppose Overton's motion either in the briefing or at oral argument, the court finds that Overton has shown good cause for the requested protective order to avoid annoyance and undue burden.  Thus, Overton's motion for a protective order prohibiting the County from seeking his medical records is GRANTED.

Overton's motion for sanctions was included in the same moving papers as his motion to quash and for a protective order.  Under Civ. L.R. 7-8(a), any motion for sanctions must be separately filed and the date for hearing must be set in conformance with Civil L.R. 7-2.  Overton's motion for sanctions is not in compliance with Civ. L.R. 7-8(a).  The motion for sanctions therefore is DENIED.

Dated:  August 22, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

2
Case No.: 10-2507 LHK (PSG)
ORDER