UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| BELINDA K▇▇ and J.H., her minor son, | ) ) | Case No.: 10-CV-02507-LHK |
| Petitioners, | ) ) | AMENDED[1] ORDER DENYING MOTION TO DISMISS IN PART, |
| v. | ) ) | REMANDING IN PART, AND |
| YOLANDA BALDOVINOS, et al., | ) ) | DISMISSING CERTAIN RESPONDENTS |
| Respondents. | ) ) ) | |

I. **BACKGROUND**

Belinda K▇▇ (Petitioner) is the mother of J.H., a minor. J.H. is an Indian child as defined by the Indian Child Welfare Act (ICWA). On December 21, 2006, J.H. was removed from his mother's custody and a petition was filed in Alameda County Superior Court ("Superior Court") seeking to declare J.H. a dependent child of the court under California Welfare and Institutions Code section 300.

███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████ A

---

[1] This Order has been amended to redact confidential information, pursuant to Civil Local Rule 79-5.

detention hearing was held on December 22, 2006, and the Superior Court determined that J.H. should remain in custody of the Court because leaving J.H. in the custody of Petitioner would be "contrary to [his] welfare." *See* Respondents RJN (RJN)[2], Ex. 2 at 1.

On January 2, 2007, at the jurisdictional hearing on the petition, Petitioner signed a "Waiver of Rights" wherein she pleaded no contest to the allegations in the petition. At this hearing, Petitioner was represented by Lezley Crowell, a court-appointed attorney. Petitioner claims she did not meet her counsel until minutes before the hearing began (although attorney Crowell also represented Petitioner at the December 22, 2006 hearing, which Petitioner attended). Dkt. No. 1 at 38. Petitioner claims that attorney Crowell handed her the custody petition just before she walked into the hearing, leaving her no time to read the petition. *Id*. Petitioner further claims that she signed the waiver form during a recess in the hearing, during which her counsel pressured her to sign the form without explaining the consequences of doing so. *Id*. As Petitioner points out, attorney Crowell did not sign the statement indicating that she had explained the import of the waiver to her client. *See* RJN Ex. 5. At the January 2, 2007 hearing, the Superior Court found that J.H. was a dependent child as described by section 300, and that he should remain in foster care. On April 5, 2007, the Superior Court held a dispositional hearing. At this hearing, a Tribal Representative from Petitioner's Tribe appeared and served as an expert witness pursuant to ICWA § 1912(e). *See* RJN Ex. 8 at 1. The Superior Court concluded that J.H. should remain a dependent child in the custody of the state. J.H. is still living in foster care. His placement has been reviewed by the Superior Court approximately every six months since his initial placement. Throughout the Superior Court proceedings, Petitioner has been represented by court-appointed counsel.

Petitioner, proceeding pro se, brought this matter before the Court on three separate grounds. First, she removed the ongoing status review proceedings of J.H.'s placement from the Superior Court pursuant to 28 U.S.C. § 1443 and § 1441, and 25 U.S.C. § 1914 (ICWA). Second,

---

[2] County Respondents request judicial notice of transcripts, status reports, and other records from the Superior Court proceedings. Petitioner does not oppose this request. Because these are part of the official record from the Superior Court, the request is granted. Fed. R. Evidence 201.

2
Case No.: 10-CV-02507-LHK
ORDER DENYING MOTION TO DIMISS IN PART AND REMANDING IN PART

Petitioner sought review of those proceedings under ICWA. Third, Petitioner sought a writ of habeas corpus under 28 U.S.C. § 2254 on behalf of her son. In an Order dated June 24, 2010, Judge Breyer (to whom this matter was formerly assigned) dismissed the habeas petition, holding that "it is well-established that federal habeas corpus has never been available to challenge parental rights or child custody." Dkt. No. 12 at 3. In the same Order, Judge Breyer ordered Respondents to show cause why "the petitions to invalidate pursuant to 25 U.S.C. § 1914 and to remove pursuant to 28 U.S.C. § 1443 should not be granted." On June 25, 2010, Petitioner filed a motion for Temporary Restraining Order to enjoin any further proceedings in the removed Alameda County Superior Court case. At a hearing held July 2, 2010, Judge Breyer denied the request for a Temporary Restraining Order. Petitioner moved the Court for reconsideration of this denial; this request was denied in an order dated July 13, 2010. Dkt. No. 28 (July 12, 2010 Order).

