UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BELINDA K. and J.H., her minor son, ) <br> ) <br> Petitioners, ) <br> v. ) <br> ) <br> YOLANDA BALDOVINOS, et al., ) <br> ) <br> Respondents. ) <br> ) <br> ) <br> ) | Case No.: 10-CV-02507-LHK <br><br> ORDER DENYING MOTIONS TO SEAL AND ORDERING RE-SUBMISSION <br><br> (re: dkt #: 193, 200, 203, 204, 207) |

This case involves highly sensitive and confidential information about a minor. Accordingly, the Court has previously ordered the parties to follow the procedure in the local rules for filing documents under seal. *See* ECF No. 72. Before the Court are the following unopposed administrative motions to file certain documents under seal:

(1) Respondents' Motion for Administrative Relief to File Certain Documents Under Seal, filed September 28, 2011, ECF No. 193 ("First Motion");

(2) Petitioner's Motion to File Portions of Petitioner's Motion for Summary Judgment Under Seal, filed September 30, 2011, ECF No. 200 ("Second Motion");

(3) Respondents' Motion for Administrative Relief to File Redacted Versions of Certain Documents Under Seal, filed October 12, 2011, ECF No. 203 ("Third Motion");

1

(4) Petitioner's Administrative Motion to Seal Portions of Petitioner's Opposition to Respondents' Motion for Summary Judgment, filed October 12, 2011, ECF No. 204 ("Fourth Motion"); and

(5) Petitioner's Administrative Motion to Seal Portions of Petitioner's Reply Brief in Support of Summary Judgment, filed October 18, 2011, ECF No. 207 ("Fifth Motion").

The Court appreciates the parties' efforts to maintain the confidentiality of sensitive matters concerning the minor, but notes various deficiencies in the parties' proposed redactions. For example, in the Third Motion, Respondents seek to file under seal portions of the Declaration of Mary Ellyn Gormley in Support of Respondents' Opposition to Petitioner's Motion for Summary Judgment, including a transcript of the CALICO interview of the minor. *See* ECF No. 203. However, in the proposed redacted version lodged with the Court, Respondents fail throughout the transcript to redact the minor's name. Similar problems pervade the proposed redacted versions of documents submitted in connection with Respondents' Memorandum of Points and Authorities in Support of Summary Judgment or in the Alternative Partial Summary Judgment, lodged with the Court accompanying the First Motion.[1] *See, e.g.*, Fuchs Decl. Exs. B, C (using minor's first name throughout). The minor's name, both first and last, must be redacted from all documents publicly filed in this case.

On the other hand, the Court finds many of Petitioner's proposed redactions overbroad. For example, in the Second Motion, Petitioner seeks to file excerpts from the deposition of Petitioner entirely under seal. Having reviewed the exhibits Petitioner seeks to seal, the Court does not find

---

[1] The Court notes that although Respondents lodged with the Court a proposed redacted version of Respondents' Memorandum of Points and Authorities in Support of Summary Judgment or in the Alternative Partial Summary Judgment, as well as proposed redacted versions of accompanying declarations and exhibits attached thereto, such redacted documents do not correspond with any administrative motion filed with the Court. In a footnote in the First Motion, Respondents allude to having concurrently filed another administrative motion seeking leave to redact certain documents; however, the Court never received said administrative motion. Furthermore, Respondents failed to lodge with the Court unredacted versions of these documents highlighting or otherwise clearly identifying the portions of the text to be redacted, as they are required to do by Civil Local Rule 79-5(c).

1    good cause to seal the entire deposition transcript, as opposed to portions thereof in which the
2    deponent discusses highly sensitive and confidential matters.  Similarly, Petitioner's proposed
3    redactions of its Memorandum of Points and Authorities in Support of Petitioner's Motion for
4    Summary Judgment, Petitioner's Opposition to Respondents' Motion for Summary Judgment, and
5    Petitioner's Reply Brief in Support of Summary Judgment are overbroad and seek to redact all
6    references to the mere fact of the dependency proceedings.  Pursuant to Civil Local Rule 79-5,
7    requests to seal "must be narrowly tailored to seek sealing only of sealable material."  While the
8    minor's identity and all confidential information that would reasonably lead to the minor's identity
9    must be redacted from public filings in this case, the mere fact that certain proceedings took place
10   in juvenile court is not necessarily a proper subject for sealing.  Although the Court appreciates the
11   confidential nature of juvenile dependency proceedings and the need to protect confidential
12   information concerning a minor, the Court must also uphold the federal common law right "to
13   inspect and copy public records and documents," *Nixon v. Warner Comm'ns*, 435 U.S. 589, 597
14   (1978), a right that clearly "extends to pretrial documents filed in civil cases, including materials
15   submitted in connection with motions for summary judgment," *Foltz v. State Farm Mut. Auto. Ins.*
16   *Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003) (citations omitted).  Accordingly, in determining whether
17   to seal documents, the Court must "'conscientiously balance the competing interests' of the public
18   and the party who seeks to keep certain judicial records secret."  *Kamakana v. City and Cnty. of*
19   *Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135) (alterations
20   omitted).

21           Furthermore, both Petitioner and Respondents largely rely on the same documents as
22   exhibits in support of their respective summary judgment motions, but the Court notes numerous
23   discrepancies between the parties' proposed redactions for many identical documents.  Inconsistent
24   redactions will make use of these exhibits confusing as the case moves forward.

25           Therefore, to avoid inconsistency, and to cure the aforementioned deficiencies, the Court
26   hereby ORDERS the parties to meet and confer regarding any documents that either or both parties
27   seek to file under seal or partially under seal, including briefs and declarations.  The parties shall
28   then submit to the Court a single joint administrative motion to file certain documents under seal.

1   The sealing motion shall be accompanied by a declaration identifying each such document by name
2   and identifying the declaration and exhibit number at which the document appears in each party's
3   respective proposed filings.  The parties shall submit as an attachment to the declaration one
4   unredacted copy of each document to be filed under seal or partially under seal.  Any stipulated
5   proposed redactions shall be highlighted in yellow.  If the parties cannot agree on a given
6   redaction, Petitioner's proposed redaction shall be highlighted in light blue.  Respondents'
7   proposed redaction shall be highlighted in red.  The parties need not submit a redacted version of
8   the exhibits until further notice.

9        For the reasons discussed above, the Court DENIES without prejudice the parties'
10   respective motions to seal.  The parties shall submit their joint administrative motion to file certain
11   documents under seal no later than 14 days from the date of this Order.

12   **IT IS SO ORDERED.**

14   Dated: January 6, 2012

_Lucy H. Koh_
LUCY H. KOH
United States District Judge