UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BELINDA K. and J.H., her minor son, <br><br>　　　　　Petitioners, <br>　v. <br>YOLANDA BALDOVINOS, et al., <br><br>　　　　　Respondents. | Case No.: 10-CV-02507-LHK <br><br>ORDER DENYING MOTION FOR RELIEF FROM ORDER OR JUDGMENT UNDER FRCP 59(e) AND DENYING MOTION TO ALTER OR AMEND ORDER OR JUDGMENT UNDER FRCP 60(b) <br><br>(re: dkt #: 238, 240, 241, 242, 253, 255, 256, 258) |

Petitioner Belinda K. ("Petitioner"), proceeding pro se, moves pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) for reconsideration of this Court's Order Denying Petitioner's Motion for Summary Judgment and Granting Respondents' Cross-Motion for Summary Judgment. *See* ECF No. 241 ("Motion for Reconsideration"). The Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing set for August 9, 2012. *See* Civ. L. R. 7-1(b). Having considered the parties' submissions and the Court's prior ruling, the Court DENIES Petitioner's motion for reconsideration.

**I.　BACKGROUND**

This case concerns state court dependency proceedings concerning Petitioner's son, J.H., an Indian child as defined by the federal Indian Child Welfare Act, 25 U.S.C. §§ 1901 *et seq.* ("ICWA"). With the assistance of appointed pro bono counsel, Petitioner brought this petition pursuant to 25 U.S.C. § 1914, alleging various violations of ICWA in her son's dependency

1

Case No.: 10-CV-02507-LHK
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

proceedings and seeking invalidation of several state court orders. *See* ECF No. 73 (Order Appointing Pro Bono Counsel); ECF 170 ("First Am. Petition"). On February 13, 2012, the Court issued an Order Denying Petitioner's Motion for Summary Judgment and Granting Respondents' Motion for Summary Judgment ("Summary Judgment Order"), disposing of the entire action in full.[1] *See* ECF No. 232. The facts of this case can be found in the Court's February 13, 2012 Summary Judgment Order, *see* ECF No. 232 & 233, and will not be recounted here.

Pursuant to the Court's February 13, 2012 Order, Judgment was entered in favor of Respondents and against Petitioner on February 21, 2012, and the case was terminated. That same day, Petitioner, proceeding pro se, filed a Notice of Appeal to the Ninth Circuit of the Summary Judgment Order and All Related Interlocutory Orders. ECF No. 236. On February 27, 2012, Petitioner, proceeding pro se, timely filed a motion for relief from judgment under Rules 59(e) and 60(b), prompting the Ninth Circuit to issue an order holding the appellate proceedings in abeyance pending this Court's resolution of the motion for reconsideration. *See* ECF No. 241 (Motion for Reconsideration); ECF No. 269 (Ninth Cir. Order).

## II. MOTIONS TO FILE UNDER SEAL

In connection with her motion for reconsideration, Petitioner has filed two requests for judicial notice, as well as several administrative motions to file documents under seal. Specifically, Petitioner seeks to file under seal: (1) her motion for reconsideration, *see* ECF No. 240 (sealing motion); ECF No. 241 (motion for reconsideration filed under seal in its entirety); (2) a request for judicial notice in support of her motion for reconsideration, *see* ECF No. 255 (sealing motion); ECF No. 259 (Request for Judicial Notice ("RJN")); and (3) a second request for judicial notice in support of her motion for reconsideration, *see* ECF No. 253 (sealing motion); ECF No. 257 (Second Request for Judicial Notice ("2d RJN")).[2]

---

[1] The Court mailed an unredacted copy of the Summary Judgment Order to Petitioner's pro bono counsel. *See* ECF No. 233-1 (Certificate of Service). It appears that Petitioner was unable to obtain a copy of the unredacted order from her former counsel, and Petitioner has thus filed a Motion for an Unredacted Copy of the Order (ECF No. 238), which the Court GRANTS.

[2] Petitioner filed duplicates of several documents. The Court therefore STRIKES the following redundant materials: (1) ECF No. 256, which is a duplicate of ECF No. 255; and (2) ECF No. 258, which is a duplicate of ECF No. 253.

2
Case No.: 10-CV-02507-LHK
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

Petitioner's proposed redactions of her Request for Judicial Notice and her Second Request for Judicial Notice conform to the Court's prior rulings in this case concerning redactions, *see* ECF No. 222, and are narrowly tailored to seal only the minor's identity and confidential information that would reasonably lead to the minor's identity. Accordingly, Petitioner's motions to file these documents under seal (ECF Nos. 255 and 253) are GRANTED. Petitioner shall publicly re-file ECF Nos. 259 and 257 in their redacted form.

However, Petitioner's request to file her motion for reconsideration under seal in its entirety is overbroad and is not narrowly tailored to seal only the minor's identity and confidential information that would reasonably lead to the minor's identity. Accordingly, Petitioner's motion to file her motion for reconsideration under seal (ECF No. 240) is DENIED without prejudice. Petitioner shall submit a new, narrowly tailored motion to file portions of her motion for reconsideration under seal within 14 days of the date of this Order. Petitioner must comply with the requirements set forth in Civil Local Rule 79-5.