      In response to the Order to Show Cause, Respondents Edmund G. Brown, Jr., Hon. Ronald M. George, Hon. Jon R. Rolefson, and Hon. Trina Thompson (the "State Respondents") submitted a brief taking no position on the merits but arguing that the Respondents were improperly named and that Petitioner had failed to state a claim as to those Respondents. Presumably in lieu of a response to the Order to Show Cause, Respondents Yolanda Baldovinos, the County of Alameda, Tracey Fernandez, and Shirley Lee-Andrade (the "County Respondents") submitted a Motion to Dismiss or Remand. In a separate and untimely response, Respondent Darrell Evora responded to state he takes no position on the merits and, to the extent applicable, joins in the County Respondents' Motion. Counsel then appeared on behalf of Petitioner, and through counsel Petitioner filed a traverse to the County Respondents' Motion to Dismiss. Dkt. Nos. 33, 43 (Traverse). The Court held a hearing on September 16, 2010. Counsel for County Respondents failed to appear, despite the fact that the underlying motion was brought on behalf of the County Respondents. Based on the arguments presented at the hearing and in the papers, the Court hereby GRANTS IN PART and DENIES IN PART the Motion to Dismiss.

3

Case No.: 10-CV-02507-LHK
ORDER DENYING MOTION TO DIMISS IN PART AND REMANDING IN PART

## II. LEGAL ANALYSIS

### a. Invalidation of Custody Determination Under ICWA

#### i. *Younger* Abstention

The provisions in ICWA impose "minimum Federal standards for the removal of Indian children from their families and the placement of such children in foster or adoptive homes" in order to "to protect the best interests of Indian children and to promote the stability and security of Indian tribes and families." 25 U.S.C. § 1902. ICWA provides that "any parent or Indian custodian from whose custody [an Indian] child was removed may petition any court of competent jurisdiction to invalidate" any "action for foster care placement" if the foster care placement did not meet these minimum standards. ICWA defines "foster care placement" as "any action removing an Indian child from its parent or Indian custodian for temporary placement in a foster home or institution . . . but where parental rights have not been terminated." 25 U.S.C. § 1903. County Respondents do not deny that this Court has "original subject matter jurisdiction" over Petitioner's request for ICWA review pursuant to 28 U.S.C. § 1331 and 25 U.S.C. § 1914. *See* Dkt. No. 45 (Reply Br.) at 4. Nor could they; the Ninth Circuit has held that through ICWA, "Congress explicitly authorized federal courts to invalidate state court judgments in this limited area [of Indian child dependency and custody judgments]." *Doe v. Mann*, 415 F.3d 1038, 1047 (9th Cir. 2005). Instead, County Respondents argue that the Court should decline to exercise this jurisdiction under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* held that a federal court must not enjoin an ongoing state court proceeding except under special circumstances. *Younger*, 401 U.S. at 41.

As County Respondents note, while the *Younger* case involved abstention from state criminal proceedings, the doctrine has been extended to civil matters, including juvenile dependency proceedings, and even to ICWA claims in such proceedings. *Moore v. Sims*, 442 U.S. 415, 423 (1979); *Morrow v. Winslow*, 94 F.3d 1386, 1392 (10th Cir. 1996). What County Respondents fail to address, however, is that all of the cases they cite regarding *Younger*

4

Case No.: 10-CV-02507-LHK
ORDER DENYING MOTION TO DIMISS IN PART AND REMANDING IN PART

abstention—including the *Younger* case itself—involved a request to stay *pending* state court proceedings. For example, in *Younger*, the defendant had been indicted but not yet tried, and sought to enjoin his continuing prosecution. *Younger*, 401 U.S. at 41. Likewise, in *Morrow*, the parent alleging ICWA violations filed suit in federal court days before the child dependency hearing was to be held. *Morrow*, 94 F.3d at 1389.

In this case, the minor J.H. has been in state custody since December, 2006. He was found to be a dependant of the Superior Court at a hearing on January 2, 2007. The only proceedings ongoing in the Superior Court are semiannual status review hearings to evaluate J.H.'s foster placement. As Jonna Thomas, attorney for J.H. who appeared at the July 2, 2010 hearing on Petitioner's request for an injunction of the Superior Court proceedings, stated, "three years ago, the jurisdictional dispositional aspect was completed. And that is the portion of the juvenile process where the actual underlying causes of action are tried. That was finalized three years ago." Dkt. No. 21 (Hearing Tr.) at 4. The County Respondents cite no authority holding that the ongoing status reviews, occurring after a determination of child custody, continue the pendency of the original determination hearing and therefore implicate *Younger* abstention. If this were the rule, it would mean that any foster placement subject to ongoing status reviews could never be reviewed in federal court under ICWA. Given the Ninth Circuit's holding that ICWA "explicitly authorized federal courts to invalidate state court [child dependency] judgments," County Respondents' argument that the ongoing status reviews preclude this Court from exercising jurisdiction over the review of the underlying dependency decision is unpersuasive. *Doe v. Mann*, 415 F.3d 1038, 1047 (9th Cir. 2005).

### ii. Statute of Limitations

In their moving brief, County Respondents assert that Petitioner's ICWA claims should be governed by the statute of limitations for 42 U.S.C. § 1983 claims, which borrow California's personal injury limitations period of two years. *See* Dkt. No. 30 (Moving Br.) at 9. Petitioner responded to argue that her ICWA claims are not Section 1983 Claims. Dkt. No. 43 (Traverse) at 18. On Reply, County Respondents change tack, and argue that because ICWA contains no

5

Case No.: 10-CV-02507-LHK
ORDER DENYING MOTION TO DIMISS IN PART AND REMANDING IN PART

general statute of limitations (other than a two-year limitations period for § 1913(d) claims, not asserted here), and because the "gravamen" of Petitioner's ICWA claim is ineffective assistance of counsel, the one-year statute of limitations for California legal malpractice claims should apply. *See* Dkt. No. 45 (Reply) at 2.  At the hearing on this motion, counsel for Petitioner argued that the state statutory provision providing for habeas relief in child custody cases, California Welfare and Institutions Code § 388, is most analogous to the ICWA effective counsel right.  Petitioner urges that because this section has no limitations period, none should apply to ICWA, either.

The Ninth Circuit has held that, in the absence of a specific limitations period in federal law, "courts must adopt a limitations period from analogous state law unless federal law 'clearly provides a closer analogy than available state statutes, and . . . the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking.'" *DirecTV, Inc. v. Webb*, 545 F.3d 837, 847 (9th Cir. Cal. 2008) (internal citations omitted).  As noted above, the parties have proposed three different state statutes from which to borrow limitations periods.  However, as County Respondents note, ICWA itself provides a two year limitations period for claims under 25 U.S.C. § 1913(d).  This section limits the time period for an Indian parent to withdraw voluntary consent from a "final decree of adoption" on the basis of fraud or duress to two years.  Given the countervailing interests of the adoptive parents and the child after an adoption is finalized, it seems that any other claim under ICWA should be entitled to at least a two year limitation period, if not longer.  "[W]hen there is doubt as to the proper interpretation of an ambiguous provision in a federal statute enacted for the benefit of an Indian tribe, 'the doubt [will] benefit the Tribe, for 'ambiguities in federal law have been construed generously in order to comport with . . . traditional notions of sovereignty and with the federal policy of encouraging tribal independence.'" *Artichoke Joes Cal. Grand Casino v. Norton*, 353 F.3d 712, 729 (9th Cir. 2003) (internal quotation marks and citations omitted).

In addition to determining what (if any) limitations period should apply, the Court must also consider when the statute began to run, and then whether it should be subject to equitable tolling. The Ninth Circuit has stated that because a determination on equitable tolling often

6

Case No.: 10-CV-02507-LHK
ORDER DENYING MOTION TO DIMISS IN PART AND REMANDING IN PART

depends on matters outside the pleadings, "it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss . . . if equitable tolling is at issue." *Supermail Cargo v. United States, 68 F.3d 1204, 1207-08 (9th Cir. 1995)*. A claim may be dismissed on the ground that it is barred by the statute of limitations only when "the running of the statute is apparent on the face of the complaint"—that is, when "the face of the complaint establishe[s] facts that foreclose[] any showing of reasonable diligence." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal quotation marks and citations omitted). As long as the complaint, liberally construed, "adequately alleges facts showing the potential applicability of the equitable tolling doctrine," a motion to dismiss should not be granted. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993).

It appears to be a matter of first impression what statute of limitations, if any, should apply to Petitioner's ICWA claims and when this time should start running. It is also an open question whether the statute should be tolled given Petitioner's allegations that she received ineffective assistance of counsel throughout the Superior Court proceedings, including the ongoing status reviews. In the context of re-opening a deportation hearing, ineffective assistance of counsel can serve as the basis for equitable tolling in cases when "a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Teclezghi v. Holder*, Nos. 07-70661, 07-71463, at *7-*8, U.S. App. LEXIS 9020 (9th Cir., Apr. 30, 2010). Finally, neither party has addressed the question of what statute of limitations should apply to Petitioner's claim that she was denied family reunification services in violation of 25 U.S.C. § 1912(d). In light of the unresolved factual issues, and the presumption against dismissals on statute of limitation grounds at the pleading stage, the Court declines to dismiss the case at this point on the basis of statute of limitations.

### b. Removal of Ongoing State Court Status Reviews

In addition to the question of whether Petitioner's request for ICWA review was properly before this Court, Judge Breyer ordered the Respondents to show cause why the petition to remove pursuant to 28 U.S.C. § 1443 should not be granted. Respondents did not directly address this in

7

Case No.: 10-CV-02507-LHK
ORDER DENYING MOTION TO DIMISS IN PART AND REMANDING IN PART

their Motion to Dismiss, and counsel for County Respondents did not appear at the hearing on the motion to argue this point.

As Judge Breyer noted, 28 U.S.C. § 1443 requires Petitioner to show first that "the right allegedly denied . . . arises under a federal law providing for specific civil rights stated in terms of racial equality" and second, that "the removal petitioner is denied or cannot enforce the specified federal rights in the courts of [the] State. This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest at the trial of the case." *Johnson v. Mississippi*, 421 U.S. 213, 219-220 (U.S. 1975) (internal quotation marks and citations omitted). Regarding the first point, Petitioner argues that ICWA is without question a federal law providing specific civil rights (requirements for child dependency determinations) to promote racial equality (of Indians). County Respondents do not argue otherwise. Petitioner claims that because the rights granted by ICWA apply to "action[s] for foster care placement," these rights apply to the ongoing status review hearings being held in the Superior Court.

Regarding the second point, Petitioner argues that because her rights are being formally denied in the Superior Court, removal under 28 U.S.C. § 1443 is appropriate. To support her claim that her rights are being formally denied, Petitioner alleges that her appointed counsel has been ineffective, in that 1) attorney Crowell's assistance at the initial hearings was ineffective, leading Petitioner to unintentionally waive her right to a hearing and thus lose custody of her son, as outlined above, and 2) neither of the two lawyers appointed to represent Petitioner after attorney Crowell would move the Superior Court to invalidate the custody determination under ICWA, or to bring a habeas petition in state court, based on this ineffective assistance. Petitioner also points out that when she tried to file a habeas petition on her own behalf, the Superior Court rejected it because it does not accept direct filings by represented parties, and points to this procedural policy as the formal expression of state law denying her rights. *See* Dkt. No. 43 (Traverse) at 22-23. The Court must reject Petitioner's argument that removal under § 1443 is proper, for the following reasons.

8
Case No.: 10-CV-02507-LHK
ORDER DENYING MOTION TO DIMISS IN PART AND REMANDING IN PART

First, ICWA itself does not authorize or even contemplate the wholesale removal of state court custody determinations to federal court. On the contrary, the rights granted in §§1912-13 are specifically described as rights for proceedings "in State court" and "under State law." The Ninth Circuit has held that through § 1914, ICWA does authorize federal courts to invalidate "state court *judgments*"—that is, invalidation of a state court custody determination once it has been made. *Doe*, 415 F.3d at 1047 (emphasis added). These rights are only reviewed by the federal court pursuant to § 1914. "Nowhere in the ICWA did Congress expressly grant federal courts the right to intervene in state child custody proceedings, and only an action under § 1914 can be said to involve a federal question, as it will often require an interpretation of federal law." *In re Adoption of C.D.K.*, No. 2:08-CV-490 TS, 2009 U.S. Dist. LEXIS 51674, at *8-*9 (D. Utah, June 17, 2009) (holding that after invalidating parental consent to adoption under ICWA, federal court had no jurisdiction to hear the subsequent petition for return of custody under 25 U.S.C. § 1916).

Second, Petitioner has not sufficiently alleged that the rights ICWA grants at the state court dependency level are being so systematically denied in the Superior Court that 28 U.S.C. § 1443 justifies removal. As the Supreme Court held, the denial of rights must be "manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest at the trial of the case." *Johnson*, 421 U.S. at 219; *accord*, *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998 (9th Cir. 2006). Petitioner does not claim that a formal state law has resulted in her ICWA rights being denied. Indeed, based both on Petitioner's allegations and the Superior Court records, it appears that the Superior Court made good faith efforts to comply with ICWA. The Petitioner and her Tribe have received the required notice of hearings and have participated in them; Petitioner has been represented by court-appointed counsel throughout all of the proceedings; and family rehabilitation services have been offered. The Superior Court's policy against accepting pro se filings from represented parties does not constitute a state law precluding Petitioner's right to counsel. Particularly because ICWA authorizes this Court to invalidate the initial custody determination on the basis of ineffective assistance of counsel, Petitioner has not

9
Case No.: 10-CV-02507-LHK
ORDER DENYING MOTION TO DIMISS IN PART AND REMANDING IN PART

met her burden to show the type of codified denial of rights required for this Court to exercise jurisdiction over the entire underlying state proceedings under § 1443.

Petitioner also requests that the Court consider her request for removal under 28 U.S.C. § 1441. *See* Dkt. No. 18. This statute provides for removal from state court for any claim over which the federal courts have "original jurisdiction." The only claim over which this court has original jurisdiction is Petitioner's ICWA invalidation claim under 25 U.S.C. § 1914, which was already asserted by Petitioner in her Petition to Invalidate; there is no original federal jurisdiction over the Superior Court status review process, which is governed by state law. Therefore, 28 U.S.C. § 1441 does not provide a basis for removal of the Superior Court status review process.

Therefore, the underlying case is remanded to the Superior Court for continuing status reviews during pendency of this matter.

### c. County Respondents' Motion to Dismiss Based on Failure to State a Claim

Under California law, "[w]here the ineffective assistance concept is applied in dependency proceedings the appellant must meet the standards set forth in . . . *Strickland v. Washington*, 466 U.S. 668 (1984). First, there must be a showing that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms. Second, there must be a showing of prejudice, that is, reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *In re Emilye A.*, 9 Cal. App. 4th 1695, 1711 (1992) (internal citations and quotations omitted). County Respondents cite cases denying habeas petitions alleging ineffective assistance of counsel based on the California statutory right to counsel in dependency hearings, but cite no case involving ICWA claims dismissed at the pleading phase. The only such case of which the Court is aware, *Doe v. Mann*, 285 F. Supp. 2d 1229 (N.D. Cal. 2003), did not apply the *Strickland* standard to ICWA ineffective assistance claims.

Even accepting that the *Strickland* standard should be applied to the facts alleged by Petitioner, the Court finds that Petitioner has adequately stated a claim for ineffective assistance.

10

Case No.: 10-CV-02507-LHK
ORDER DENYING MOTION TO DIMISS IN PART AND REMANDING IN PART

Petitioner claims that attorney Crowell failed to investigate any of the facts underlying the petition to remove J.H. from Petitioner's custody, despite the fact that Petitioner told Ms. Crowell that she denied that J.H. had been abused. Petitioner further claims that Ms. Crowell coerced and pressured her to sign a waiver which pled no contest to the allegations in the petition, ████████████████████████████████████████████████████████████ and through which Petitioner gave up all rights to a hearing on the petition. Petitioner further claims that counsel did not explain the legal effect of signing this waiver, and instead indicated that it was needed in order to get help and treatment for J.H. While the Court takes no position on whether these allegations are in fact true, when taken as true as required at the pleading stage, they are sufficient to state a claim that the attorney's representation fell below an objective standard of reasonableness.

      Petitioner further alleges that she was prejudiced by her uninformed signing of the waiver, because the Superior Court found the allegations in the petition to be true without holding a hearing on the matter. While it is difficult, at the pleading stage, to estimate the likelihood that a hearing on the merits would have affected the outcome of the dependency proceeding, the Court finds Petitioner's allegations are sufficient to state a claim that a reasonable probability of a different outcome resulted from the alleged ineffective assistance of counsel, even under the *Strickland* standard. *See In re Darlice C.*, 105 Cal. App. 4th 459, 462 (Cal. App. 3d Dist. 2003) (finding that parent stated a claim for ineffective assistance of counsel by alleging that attorney failed to raise a California Code section providing that "juvenile court *may* find termination of parental rights would be detrimental to the minor where there would be substantial interference with a child's sibling relationship . . . .") (internal citations and quotation marks omitted, emphasis added); *accord Doe v. Mann*, 285 F. Supp. 2d 1229, 1240 (N.D. Cal. 2003) (finding allegations that counsel "never met with [client] after the initial appointment, did not discuss the substantive issues of the case with her and did not consult her about her wishes for Jane . . . are sufficient to state a claim for violation of section 1912(b).") *aff'd* 415 F.3d 1038 (9th Cir. 2005). Therefore, the Court finds that Petitioner has adequately alleged a claim for ineffective assistance of counsel.

11
Case No.: 10-CV-02507-LHK
ORDER DENYING MOTION TO DIMISS IN PART AND REMANDING IN PART

**d. Motion to Dismiss Regarding Various Respondents**

The various respondents urge the Court to dismiss different individuals on the basis of absolute immunity and because the claims, as alleged, do not implicate these individuals.

The County Respondents argue that Tracey Fernandez, Yolanda Baldovinos, and Shirley Lee-Andrade should be dismissed from the case because, as social workers, they must exercise a semi-prosecutorial judgment as to when to investigate potential child abuse, and personal liability for such actions would impair social workers' ability to perform their jobs. Petitioner responds that because she alleges that the County Respondents withheld exculpatory evidence during the investigation of J.H.'s custody, they are proper respondents here. As Petitioner argues, and County Respondents admit, the Ninth Circuit has held that social workers are *not* entitled to immunity when investigating a potential child dependency action. *Beltran v. Santa Clara County*, 514 F.3d 906, 908 (9th Cir. 2008). However, the County Respondents argue that Petitioner fails to state a claim against Fernandez, Baldovinos, and Lee-Andrade because none of these individuals was involved in investigating or filing the custody petition, or in the initial hearings to determine custody of J.H.

The Petition does not contain any claims relating these individuals to the initial custody petition or hearing, and at the hearing on the instant motion, counsel for Petitioner admitted that there is no allegation that they were involved in investigating or filing the petition for custody of J.H. Since the only claim being retained by the Court is Petitioner's ICWA invalidation claim, Petitioner has failed to state a claim against these three individuals. As to the claims that have been made, any amendment as to the social workers Fernandez and Lee-Andrade would be futile. Accordingly, Respondents Fernandez and Lee-Andrade are hereby DISMISSED from the case with prejudice. Respondent Baldovinos, currently the Director of the Alameda County Social Services Agency, is dismissed with leave to amend to allege facts sufficient to state a claim against the Agency.

Likewise, State Respondents argue that they should be dismissed from this case on the basis of immunity under the Eleventh Amendment, and absolute immunity for performing judicial

12

Case No.: 10-CV-02507-LHK
ORDER DENYING MOTION TO DIMISS IN PART AND REMANDING IN PART

functions. Furthermore, State Respondents urge that Petitioner has failed to allege any specific act or omission by the State Respondents at all, such that there is no link between Petitioner's allegations and the State Respondents, and Petitioner fails to state a claim against them. Petitioner responds that "[t]hrough their development of the juvenile dependency program, the State Court Respondents are complicit in the ineffective assistance of counsel that has impacted Petitioners." Dkt. No. 43 at 20. Petitioner does not deny that the allegations in her petition contain no mention of the State Respondents or of any link between them and the relevant facts in this case. As such, Petitioner fails to state a claim against State Respondents. Accordingly, the State Respondents are hereby DISMISSED with prejudice.

Finally, counsel for Respondent Darrell Evora appeared at the hearing and argued that he should also be dismissed, as he is not a party to the underlying dependency hearing, and has no direct interest in the case. Furthermore, none of the allegations in the Petition relate to him. Petitioner has failed to state a claim regarding Mr. Evora, and based on the claims that have been made, any amendment as to him would be futile. Therefore, Mr. Evora is hereby DISMISSED with prejudice.

### e. Appointment of Counsel

At the hearing on the County Respondents' Motion to Dismiss, Petitioner renewed her request that the Court appoint counsel for her. Petitioner argues that because ICWA provides for a right to appointed counsel in "any removal, placement, or termination proceeding," this entitles her to appointment of counsel in this Court. 25 U.S.C. § 1912(b). ICWA does entitle Petitioner to appointed counsel in the ongoing status review hearings in the Superior Court. Because those proceedings are being remanded to the Superior Court, however, Petitioner has not identified a basis for this Court to appoint counsel regarding the § 1914 invalidation petition. As Judge Breyer previously held, this right relates to "an ongoing child custody proceeding" and "does not grant a parent the right to counsel in an action seeking review by a federal court of a previous state court custody determination. . . ." Dkt. No. 28 (Order of July 13, 2010) at 2. Unfortunately, the ICWA right to counsel does not extend to this action, and therefore this request is DENIED.

13
Case No.: 10-CV-02507-LHK
ORDER DENYING MOTION TO DIMISS IN PART AND REMANDING IN PART

**III.    CONCLUSION.**

For the reasons stated above, the County Respondents' Motion to Dismiss Petitioner's ICWA § 1914 claim is DENIED.  The County Respondents' Motion to Remand the ongoing status review matter regarding J.H. to the Superior Court is GRANTED.  Baldovinos is hereby DISMISSED from the case, with leave to amend to allege facts sufficient to state a claim against the Agency.  The State Respondents and Respondents Fernandez, Lee-Andrade, and Evora are hereby DISMISSED with prejudice.  Petitioner's request for appointment of counsel is DENIED.

**IT IS SO ORDERED.**

Dated: September 21, 2010

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

14
Case No.: 10-CV-02507-LHK
ORDER DENYING MOTION TO DIMISS IN PART AND REMANDING IN PART