### III. MOTION FOR RECONSIDERATION

A motion for reconsideration of summary judgment may appropriately be brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 59(e), 60(b); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989), *cert. denied*, 493 U.S. 868 (1989)). The district court generally applies the same analysis under both rules, and its decision is reviewed for abuse of discretion. *See Fidelity Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004) (discussing Rule 60(b)); *Fuller*, 950 F.2d at 1441 (discussing Rule 59(e)).

Under Rule 59(e), "reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted); *see Snider v. Greater Nev. LLC*, 426 F. App'x 493, 495 (9th Cir. 2011). Under Rule 60(b), reconsideration is permitted upon a showing of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new

3

Case No.: 10-CV-02507-LHK
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

1  trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),
2  misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment
3  has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed
4  or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies
5  relief." Fed. R. Civ. P. 60(b). Relief under the sixth category "requires a finding of 'extraordinary
6  circumstances.'" *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (quoting *McConnell*
7  *v. MEBA Med. & Benefits Plan*, 759 F.2d 1401, 1407 (9th Cir. 1985)).

Here, Petitioner has filed a lengthy motion challenging the Court's Summary Judgment Order.[3] Petitioner seeks reconsideration and relief from judgment on the following grounds: (1) the Court's Summary Judgment Order relied on inadmissible hearsay and was not supported by sufficient evidence; (2) Respondents misrepresented the law and the facts, causing manifest injustice; (3) California's Welfare and Institutions Code ("WIC") §§ 281 and 355 violate the Sixth Amendment's Confrontation Clause; and (4) Petitioner's pro bono counsel provided ineffective assistance of counsel.

None of Petitioner's grounds for reconsideration meet the standard for relief under Rules 59(e) and 60(b). First, Petitioner's objections to and motion to strike the declarations of Geri Isaacson and Linda Fuchs and the deposition of Cheryl Smith (ECF No. 242), which were offered by Respondents in opposition to Petitioner's original summary judgment motion, are untimely, and the motion to strike is therefore DENIED. Petitioner could have raised these evidentiary objections earlier but did not do so. *See* Civ. L. R. 7-3 (providing that evidentiary and procedural objections to any motion must be raised in the opposition or the reply, as appropriate).

Petitioner next asserts that Respondents misrepresented the law and the facts, and that the Court's summary judgment ruling is not supported by sufficient evidence. Petitioner's arguments are either duplicative of arguments already previously made and carefully considered by the Court in its summary judgment ruling, or are based on facts and argument that could have been, but were not, raised during the summary judgment proceedings. With the exception of Exhibit G to

---

[3] Petitioner's Motion is over 50 pages, more than twice the length permitted under Civil Local Rule 7-2(b). Petitioner is reminded that she must comply with all Federal and Local Civil Rules.

Petitioner's Second RJN, all of the exhibits that Petitioner submits in support of her motion for reconsideration were previously available and therefore are not proper grounds for reconsideration. Exhibit G to the Second RJN consists of four minute orders from Juvenile Court between November 2011 and February 2012, which were not previously available, but these exhibits do not alter the Court's analysis of the Juvenile Court's January 2, 2007 Jurisdictional Order, April 5, 2007 Disposition Order, or January 14, 2008 Order Terminating Family Reunification Services. Accordingly, the Court declines to take judicial notice of these documents. "[A] party that fails to introduce facts in a motion or opposition cannot introduce them later in a motion to amend [under Rule 59(e)] by claiming that they constitute 'newly discovered evidence' unless they were previously unavailable." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (citations omitted).

Third, Petitioner raises a new claim that WIC §§ 281 and 355 violate her Sixth Amendment right to confront witnesses against her. As an initial matter, the Court notes that "[t]he protections provided by the Sixth Amendment are explicitly confined to 'criminal prosecutions.'" *Austin v. United States*, 509 U.S. 602, 608 (1993). This matter is a civil proceeding, and therefore the Sixth Amendment is inapplicable. More importantly, however, a motion for reconsideration under Rules 59(e) and 60(b) is an improper vehicle for bringing new claims not previously raised. *See Willis v. Mullins*, 809 F. Supp. 2d 1227, 1233 (E.D. Cal. 2011) ("As a general matter, a motion to reconsider is not a vehicle for parties to make new arguments that could have been raised in their original briefs.") (citing *Zimmerman*, 255 F.3d at, 740). "A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to amend." *Zimmerman*, 255 F.3d at 740 (citing *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995)); *see also Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986) ("[Rule 59 and Rule 60] motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover they cannot be used to argue a case under a new legal theory.") (citations omitted). The Court therefore declines to consider Petitioner's new constitutional claim based on the Sixth Amendment's Confrontation Clause.

Finally, Petitioner's fourth and final ground for reconsideration is without merit. Petitioner was well represented in this matter by Court-appointed pro bono counsel who vigorously litigated this case and zealously advocated on Petitioner's behalf for her requested relief. Petitioner has not identified any deficiencies in her counsel's performance that render the Court's disposition manifestly unjust.

## IV.   CONCLUSION

For the foregoing reasons, Petitioner's motion for reconsideration and motion to alter or amend judgment pursuant to Rules 59(e) and 60(b) is DENIED.

**IT IS SO ORDERED.**

Dated: August 7, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge